# EXHIBIT A

DAVID CHIU, State Bar #189542
City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief Deputy City Attorney
WADE CHOW, State Bar #168527
Chief Attorney
Code Enforcement Team
SABRINA M. BERDUX, State Bar #248927
Deputy City Attorney
Fox Plaza
1390 Market Street, Seventh Floor
San Francisco, California 94102-5406
Telephone:      (415) 554-3929
Facsimile:       (415) 437-4644
E-Mail:          sabrina.m.berdux@sfcityatty.org

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO and
PEOPLE OF THE STATE OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J. GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5,<br><br>    Defendants. | Case No. 25-CV-04942-SK<br><br>**PLAINTIFF CITY AND COUNTY OF SAN FRANCISCO'S RESPONSES TO DEFENDANT ANDREW GOVAN-SMITH'S DOCUMENT DEMAND, SET ONE**<br><br>Date Action Filed:      March 27, 2025<br>Trial Date:                June 29, 2027<br><br>*[Exempt From Filing Fees<br>Government Code §6103]* |

PROPOUNDING PARTY:    Plaintiff CITY AND COUNTY OF SAN FRANCISCO

RESPONDING PARTY:     ANDREW GOVAN-SMITH

SET NUMBER:            ONE

1

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff CITY AND COUNTY

2    OF SAN FRANCISCO ("Plaintiff") responds and object as follows to defendant ANDREW

3    GOVAN-SMITH'S ("Defendant") Document Demand (Set One):

4                                  **GENERAL OBJECTIONS**

5    Plaintiff has based these responses on the assumption that Defendant in propounding document

6    demands did not intend to seek documents or information protected against discovery by the attorney-

7    client privilege, the work product doctrine or which contain or reflect the impressions, conclusions,

8    opinions, legal research or theories of attorneys for the Plaintiff. Defendant has titled the caption of the

9    subject requests to the City Attorney's Office, but the Office is not a party to this matter and the party

10   identified as the "Responding Party" is properly limited to the City and County of San Francisco. To

11   the extent that Defendant's requests are intended to elicit such documents or information, the Plaintiff

12   objects thereto and assert the protection provided in the foregoing rules to the fullest extent permitted

13   by law.

14   The documents to be provided in responses to these requests, while based on diligent

15   exploration by the Plaintiff, reflects only the current state of the Plaintiff's knowledge and belief as to

16   the existence of the documents sought. Plaintiff anticipates that as this action proceeds it may discover

17   additional documents and, without obligating itself to do so, Plaintiff reserves the right to supplement

18   its responses at that time. Furthermore, the documents to be provided in response to these requests

19   will be provided without prejudice to Plaintiff's right to rely on or use at arbitration or trial

20   subsequently discovered documents omitted from these responses as a result of mistake, error,

21   oversight or inadvertence. Plaintiff further reserves the right to produce additional documents at trial

22   and to object on appropriate grounds to the introduction of all or any part of these documents.

23   Plaintiff objects to the document requests to the extent they seek confidential or proprietary

24   information. In addition, Plaintiff objects to the document requests to the extent that they seek

25   information which is confidential pursuant to statutes. Plaintiff further objects to the general

26   instructions, definitions, and requests for document production to the extent that they are vague, over

27   broad, and burdensome.

28

2

Without waiving these objections, Plaintiff responds to the Document Demand, Set One, as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All DOCUMENTS relating to the authorization, legal justification, or approval for "The Searches" of the Subject Properties, including but not limited to warrant applications (whether granted or denied), inspection warrants, administrative search authorizations, supervisory approvals, and any risk assessments or operational plans created prior to entry.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous, compound, and not proportional to the needs of the case. The terms "legal justification," "approvals," "authorizations," "risk assessments" and "operational plans" are overbroad, vague and ambiguous. The term "The Searches" is overbroad, vague and ambiguous because it does not identify the specific searches requested, either by date or other time period. Defendants further object that this request seeks disclosure of information or documents that are deemed: (1) confidential and privileged communications between attorney and client; (2) work product of San Francisco, its consultants or attorneys. Additionally, as phrased Defendant further objects that this request seeks information protected by the deliberative process privilege, the self-critical analysis privilege, and the official information privilege. Federal law recognizes a qualified privilege for "documents that reflect advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and polices are formulated." *Moni Law v. City of Berkeley*, No. 15-CV-05343-JSC, 2016 WL 7212296, at *1 (N.D. Cal. Dec. 13, 2016) (quoting *Hongsermeier v. Commissioner of Internal Revenue*, 621 F.3d 890, 904 (9th Cir. 2010)).

Subject to and without waiving the foregoing, CCSF responds: CCSF responds regarding the searches that are the subject of Plaintiff's Complaint. There are no documents regarding warrant

1  applications. CCSF has interpreted the terms "approvals," "authorizations," "risk assessments" and

2  "operational plans" and refers Defendant to publicly and equally available municipal codes.

3  **REQUEST NO. 2:**

4      All official reports, incident reports, supplemental reports, code enforcement inspection

5  reports, fire inspection reports, and police reports relating to the Subject Properties or The Searches,

6  including all drafts and final versions.

7      **RESPONSE TO REQUEST NO. 2:**

8      Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

9  compound, and not proportional to the needs of the case.  The terms "official reports," "incident

10  reports," "supplemental reports," "code enforcement inspection reports," are overbroad, vague and

11  ambiguous especially since the number of terms appear to request the same documents, but the

12  duplication thereof is vague. The term "The Searches" is overbroad, vague and ambiguous because it

13  does not identify the specific searches requested, either by date or other time period. Additionally, the

14  request is not limited in time or scope. Defendants further object that this request seeks disclosure of

15  information or documents that are deemed: (1) confidential and privileged communications between

16  attorney and client; (2) work product of San Francisco, its consultants or attorneys.

17      Subject to and without waiving the foregoing, CCSF responds: CCSF has interpreted the

18  request and in a good faith effort to comply, will produce the reports generated by the Department of

19  Building and Inspection (DBI), the San Francisco Fire Department (SFFD), and the Office of

20  Cannabis (OOC) for the "searches" as raised in Plaintiff's Complaint. CCSF notes that the reports

21  include the Notices of Violation (NOV's) and Orders of Abatement (OOA) that followed inspections.

22  All NOV's and OOA's have been attached to the Complaint.

23  **REQUEST NO. 3:**

24      All field notes, observation logs, pocket notebook entries, and contemporaneous records

25  created by any officer, inspector, or agent during or immediately after The Searches, including

26  handwritten notes, digital entries, and transcriptions of verbal dictation.

27      **RESPONSE TO REQUEST NO. 3:**

28

4

1  Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

2  compound, and not proportional to the needs of the case. The term "The Searches" is overbroad,

3  vague and ambiguous because it does not identify the specific searches requested, either by date or

4  other time period.

5  Subject to and without waiving the foregoing, CCSF responds: CCSF will produce the reports

6  generated by the Department of Building and Inspection (DBI), the San Francisco Fire Department

7  (SFFD), and the Office of Cannabis (OOC). CCSF points out that the requested categories of

8  documents include the Notices of Violation (NOV's) and Orders of Abatement (OOA) that followed

9  inspections or searches, for such searches as identified in Plaintiff's Complaint. All NOV's and

10  OOA's have been attached to the Complaint. CCSF will produce the electronic Building Report

11  prepared by the SFFD, photographs of notices that contained handwriting and were left on the

12  properties, and inspection summary by OOC.

13  **REQUEST NO. 4:**

14  All DOCUMENTS relating to any investigation of the Subject Properties conducted prior to

15  The Searches, including surveillance logs, anonymous tips, informant information, database queries,

16  utility usage analysis, and any inter-agency intelligence sharing regarding suspected cannabis activity.

17  **RESPONSE TO REQUEST NO. 4:**

18  Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

19  compound, and not proportional to the needs of the case. The terms "investigation," "surveillance,"

20  "tips," "informant," "database queries," "intelligence sharing" are all vague and ambiguous terms. The

21  term "The Searches" is overbroad, vague and ambiguous because it does not identify the specific

22  searches requested, either by date or other time period. Further, these terms would reach work product,

23  attorney client privileged information, and information protected by Rule 26(b)(4) created during the

24  pendency of this matter.

25  Subject to and without waiving the foregoing objections, CCSF responds: CCSF has

26  interpreted the requests in good faith and does not have any "surveillance" records. CCSF will produce

27  an email correspondence summarizing the anonymous report of illegal cannabis operations. CCSF will

28

5

1    produce documents regarding the communications with Defendant pertaining to the properties, for

2    such searches and enforcement as raised in Plaintiff's Complaint.

3    **REQUEST NO. 5:**

4         All DOCUMENTS evidencing that NO cannabis, cannabis plants, or cannabis cultivation

5    equipment was found at the Subject Properties, including field notes, inventory logs, and after action

6    reports acknowledging the negative results of the search.

7         **RESPONSE TO REQUEST NO. 5:**

8         Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

9    compound because it does not reference a time. The term "the searches" is overbroad, vague and

10   ambiguous because it does not identify the specific searches requested, either by date or other time

11   period. Subject to and without waiving the foregoing, CCSF responds: CCSF has interpreted this

12   request in good faith, responds regarding "the search" that are identified in Plaintiff's Complaint, and

13   confirms it has no documents evidencing that "NO" cannabis or cannabis related materials were found

14   during searches of the properties. CCSF will produce photographs and correspondences regarding the

15   abatement of the cannabis operations that were provided by Defendant.

16   **REQUEST NO. 6:**

17        All audio and visual recordings relating to The Searches or the Subject Properties, including

18   but not limited to: Body-Worn Camera (BWC) footage, dashboard camera footage, surveillance

19   footage, digital photographs, and audio recordings of radio traffic or dispatch communications.

20        **RESPONSE TO REQUEST NO. 6:**

21        Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

22   compound, and not proportional to the needs of the case. The term "The Searches" is overbroad, vague

23   and ambiguous because it does not identify the specific searches requested, either by date or other time

24   period. Subject to and without waiving the foregoing objections, CCSF responds: CCSF will produce

25   all photographs and video footage of the subject searches, for the "searches" identified in Plaintiff's

26   Complaint.

27

28

6

CCSF'S RESP TO RFPD, SET ONE
Case No. 25-CV-04942-SK

///

**REQUEST NO. 7:**

All Computer-Aided Dispatch (CAD) logs, dispatch records, radio logs, and unit assignment records relating to the Subject Properties for the Relevant Time Period, including all officer initiated activity and dispatcher comments.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous, compound, and not proportional to the needs of the case. The terms "dispatch records," "unit assignment records," and "officer initiated activity" are overbroad, vague and ambiguous. Additionally, the "Relevant Time Period" is overbroad and not proportional to the needs of the case; seeking documents that precede the events in the Complaint by more than three years. Further, the request is not limited in scope, seemingly seeking unrelated matters such as parking violations, graffiti, or otherwise. This request also seeks the private, confidential information of third parties.

Subject to and without waiving the foregoing, CCSF responds: Plaintiff will provide CAD reports related to any cannabis related matters or municipal code violations from January 2020 to the present.

**REQUEST NO. 8:**

All metadata associated with the electronic documents, photographs, and video footage produced in response to these requests, including creation dates, modification dates, and GPS/location data.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous, compound, and not proportional to the needs of the case. Subject to and without waiving the foregoing, CCSF responds: Plaintiff will provide records and documents as they are kept in the normal course of business.

**REQUEST NO. 9:**

7

1    All internal COMMUNICATIONS between or among Defendants (including employees of

2    SFFD, SFDBI, OOC, and SFPD) relating to the Subject Properties, The Searches, or the

3    Defendants/Counter Claimants, including emails, text messages, Slack/Teams messages, and meeting

4    minutes.

5    **RESPONSE TO REQUEST NO. 9:**

6    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

7    compound, and not proportional to the needs of the case. The time period is overbroad and not

8    proportional because it exceeds the relevant time period in Plaintiff's Complaint by more than three

9    years. There are no individual custodians identified with which to conduct a search for

10   communications and there are no search terms provided. Further, these terms would reach work

11   product, attorney client privileged information, and information protected by Rule 26(b)(4) created

12   during the pendency of this matter.   Defendant objects to this request because it seeks information

13   regarding an overbroad topic without consideration for their proportional value to the case.  Federal

14   law recognizes a qualified privilege for "documents that reflect advisory opinions, recommendations,

15   and deliberations comprising part of a process by which governmental decisions and polices are

16   formulated." *Moni Law v. City of Berkeley*, No. 15-CV-05343-JSC, 2016 WL 7212296, at *1 (N.D.

17   Cal. Dec. 13, 2016) (quoting *Hongsermeier v. Commissioner of Internal Revenue*, 621 F.3d 890, 904

18   (9th Cir. 2010)).

19   Subject to and without waiving the foregoing, CCSF responds: Plaintiff has made a reasonable

20   search for the requested documents and will produce non-privileged communications regarding the

21   matters raised in Plaintiff's Complaint and Defendant's Cross-Complaint.

22   **REQUEST NO. 10:**

23   All COMMUNICATIONS between Defendants and any third party (including utility

24   companies, neighbors, informants, federal agencies, or other municipalities) relating to the Subject

25   Properties or The Searches.

26   **RESPONSE TO REQUEST NO. 10:**

27

28
                                                8

1     Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

2  compound, and not proportional to the needs of the case. There are no individual custodians identified

3  with which to conduct a search for communications and there are no search terms provided. Further,

4  these terms would reach work product, attorney client privileged information, and information

5  protected by Rule 26(b)(4) created during the pendency of this matter.

6     Subject to and without waiving the foregoing, CCSF responds: Plaintiff has made a reasonable

7  search for the requested documents and will produce non-privileged communications regarding the

8  matters raised in Plaintiff's Complaint and Defendant's Cross-Complaint.

9  **REQUEST NO. 11:**

10     All COMMUNICATIONS between Defendants and the City Attorney's Office regarding the

11  Subject Properties or The Searches that are not protected by attorney-client privilege (e.g., factual

12  inquiries, scheduling), and a privilege log for any communications withheld.

13     **RESPONSE TO REQUEST NO. 11:**

14     Plaintiff objects to the entirety of this request because it specifically seeks privileged attorney

15  client communications and attorney work product. A privilege log is not required and also breaches

16  the attorney-client and work product privileges.

17  **REQUEST NO. 12:**

18     All DOCUMENTS relating to coordination between SFFD, SFDBI, the Office of Cannabis

19  (OOC), and/or the San Francisco Police Department regarding the Subject Properties, including task

20  force agreements, joint operation plans, and communications regarding the use of administrative

21  inspections to investigate suspected criminal cannabis activity.

22     **RESPONSE TO REQUEST NO. 12:**

23     Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

24  compound, and not proportional to the needs of the case. The terms "task force agreements," "joint

25  operation plans," administrative inspections," "suspected criminal cannabis activity" are overbroad,

26  vague and ambiguous. As phrased, this request would reach work product, attorney client privileged

27  information, and information protected by Rule 26(b)(4) created during the pendency of this matter.

28

9

1    Subject to and without waiving the foregoing, CCSF responds: Plaintiff has made a reasonable

2    search for the requested documents and will produce non-privileged documents regarding the matters

3    raised in Plaintiff's Complaint and Defendant's Cross-Complaint.

4    **REQUEST NO. 13:**

5    All documents relating to the "Cannabis Task Force" or any multi-agency group focused on

6    cannabis enforcement, including meeting agendas, minutes, and participant lists where the Subject

7    Properties or general warrantless inspection strategies were discussed.

8    **RESPONSE TO REQUEST NO. 13:**

9    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

10    compound, and not proportional to the needs of the case. The terms "related," "Cannabis Task Force,"

11    "multi-agency group," "cannabis enforcement," "general warrantless inspection" are overbroad vague

12    and ambiguous. This request is not limited in time rendering it burdensome, vague and ambiguous.

13    Further, these terms would reach work product, attorney client privileged information, and information

14    protected by Rule 26(b)(4) created during the pendency of this matter.   Defendant objects to this

15    request because it seeks information regarding an overbroad topic without consideration for their

16    proportional value to the case.  Federal law recognizes a qualified privilege for "documents that reflect

17    advisory opinions, recommendations, and deliberations comprising part of a process by which

18    governmental decisions and polices are formulated." *Moni Law v. City of Berkeley*, No. 15-CV-

19    05343-JSC, 2016 WL 7212296, at *1 (N.D. Cal. Dec. 13, 2016) (quoting *Hongsermeier v.*

20    *Commissioner of Internal Revenue*, 621 F.3d 890, 904 (9th Cir. 2010)).  CCSF cannot ascertain the

21    scope or meaning of this request and invites a meet and confer regarding same.

22    **REQUEST NO. 14:**

23    All policies, procedures, and general orders in effect during the Relevant Time Period for

24    SFFD, SFDBI, and OOC regarding: (a) Fourth Amendment compliance; (b) warrantless administrative

25    searches; (c) obtaining consent to search; and (d) exigent circumstances.

26    **RESPONSE TO REQUEST NO. 14:**

27

28

10

1    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,
2    compound, and not proportional to the needs of the case. This request is compound seeking a
3    multitude of categories of documents regarding a multitude of subjects. The time period is overbroad
4    and not proportional because it exceeds the relevant time period in Plaintiff's Complaint by more than
5    three years. This requests is also not limited in scope as each of the subject matters may encompass
6    scenarios that are beyond the scope of this litigation, for example, entry due to active fires. Plaintiff
7    invites a meet and confer regarding this request so the scope may be ascertained.

8    **REQUEST NO. 15:**

9    All policies and procedures regarding Cannabis Enforcement, including protocols for
10   identifying illegal grow operations, the use of odor as probable cause, and coordination between code
11   enforcement/fire inspectors and law enforcement.

12   **RESPONSE TO REQUEST NO. 15:**

13   Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,
14   compound, and not proportional to the needs of the case. The terms "Cannabis Enforcement"
15   "coordination," and "enforcement/fire" are overbroad, vague and ambiguous." This request is
16   compound seeking a multitude of categories of documents regarding a multitude of subjects. This
17   request is overbroad because it is not limited in time or scope. This requests is also not limited in
18   scope as each of the subject matters may encompass scenarios that are beyond the scope of this
19   litigation, specifically, inspections related to the permitted and legal cannabis operations. Further
20   "probable cause" relates to criminal searches and seizures rather than civil searches and seizures.
21   Plaintiff invites a meet and confer regarding this request so the scope may be ascertained.

22   **REQUEST NO. 16:**

23   All policies and procedures regarding the application for and execution of Inspection Warrants
24   and criminal search warrants, including guidelines on when a warrant is required under Camara v.
25   Municipal Court and Michigan v. Tyler.

26   **RESPONSE TO REQUEST NO. 16:**

27

28

11

1    Plaintiff objects to this request on the grounds that it is not proportional to the case and

2  irrelevant as the cited authorities are not applicable in this matter. Th terms "required" is overbroad

3  and calls for legal interpretation and conclusions. The request is overbroad in scope in seeking

4  documents related to "criminal search warrants," which are not at issue in this litigation.

5

6  **REQUEST NO. 17:**

7    All DOCUMENTS evidencing the City's custom or practice regarding warrantless searches,

8  including internal audits, statistical reports on the frequency of warrantless vs. warranted entries, and

9  any "pattern and practice" analyses.

10    **RESPONSE TO REQUEST NO. 17:**

11    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

12  compound, and not proportional to the needs of the case. The terms "warrantless searches" are not

13  limited in time or scope, i.e. limited to code enforcement inspections as opposed to domestic violence,

14  fire inspections, or others. This request is also not limited in scope by department. The term "pattern

15  and practice analyses" is overbroad, vague and ambiguous. Further, the request is not related to the

16  issues in this matter and are therefore irrelevant. Further, Federal law recognizes a qualified privilege

17  for "documents that reflect advisory opinions, recommendations, and deliberations comprising part of

18  a process by which governmental decisions and polices are formulated." *Moni Law v. City of*

19  *Berkeley*, No. 15-CV-05343-JSC, 2016 WL 7212296, at *1 (N.D. Cal. Dec. 13, 2016) (quoting

20  *Hongsermeier v. Commissioner of Internal Revenue*, 621 F.3d 890, 904 (9th Cir. 2010)).

21  **REQUEST NO. 18:**

22    All training materials, curricula, lesson plans, and slide decks provided to SFFD, SFDBI, and

23  OOC personnel regarding the Fourth Amendment, search and seizure laws, and the constitutional

24  limits of administrative inspections.

25    **RESPONSE TO REQUEST NO. 18:**

26    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

27  compound, and not proportional to the needs of the case. This request seeks a multitude of categories

12

1   and subject matters. The terms "training materials," "cirricula," "lesson plans," and "slide decks" are

2   overbroad, compound, vague and ambiguous.

3

4

5   ///

6   **REQUEST NO. 19:**

7         All training materials provided to Defendants regarding Cannabis Enforcement, including

8   training on identifying cultivation equipment, electrical hazards associated with grows, and the legal

9   distinction between administrative inspections and criminal investigations.

10        **RESPONSE TO REQUEST NO. 19:**

11        Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

12   compound, and not proportional to the needs of the case. There are no "Defendants" identified and the

13   only Defendant in the Cross-Complaint is the City and County of San Francisco.

14   **REQUEST NO. 20:**

15        All training materials regarding the preparation and application for Search Warrants and

16   Inspection Warrants.

17        **RESPONSE TO REQUEST NO. 20:**

18        Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

19   compound, and not proportional to the needs of the case. This request is overbroad because is it neither

20   limited in time nor scope. The request seeks documents related to irrelevant matters including

21   domestic violence matters, fraud, and otherwise limitless scope. Additionally, this request is not

22   directed to any specific City department or employee.

23   **REQUEST NO. 21:**

24        Individual Training Records: For every individual officer, inspector, or agent involved in The

25   Searches, produce their complete training history logs showing dates of attendance for all courses

26   related to the Fourth Amendment, search and seizure, and cannabis enforcement.

27        **RESPONSE TO REQUEST NO. 21:**

28

13

CCSF'S RESP TO RFPD, SET ONE
Case No. 25-CV-04942-SK

1    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

2    compound, and not proportional to the needs of the case. The term "involved" is so overbroad that

3    individuals cannot be identified and is therefore also burdensome. There are no individually named

4    individuals in the Cross-Complaint, accordingly, the request is not reasonably calculated to lead to the

5    discovery of admissible evidence. The scope of the request is overbroad because Fourth Amendment

6    searches and seizures relate encounters entirely outside the scope of the subject matter. Further, the

7    request seeks private, confidential employment records.

8    **REQUEST NO. 22:**

9    All DOCUMENTS identifying the specific officers, inspectors, and agents who were present at

10    the Subject Properties during The Searches, including duty rosters, sign-in sheets, and payroll records.

11    **RESPONSE TO REQUEST NO. 22:**

12    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

13    compound, and not proportional to the needs of the case. Further, the request seeks private,

14    confidential employment records. Subject to and without waiving the foregoing, CCSF responds:

15    CCSF will provide all inspection reports, NOV's, OOA's, correspondences to Defendant, and notes

16    regarding inspections, which include the names of individuals involved in the subject matter.

17    **REQUEST NO. 23:**

18    All disciplinary records, Internal Affairs files, and citizen complaints for any officer or

19    inspector involved in The Searches that relate to: (a) Fourth Amendment violations; (b) untruthfulness;

20    (c) falsifying reports; or (d) unauthorized searches.

21    **RESPONSE TO REQUEST NO. 23:**

22    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

23    compound, and not proportional to the needs of the case. The term "involved" is so overbroad that

24    individuals cannot be identified and is therefore also burdensome. There are no individually named

25    individuals in the Cross-Complaint, accordingly, the request is not reasonably calculated to lead to the

26    discovery of admissible evidence. The scope of the request is overbroad because Fourth Amendment

27

28

14

searches and seizures relate encounters entirely outside the scope of the subject matter. Further, the request seeks private, confidential employment records.

**REQUEST NO. 24:**

All portions of the personnel files for the named Defendants (Murray, Francis, Clifton, Liu, Wong, Sy) that relate to their qualifications, training, performance evaluations concerning inspections, and any commendations or discipline related to cannabis enforcement.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous, compound, and not proportional to the needs of the case. The terms "personnel file," "concerning," and "inspections" are overbroad, vague and ambiguous. There are no individually named individuals in the Cross-Complaint, accordingly, the request is not reasonably calculated to lead to the discovery of admissible evidence. The scope of the request is overbroad because "inspections" relate encounters entirely outside the scope of the subject matter. Further, the request seeks private, confidential employment records.

**REQUEST NO. 25:**

All DOCUMENTS relating to any other lawsuits, civil claims, or administrative complaints filed against the City and County of San Francisco, SFFD, SFDBI, or OOC in the past seven years alleging unlawful warrantless searches or Fourth Amendment violations.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous, compound, and not proportional to the needs of the case. The terms "relating", "unlawful warrantless searches" are overbroad, vague and ambiguous. The request for any Fourth Amendment is not limited in scope and therefore unlikely to lead to the discovery of admissible evidence. The request seeks attorney work product and attorney client privileged information.

**REQUEST NO. 26:**

15

1    All DOCUMENTS relating to any court rulings, settlement agreements, or consent decrees in

2    the past seven years in which the City or its agents were found to have violated the Fourth Amendment

3    or agreed to modify search procedures.

4    **RESPONSE TO REQUEST NO. 26:**

5    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

6    compound, and not proportional to the needs of the case. The terms "relating", "unlawful warrantless

7    searches" are overbroad, vague and ambiguous. The request for any Fourth Amendment is not limited

8    in scope and therefore unlikely to lead to the discovery of admissible evidence. The request seeks

9    attorney work product and attorney client privileged information.

10    **REQUEST NO. 27:**

11    Statistical data regarding cannabis enforcement actions taken by the City in the past five years,

12    including the total number of inspections conducted, the number of warrants obtained, and the number

13    of cases where no cannabis was found.

14    **RESPONSE TO REQUEST NO. 27:**

15    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

16    compound, and not proportional to the needs of the case. The terms "regarding", "cannabis

17    enforcement, "inspections," "warrants" are overbroad, vague and ambiguous. The request seeks a

18    compilation rather than a specific document.

19    **REQUEST NO. 28:**

20    All DOCUMENTS supporting the calculation of any monetary damages, fines, fees, penalties,

21    or cost recovery amounts claimed by the City against Defendants/Counter Claimants, including

22    invoices, spreadsheets, and fee schedules.

23    **RESPONSE TO REQUEST NO. 28:**

24    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

25    compound, and not proportional to the needs of the case. The terms "supporting" is overbroad, vague

26    and ambiguous. The request seeks attorney work product and attorney client privileged information.

27

28

CCSF'S RESP TO RFPD, SET ONE
Case No. 25-CV-04942-SK

1    Subject to and without waiving the foregoing, CCSF responds: CCSF identifies its Complaint

2   which is already in Defendant's possession. CCSF identifies all exhibits attached to its Complaint

3   which are also in Defendant's possession.

4   **REQUEST NO. 29:**

5    All DOCUMENTS relating to any order, demand, or request that Defendants/Counter

6   Claimants vacate the Subject Properties or cease operations, including the legal justification for such

7   orders and any risk assessments supporting the necessity of vacancy. Except anything that is withheld

8   under attorney client privilege or attorney work product privilege which shall be disclosed in the

9   Privilege Log.

10    **RESPONSE TO REQUEST NO. 29:**

11    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

12   compound, and not proportional to the needs of the case. The terms "relating," "order," "demand,"

13   "request," "vacate," "legal justification" "cease operations," are overbroad, vague and ambiguous. The

14   request seeks attorney work product and attorney client privileged information. The request also seeks

15   legal advice, interpretation and conclusions.

16    Subject to and without waiving the foregoing, CCSF responds: CCSF identifies its Complaint

17   which is already in Defendant's possession. CCSF identifies all exhibits attached to its Complaint

18   which are also in Defendant's possession.

19   **REQUEST NO. 30:**

20    All DOCUMENTS relating to the City's decision to impose a one-year prohibition on the use

21   of the Subject Properties (if applicable), including any analysis of less restrictive alternatives.

22    **RESPONSE TO REQUEST NO. 30:**

23    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

24   compound, and not proportional to the needs of the case. The terms "relating," "decision,"

25   "prohibition," "use" "less restrictive alternatives," are overbroad, vague and ambiguous. The request

26   seeks attorney work product and attorney client privileged information. CCSF cannot ascertain the

27   meaning of this request and invites a meet and confer regarding same.

28

17

1   **REQUEST NO. 31:**

2      All DOCUMENTS relating to property damage caused to the Subject Properties during The

3   Searches, including photographs taken by City personnel and any internal damage assessment reports.

4      **RESPONSE TO REQUEST NO. 31:**

5      Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

6   compound, and not proportional to the needs of the case. The terms "property damage," "internal

7   damage" and "assessment reports." This request is not related to any claims in this matter. CCSF

8   cannot ascertain the meaning of this request and invites a meet and confer regarding same.

9   **REQUEST NO. 32:**

10     All DOCUMENTS relating to the City's decision to initiate enforcement litigation against the

11  Defendants/Counter Claimants, including case opening memos and target selection criteria.

12     **RESPONSE TO REQUEST NO. 32:**

13     Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

14  compound, and not proportional to the needs of the case. The terms "relating," "City" and "target

15  selection criteria" are vague, ambiguous and overbroad. Plaintiff objects to this request on the grounds

16  that it seeks attorney-client and attorney work product materials.

17  **REQUEST NO. 33:**

18     All DOCUMENTS relating to cost-benefit analyses or budget requests for the City's cannabis

19  enforcement litigation program.

20     **RESPONSE TO REQUEST NO. 33:**

21     Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

22  compound, and not proportional to the needs of the case. The terms "relating," "cost-benefit analyses"

23  "budget requests" "enforcement litigation program" are vague, ambiguous and overbroad. Plaintiff

24  objects to this request on the grounds that it seeks attorney-client and attorney work product materials.

25  **REQUEST NO. 34:**

26     All DOCUMENTS supporting your contention (if any) that "exigent circumstances" existed at

27  the time of entry into the Subject Properties.

18

CCSF'S RESP TO RFPD, SET ONE
Case No. 25-CV-04942-SK

28

1    **RESPONSE TO REQUEST NO. 34:**

2    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

3    compound, and not proportional to the needs of the case. The terms "exigent circumstances" are not

4    defined, and are vague and ambiguous. CCSF cannot ascertain the meaning of this request and invites

5    a meet and confer regarding same.

6    ///

7    **REQUEST NO. 35:**

8    All DOCUMENTS supporting your contention (if any) that Defendants/Counter Claimants

9    gave "consent" for the searches, including any signed consent forms or recordings of verbal consent.

10    **RESPONSE TO REQUEST NO. 35:**

11    CCSF will produce the photographs and video recordings of the inspections and

12    communications memorializing same.

13    **REQUEST NO. 36:**

14    All DOCUMENTS supporting your contention that the alleged fire code or building code

15    violations at the Subject Properties presented an "imminent danger" requiring immediate entry without

16    a warrant.

17    **RESPONSE TO REQUEST NO. 36:**

18    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

19    compound, and not proportional to the needs of the case. The terms "imminent danger" are not

20    defined, and are vague and ambiguous. CCSF cannot ascertain the meaning of this request and invites

21    a meet and confer regarding same.

22    **REQUEST NO. 37:**

23    All DOCUMENTS relating to the specific allegation of "cannabis odor" at the Subject

24    Properties, including inspector notes, air quality tests, or affidavits regarding the detection of

25    odor.

26    **RESPONSE TO REQUEST NO. 37:**

27    CCSF will produce documents upon which a note documenting "cannabis odor" is made.

28

19

**REQUEST NO. 38:**

All DOCUMENTS relating to the electrical usage of the Subject Properties, including COMMUNICATIONS with PG&E or other utility providers and any analysis comparing usage to typical commercial levels.

///

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this request on the grounds that it is compound and it is not limited in time. Subject to and without waiving the foregoing CCSF responds: CCSF will produce any documents that it requested and received from PG&E regarding utility usage at the Subject Properties from the time of the initial inspections to the present. CCSF objects to making any additional requests that were not already made.

**REQUEST NO. 39:**

All DOCUMENTS relating to the retention, preservation, or destruction of evidence related to the Subject Properties, including litigation hold notices issued to City employees.

**RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this request on the grounds that it calls for attorney-client communications.

**REQUEST NO. 40:**

All records of any deleted emails, text messages, or files relating to the Subject Properties that were recovered from backup systems or archives.

**RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous, compound, and not proportional to the needs of the case. The terms "records" "recovered" "backup systems" are not defined, and are vague and ambiguous. Additionally, the request is not limited in time or scope.

20

1    Subject to and without waiving the foregoing objections, CCSF responds: CCSF has no

2    documents in its possession, custody or control relating to the Subject Properties within the time frame

3    raised in the Complaint and regarding the issues raised in the Complaint.

4    **REQUEST NO. 41:**

5    All DOCUMENTS relating to any background investigation conducted by the City on Andrew

6    Govan-Smith or the Andrew Govan-Smith Revocable Trust, including criminal history checks,

7    property record searches, and social media monitoring.

8    ///

9    **RESPONSE TO REQUEST NO. 41:**

10    Plaintiff objects to this request on the grounds that it calls for information protected by the

11    attorney-client and attorney work product privileges. This request also seeks information that is

12    already in the possession, custody or control of Defendant.

13    **REQUEST NO. 42:**

14    All DOCUMENTS relating to federal or state grants, asset forfeiture funds, or other funding

15    sources received by the City that are tied to cannabis enforcement or drug interdiction statistics.

16    **RESPONSE TO REQUEST NO. 42:**

17    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

18    compound, and not proportional to the needs of the case. The terms "relating," "grants", "asset

19    forfeiture funds," "other funding sources," "tied," "cannabis enforcement," and "drug interdiction

20    statistics" and are vague and ambiguous. Additionally, the request is not limited in time or scope.

21    Plaintiff cannot ascertain the meaning or scope of this request.

22    **REQUEST NO. 43:**

23    All DOCUMENTS showing overtime payments or special detail pay for the officers and

24    inspectors involved in The Searches.

25    **RESPONSE TO REQUEST NO. 43:**

26    Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

27    compound, and not proportional to the needs of the case. The request is unlikely to lead to the

28

21

1  discovery of admissible evidence. The request is not limited in time or scope. The request seeks the

2  private and confidential employment records.

3  **REQUEST NO. 44:**

4      All written or recorded statements obtained from any witness regarding the Subject Properties

5  or The Searches.

6

7

8  ///

9      **RESPONSE TO REQUEST NO. 44:**

10      This request calls for privileged attorney-client communications and attorney work product.

11  Subject to and without waiving the foregoing objections, CCSF responds: Plaintiff is not in

12  possession, custody or control of responsive materials.

13  **REQUEST NO. 45:**

14      All DOCUMENTS relating to any changes in policy, procedure, or training that were

15  implemented by SFFD, SFDBI, or OOC after The Searches occurred, specifically regarding

16  warrantless entries.

17      **RESPONSE TO REQUEST NO. 45:**

18      Plaintiff objects to this request on the grounds that it is vague, ambiguous, compound and

19  overbroad. The terms "changes," "policy," "procedure" and "training are overbroad, vague and

20  ambiguous. As phrased, the subject request is not limited to the scope of this litigation, for example, as

21  phrased it seeks documents that may only be related to responding to active fires. Plaintiff objects that

22  this request is not likely to lead to the discovery of admissible evidence as it calls for subsequent

23  remedial measures. Federal law recognizes a qualified privilege for "documents that reflect advisory

24  opinions, recommendations, and deliberations comprising part of a process by which governmental

25  decisions and polices are formulated." *Moni Law v. City of Berkeley*, No. 15-CV-05343-JSC, 2016

26  WL 7212296, at *1 (N.D. Cal. Dec. 13, 2016) (quoting *Hongsermeier v. Commissioner of Internal*

27  *Revenue*, 621 F.3d 890, 904 (9th Cir. 2010)).

28

22

1    **REQUEST NO. 46:**

2         All DOCUMENTS relating to the subsequent withdrawal, dismissal, or administrative closure

3    of the Notices of Violation issued to the Subject Properties.

4         **RESPONSE TO REQUEST NO. 46:**

5         Plaintiff objects to this request on the grounds that it is overly broad, vague and ambiguous,

6    compound, and not proportional to the needs of the case. The terms "relating," "withdrawal,"

7    "dismissal," administrative closure" are vague and ambiguous. Additionally, the request is not limited

8    in time or scope. Subject to and without waving the foregoing, CCSF responds as follows: CCSF will

9    produce written confirmation that OOC notices of violation were abated.

10   **REQUEST NO. 47:**

11        Any and all DOCUMENTS not previously requested that you intend to use as evidence at trial

12   in this matter.

13        **RESPONSE TO REQUEST NO. 47:**

14        Plaintiff objects to this request on the grounds that it is overbroad and compound. This request

15   seeks the production of attorney work product. This request is premature.

16

17   Dated: January 20, 2025                    DAVID CHIU
                                                City Attorney
18                                              YVONNE R. MERÉ
                                                Chief Deputy City Attorney
19                                              WADE CHOW
                                                Chief Attorney
20                                              Code Enforcement Team
                                                SABRINA M. BERDUX
21                                              Deputy City Attorney

22

23                                              By:/s/ Sabrina M. Berdux
                                                SABRINA M. BERDUX
24
                                                Attorneys for Plaintiff
25                                              PEOPLE OF THE STATE OF CALIFORNIA and
                                                CITY AND COUNTY OF SAN FRANCISCO
26

27
                                          23
28
     CCSF'S RESP TO RFPD, SET ONE
     Case No. 25-CV-04942-SK

1

**PROOF OF SERVICE**

2

3

I, CARMEN GUO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Seventh Floor, San Francisco, CA 94102.

4

5

On January 20, 2026, I served the following document(s):

6

**PLAINTIFF CITY AND COUNTY OF SAN FRANCISCO'S RESPONSES TO DEFENDANT ANDREW GOVAN-SMITH'S DOCUMENT DEMAND, SET ONE**

7

8

on the following persons at the locations specified:

9

Andrew James Govan-Smith
1742 Yosemite Avenue
San Francisco, CA 94124
Email: ajshrestha007@gmail.com
Tel: (415) 855-5968

10

11

12

*Pro Se*

13

in the manner indicated below:

14

☒    **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

15

16

17

☒    **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed above. Such document(s) were transmitted *via* electronic mail from the electronic address: Carmen.Guo@sfcityatty.org ☒ in portable document format ("PDF") Adobe Acrobat

18

19

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

20

21

Executed January 20, 2026, at San Francisco, California.

22

23

_____
CARMEN GUO

24

25

26

27

28

CCSF'S RESP TO RFPD, SET ONE
Case No. 25-CV-04942-SK

# EXHIBIT B

1    Andrew James Govan Smith
     In Pro Se
2    1742 Yosemite Ave
     San Francisco, CA 94124
3    ajshrestha007@gmail.com
4    Phone- (415)-855-5968

5                     **IN THE UNITED STATES DISTRICT COURT**
                      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
6            **THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING**

7

8
     ANDREW GOVAN-SMITH REVOCABLE TRUST,                    )
9    a California Trust; ANDREW J GOVAN-SMITH               )
     REVOCABLE TRUST, a California trust; ANDREW            )
10   GOVAN-SMITH, an individual; and DOE 1 through DOE 5.   )
     Defendants / Counter Claimants,                        )
11    V.                                                     )
12   PEOPLE OF THE STATE OF CALIFORNIA and CITY            )
     AND COUNTY OF SAN FRANCISCO, by and through David     )
13   Chiu, City Attorney for the City and County of San Francisco and  ) Case no: 25-cv-04942-SK
     in their official capacity Inspector Chris Francis Department of   ) Document Demand to
14   Building Inspection, in their official capacity Inspector Gary     ) City and County of
15   Clifton Department of Building Inspection, in their official       ) San Francisco, Office of
     capacity Investigator Chelsea Liu Office of Cannabis Control, in   ) City Attorney
16   their official capacity Lt. Victor Wong San Francisco Fire         )
     Department, in their official capacity Captain Dennis Sy San       )
17    Francisco Fire Department, in their official capacity Officer      )
     Brandon Murray San Francisco Fire Department, in their official    )
18   capacity DOE 1 through DOE 20 inclusive.                           )
19   Plaintiffs/ Counter Defendants.                                    )
                                                                        )
20
     PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
21   REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
22   TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
     DOE 5
23

24   RESPONDING PARTY: Plaintiffs/Counter Defendants or Defendants, PEOPLE OF THE
25   STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO

26   SET NUMBER: ONE

27

28
     Request for Production                         1

1    Pursuant to Fed.R.Civ.P. 33(a) and 34(a), Defendants/Counter Claimants, ANDREW GOVAN-

2    SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH

3    REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE

4    1 through DOE 5, hereby serve Plaintiffs/Counter Defendants with written Requests for

5    Production of Documents, set forth below.

6

7                                  **INSTRUCTIONS**

8

9    Pursuant to Fed.R.Civ.P. 34(b)(2)(A), your written responses to the Requests for Production are

10    due within 30 days after service. Pursuant to Fed.R.Civ.P. 36(a)(3), your written responses to the

11    Requests for Admission are due within 30 days after service. Please be advised that, pursuant to

12    Fed.R.Civ.P. 36(a)(3): "A matter is admitted unless, within 30 days after being served, the party

13    to whom the request is directed serves on the requesting party a written answer or objection

14    addressed to the matter and signed by the party or its attorney." Please be further advised that

15    Civil Local Rule 36-1 provides as follows: "Responses to requests for admission must set forth

16    each request in full before each response or objection."

17

18    PLEASE TAKE NOTICE that at the commencement of trial of this case, Defendants/Counter

19    Claimants will ask the Court for an order precluding Plaintiffs/Counter Defendants from

20    introducing evidence relating to the subject matter of these requests which has not been disclosed

21    by the answers to these requests. Please note that these Requests are continuing and that

22    Defendants/Counter Claimants demand that any documents responsive to these Requests be

23    produced when obtained by Plaintiffs/Counter Defendants.

24

25                             **GENERAL INSTRUCTIONS**

26    1. **Electronic Storage**

27    Documents shall be produced in their native format with metadata intact including time stamps

28

1   and "cc fields"; "e.g., actual email files with metadata" rather than scanned PDF.

2   **2. Privilege Log**

3   If any documents is withheld under a claim of attorney client privilege or work product, you are

4   required by Fed.R.Civ.P. 26(b)(5) to provide a privilege log identifying the date, author,

5   recipient and the specific reason for withholding the document.

6   **3. Lost or Destroyed Documents**

7   If any documents requested have been lost, discarded or destroyed, identify when destroyed and

8   the person who ordered its destruction.

9   **4. Private Phones**

10  If any official used private cellphone communication or text on their personal phones regarding,

11  referring or relating in any way to the events described in Defendants' Counter Claim; those

12  communications shall fall within the definition of documents described above.

13  **5. Collective Knowledge Doctrine**

14  Plaintiffs/Counter Defendants include but are not limited to all agents of the City and County of

15  San Francisco whether or not they are known or have been identified to date. All agents of the

16  City and County of San Francisco shall fall under the collective knowledge doctrine and shall be

17  treated as one unit for the purpose of this demand.

18  **6. Drafts**

19  Any and all documents that are characterized as drafts by the agents including but not limited to

20  field notes {field notes for all named Defendants and their agencies, dispatch logs for all named

21  Defendants and their agencies} and any data and data compilation recorded in any medium

22  {electronic, written} investigative notes, preliminary assessments, probable cause deliberations,

23  raid/search execution plans, official reports, agency inter cooperation plans, hand written field

24  notes, verbally dictated field notes, transcripts of field notes, and any field notes that verify that

25  no evidence of cannabis was found to exist or observe.

26

27                              **DEFINITIONS**

28  Request for Production                           3

1  The following terms are defined as indicated:

2  **1. "ALL"**

3  The term "ALL" shall mean any and all.

4  **2. "AND"/"OR"**

5  The term "AND" shall be understood to include "OR" and vice versa, whenever such

6  construction results in a broader request for information.

7  **3. "ANY"**

8  The term "ANY" shall mean any and all.

9  **4. "COMMUNICATION" AND "COMMUNICATIONS"**

10  The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

11  ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR

12  ideas, OR ANY request for the transfer of such information, including, but not limited to,

13  making, sending, OR receiving information from electronic mail messages, social media posts,

14  social media direct messaging applications, any and all mobile phone messaging applications,

15  facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,

16  presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,

17  speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

18  Communications also means any transmission or exchange of information whether oral or

19  written including face-to-face conversations, telephone calls, voicemails, electronic messaging,

20  text messages, encrypted messages, social media direct messages, video conferences, and

21  communications through intermediaries or third parties.

22  The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

23  ANY transmission or exchange of information whether oral or written including face to face

24  conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity

25  itself and all past and present employees, agents, investigators and informants.

26  **5. "DOCUMENT" AND "DOCUMENTS"**

27  The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without

28

1    limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films,

2    audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts,

3    diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or

4    acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-

5    person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes

6    or cables which were prepared, drafted, received or sent, "and every other means of recording

7    upon any tangible thing any form of communication, representation, including letters, words,

8    pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

9    The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P. 34

10   & 26, including but not limited to: writings, drawings, graphs, charts, photographs,

11   phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera

12   footage, surveillance footage, text messages, instant messages (including but not limited to

13   SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar

14   entries, field notes (field notes for all named Defendants and their agencies), dispatch logs

15   (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911

16   recordings, evidence logs, chain of custody records, and any data or data compilation recorded in

17   any medium (electronic, written, or otherwise), whether stored on government servers, cloud

18   platforms, shared drives, personal devices, or in the possession of third parties. Documents

19   include all versions, drafts, and metadata in their native form.

20   **6. "PERSON" OR "PERSONS"**

21   The terms "PERSON" or "PERSONS" include a natural person, firm, association, organization,

22   partnership, business, trust, limited liability company, corporation, or public entity.

23   **7. "RELATE TO," "RELATED TO," "RELATING TO," "REGARDING,"**

24   **"CONCERNING," OR "IN CONNECTION WITH"**

25   The terms "RELATE to" or "RELATED to" means to refer to, reflect on, support, rebut,

26   evidence, concern, or be logically or factually connected with the matter discussed. Thus, for

27   example, a request seeking all DOCUMENTS related to a particular COMMUNICATION would

28

1  include the COMMUNICATION, itself, as well as other DOCUMENTS there were otherwise

2  RELATED to the COMMUNICATION.

3  "Relating to," "regarding," "concerning," or "in connection with" means discussing, describing,

4  reflecting, containing, analyzing, studying, reporting, commenting on, evidencing, or in any way

5  pertaining to the matter, whether directly or indirectly.

6  **8. "YOU," "YOUR," "PLAINTIFFS/COUNTER DEFENDANTS," AND**

7  **"DEFENDANTS"**

8  The terms "YOU," and "YOUR" means Plaintiffs/Counter Defendants CITY AND COUNTY

9  OF SAN FRANCISCO and PEOPLE OF THE STATE OF CALIFORNIA and any of their

10  agents, employees, independent contractors, successors, subsidiaries, and predecessors.

11  "Plaintiffs/Counter Defendants" or "Defendants" (when referring to the opposing party in this

12  litigation) means PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF

13  SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San

14  Francisco, and in their official capacity Inspector Chris Francis Department of Building

15  Inspection, in their official capacity Inspector Gary Clifton Department of Building Inspection,

16  in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in their official

17  capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain

18  Dennis Sy San Francisco Fire Department, in their official capacity Officer Brandon Murray San

19  Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive, and

20  includes the entities themselves and all past and present officers, employees, officials, agents,

21  investigators, contractors, consultants, informants, confidential sources and experts or having

22  knowledge relevant to this litigation.

23  **9. "SUBJECT PROPERTIES"**

24  "Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742

25  Yosemite Avenue, San Francisco, CA 94124, including all interior and exterior areas, curtilage,

26  parking areas, common areas, and any adjacent properties surveilled, monitored, or accessed in

27  connection with The Searches.

28

Request for Production                                    6

**10. "THE SEARCHES"**

"The Searches" refers to any and all entries, inspections, observations, investigations, surveillances, monitoring, walkthroughs, welfare checks, code enforcement visits, administrative inspections, or any physical or visual access to Subject Properties by any government official, employee, agent, contractor, or person acting under color of state law between January 2020 and present, whether conducted pursuant to warrant, administrative authority, exigent circumstances, consent, or without legal authorization.

**11. "RELEVANT TIME PERIOD"**

"Relevant Time Period" means January 2020 through present, including all documents created during this period and any documents created before or after that relate to events, decisions, or conduct during this period.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All DOCUMENTS relating to the authorization, legal justification, or approval for "The Searches" of the Subject Properties, including but not limited to warrant applications (whether granted or denied), inspection warrants, administrative search authorizations, supervisory approvals, and any risk assessments or operational plans created prior to entry.

**REQUEST NO. 2:**

All official reports, incident reports, supplemental reports, code enforcement inspection reports, fire inspection reports, and police reports relating to the Subject Properties or The Searches, including all drafts and final versions.

**REQUEST NO. 3:**

All field notes, observation logs, pocket notebook entries, and contemporaneous records created by any officer, inspector, or agent during or immediately after The Searches, including handwritten notes, digital entries, and transcriptions of verbal dictation.

**REQUEST NO. 4:**

1    All DOCUMENTS relating to any investigation of the Subject Properties conducted prior to The

2    Searches, including surveillance logs, anonymous tips, informant information, database queries,

3    utility usage analysis, and any inter-agency intelligence sharing regarding suspected cannabis

4    activity.

5    **REQUEST NO. 5:**

6    All DOCUMENTS evidencing that NO cannabis, cannabis plants, or cannabis cultivation

7    equipment was found at the Subject Properties, including field notes, inventory logs, and after-

8    action reports acknowledging the negative results of the search.

9

10   **REQUEST NO. 6:**

11   All audio and visual recordings relating to The Searches or the Subject Properties, including but

12   not limited to: Body-Worn Camera (BWC) footage, dashboard camera footage, surveillance

13   footage, digital photographs, and audio recordings of radio traffic or dispatch communications.

14   **REQUEST NO. 7:**

15   All Computer-Aided Dispatch (CAD) logs, dispatch records, radio logs, and unit assignment

16   records relating to the Subject Properties for the Relevant Time Period, including all officer-

17   initiated activity and dispatcher comments.

18   **REQUEST NO. 8:**

19
     All metadata associated with the electronic documents, photographs, and video footage produced

20
     in response to these requests, including creation dates, modification dates, and GPS/location

21
     data.
22

23   **REQUEST NO. 9:**

24   All internal COMMUNICATIONS between or among Defendants (including employees of

25   SFFD, SFDBI, OOC, and SFPD) relating to the Subject Properties, The Searches, or the

26   Defendants/Counter Claimants, including emails, text messages, Slack/Teams messages, and

27   meeting minutes.

28   Request for Production                          8

**REQUEST NO. 10:**

All COMMUNICATIONS between Defendants and any third party (including utility companies, neighbors, informants, federal agencies, or other municipalities) relating to the Subject Properties or The Searches.

**REQUEST NO. 11:**

All COMMUNICATIONS between Defendants and the City Attorney's Office regarding the Subject Properties or The Searches that are not protected by attorney-client privilege (e.g., factual inquiries, scheduling), and a privilege log for any communications withheld.

**REQUEST NO. 12:**

All DOCUMENTS relating to coordination between SFFD, SFDBI, the Office of Cannabis (OOC), and/or the San Francisco Police Department regarding the Subject Properties, including task force agreements, joint operation plans, and communications regarding the use of administrative inspections to investigate suspected criminal cannabis activity.

**REQUEST NO. 13:**

All documents relating to the "Cannabis Task Force" or any multi-agency group focused on cannabis enforcement, including meeting agendas, minutes, and participant lists where the Subject Properties or general warrantless inspection strategies were discussed.

**REQUEST NO. 14:**

All policies, procedures, and general orders in effect during the Relevant Time Period for SFFD, SFDBI, and OOC regarding: (a) Fourth Amendment compliance; (b) warrantless administrative searches; (c) obtaining consent to search; and (d) exigent circumstances.

**REQUEST NO. 15:**

All policies and procedures regarding Cannabis Enforcement, including protocols for identifying illegal grow operations, the use of odor as probable cause, and coordination between code enforcement/fire inspectors and law enforcement.

1

2 **REQUEST NO. 16:**

3 All policies and procedures regarding the application for and execution of Inspection Warrants

4 and criminal search warrants, including guidelines on when a warrant is required under Camara

5 v. Municipal Court and Michigan v. Tyler.

**REQUEST NO. 17:**

6

7 All DOCUMENTS evidencing the City's custom or practice regarding warrantless searches,

8 including internal audits, statistical reports on the frequency of warrantless vs. warranted entries,

9 and any "pattern and practice" analyses.

10 **REQUEST NO. 18:**

11 All training materials, curricula, lesson plans, and slide decks provided to SFFD, SFDBI, and

12 OOC personnel regarding the Fourth Amendment, search and seizure laws, and the constitutional

13 limits of administrative inspections.

14 **REQUEST NO. 19:**

15

16 All training materials provided to Defendants regarding Cannabis Enforcement, including

17 training on identifying cultivation equipment, electrical hazards associated with grows, and the

18 legal distinction between administrative inspections and criminal investigations.

19 **REQUEST NO. 20:**

20 All training materials regarding the preparation and application for Search Warrants and

21 Inspection Warrants.

22 **REQUEST NO. 21:**

23 Individual Training Records: For every individual officer, inspector, or agent involved in The

24 Searches, produce their complete training history logs showing dates of attendance for all

25 courses related to the Fourth Amendment, search and seizure, and cannabis enforcement.

26 **REQUEST NO. 22:**

27

28 All DOCUMENTS identifying the specific officers, inspectors, and agents who were present at

Request for Production 10

the Subject Properties during The Searches, including duty rosters, sign-in sheets, and payroll records.

**REQUEST NO. 23:**

All disciplinary records, Internal Affairs files, and citizen complaints for any officer or inspector involved in The Searches that relate to: (a) Fourth Amendment violations; (b) untruthfulness; (c) falsifying reports; or (d) unauthorized searches.

**REQUEST NO. 24:**

All portions of the personnel files for the named Defendants (Murray, Francis, Clifton, Liu, Wong, Sy) that relate to their qualifications, training, performance evaluations concerning inspections, and any commendations or discipline related to cannabis enforcement.

**REQUEST NO. 25:**

All DOCUMENTS relating to any other lawsuits, civil claims, or administrative complaints filed against the City and County of San Francisco, SFFD, SFDBI, or OOC in the past seven years alleging unlawful warrantless searches or Fourth Amendment violations.

**REQUEST NO. 26:**

All DOCUMENTS relating to any court rulings, settlement agreements, or consent decrees in the past seven years in which the City or its agents were found to have violated the Fourth Amendment or agreed to modify search procedures.

**REQUEST NO. 27:**

Statistical data regarding cannabis enforcement actions taken by the City in the past five years, including the total number of inspections conducted, the number of warrants obtained, and the number of cases where no cannabis was found.

**REQUEST NO. 28:**

All DOCUMENTS supporting the calculation of any monetary damages, fines, fees, penalties, or cost recovery amounts claimed by the City against Defendants/Counter Claimants, including

invoices, spreadsheets, and fee schedules.

**REQUEST NO. 29:**

All DOCUMENTS relating to any order, demand, or request that Defendants/Counter Claimants vacate the Subject Properties or cease operations, including the legal justification for such orders and any risk assessments supporting the necessity of vacancy. Except anything that is withheld under attorney client privilege or attorney work product privilege which shall be disclosed in the Privilege Log.

**REQUEST NO. 30:**

All DOCUMENTS relating to the City's decision to impose a one-year prohibition on the use of the Subject Properties (if applicable), including any analysis of less restrictive alternatives.

**REQUEST NO. 31:**

All DOCUMENTS relating to property damage caused to the Subject Properties during The Searches, including photographs taken by City personnel and any internal damage assessment reports.

**REQUEST NO. 32:**

All DOCUMENTS relating to the City's decision to initiate enforcement litigation against the Defendants/Counter Claimants, including case opening memos and target selection criteria.

**REQUEST NO. 33:**

All DOCUMENTS relating to cost-benefit analyses or budget requests for the City's cannabis enforcement litigation program.

**REQUEST NO. 34:**

All DOCUMENTS supporting your contention (if any) that "exigent circumstances" existed at the time of entry into the Subject Properties.

**REQUEST NO. 35:**

All DOCUMENTS supporting your contention (if any) that Defendants/Counter Claimants gave

Request for Production                    12

"consent" for the searches, including any signed consent forms or recordings of verbal consent.

**REQUEST NO. 36:**

All DOCUMENTS supporting your contention that the alleged fire code or building code violations at the Subject Properties presented an "imminent danger" requiring immediate entry without a warrant.

**REQUEST NO. 37:**

All DOCUMENTS relating to the specific allegation of "cannabis odor" at the Subject Properties, including inspector notes, air quality tests, or affidavits regarding the detection of odor.

**REQUEST NO. 38:**

All DOCUMENTS relating to the electrical usage of the Subject Properties, including COMMUNICATIONS with PG&E or other utility providers and any analysis comparing usage to typical commercial levels.

**REQUEST NO. 39:**

All DOCUMENTS relating to the retention, preservation, or destruction of evidence related to the Subject Properties, including litigation hold notices issued to City employees.

**REQUEST NO. 40:**

All records of any deleted emails, text messages, or files relating to the Subject Properties that were recovered from backup systems or archives.

**REQUEST NO. 41:**

All DOCUMENTS relating to any background investigation conducted by the City on Andrew Govan-Smith or the Andrew Govan-Smith Revocable Trust, including criminal history checks, property record searches, and social media monitoring.

**REQUEST NO. 42:**

Request for Production                                    13

1  All DOCUMENTS relating to federal or state grants, asset forfeiture funds, or other funding

2  sources received by the City that are tied to cannabis enforcement or drug interdiction statistics.

3  **REQUEST NO. 43:**

4
5  All DOCUMENTS showing overtime payments or special detail pay for the officers and
   inspectors involved in The Searches.

6
7  **REQUEST NO. 44:**

8  All written or recorded statements obtained from any witness regarding the Subject Properties or

9  The Searches.

10  **REQUEST NO. 45:**

11  All DOCUMENTS relating to any changes in policy, procedure, or training that were

12  implemented by SFFD, SFDBI, or OOC after The Searches occurred, specifically regarding

13  warrantless entries.

14
15  **REQUEST NO. 46:**

16  All DOCUMENTS relating to the subsequent withdrawal, dismissal, or administrative closure of

17  the Notices of Violation issued to the Subject Properties.

18  **REQUEST NO. 47:**

19  Any and all DOCUMENTS not previously requested that you intend to use as evidence at trial in

20  this matter.

21  Dated: December 21,2024

22

23  By: _____

24

25  Andrew James Govan Smith
   In Pro Se
26  1742 Yosemite Ave
   San Francisco, CA 94124
27  ajshrestha007@gmail.com
   Phone- (415)-855-5968
28  Request for Production                                    14

1

**PROOF OF SERVICE**

2

I, OJASWAI SHRESTHA, declare as follows:

3

I am over the age of eighteen years and not a party to the above- entitled action. I served the following document:

4

5

**Document Demand to City and County of San Francisco, Office of City Attorney**

In the case titled:

6

7

ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5 Defendants / Counter Claimants,

8

V.

9

10

PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

11

12

13

Plaintiffs/ Counter Defendants.

14

Case no: 25-cv-04942-SK

15

on the following person at the location specified:

16

17

Office of City Attorney City and County of San Francisco
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, CA 94102
Email: Sabrina.M.Berdux@sfcityatty.org

18

19

in the manner indicated below:

20

☑BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person at the electronic service address listed above. Such document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in portable document format ("PDF") Adobe Acrobat.

21

22

23

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

24

Executed on December 21,2024

25

26

Ojaswai Shrestha
Sanepa-2, Lalitpur Kathmandu, Nepal

27

28

# EXHIBIT C

1   Andrew James Govan Smith
    In Pro Se
2   1742 Yosemite Ave
    San Francisco, CA 94124
3   ajshrestha007@gmail.com
    Phone- (415)-855-5968
4
                **IN THE UNITED STATES DISTRICT COURT**
5            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
        **THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING**
6

7   ANDREW GOVAN-SMITH REVOCABLE TRUST,        )
    a California Trust; ANDREW J GOVAN-SMITH     )
8   REVOCABLE TRUST, a California trust; ANDREW  )
    GOVAN-SMITH, an individual; and DOE 1 through DOE 5.  )
9   Defendants / Counter Claimants,             )
       V.                                       )
10  PEOPLE OF THE STATE OF CALIFORNIA and CITY  )
11  AND COUNTY OF SAN FRANCISCO, by and through David  )
    Chiu, City Attorney for the City and County of San Francisco and  ) Case no: 25-cv-04942-SK
12  in their official capacity Inspector Chris Francis Department of  ) Interrogatories for
    Building Inspection, in their official capacity Inspector Gary  ) Captain Dennis Sy San
13  Clifton Department of Building Inspection, in their official  ) Francisco Fire Department,
    capacity Investigator Chelsea Liu Office of Cannabis Control, in  ) in his official capacity
14  their official capacity Lt. Victor Wong San Francisco Fire  )
15  Department, in their official capacity Captain Dennis Sy San  )
     Francisco Fire Department, in their official capacity Officer  )
16  Brandon Murray San Francisco Fire Department, in their official  )
    capacity DOE 1 through DOE 20 inclusive.    )
17  Plaintiffs/ Counter Defendants.             )
                                                )
18  ─────────────────────────────────────────

19

20  PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
    REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
21  TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
22  DOE 5

23  RESPONDING PARTY: Captain Dennis Sy, San Francisco Fire Department, in his official

24  capacity

25

26  SET NUMBER: ONE

27

28
                                    1

**PRELIMINARY STATEMENT**

Pursuant to Fed.R.Civ.P. 33, Defendants/Counter Claimants hereby serve Captain Dennis Sy with the following Interrogatories directed specifically to his personal knowledge, conduct, participation, observations, and involvement in the events giving rise to this litigation.

**INSTRUCTIONS**

**1. Personal Knowledge and Official Capacity**

These Interrogatories seek information within YOUR personal knowledge, YOUR observations, YOUR actions, YOUR decisions, and information YOU learned from others in YOUR official capacity as an Officer for the San Francisco Fire Department. YOU must answer based on information known to YOU personally, not merely information that might be known to the San Francisco Fire Department generally, unless otherwise specified.

**2. Time for Response**

Pursuant to Fed.R.Civ.P. 33(b)(2), YOUR written responses to these Interrogatories are due within 30 days after service.

**3. Form of Response**

Each Interrogatory must be answered separately and fully in writing under oath, unless objected to, in which case the objection must state the reasons with specificity. Civil Local Rule 33-1 requires that responses set forth each interrogatory in full before each response or objection.

2

**4. Verification**

YOUR responses must be verified by YOU personally under penalty of perjury, not by YOUR attorney.

**5. Continuing Duty to Supplement**

These Interrogatories are continuing in nature. YOU are required to supplement YOUR responses if YOU obtain further or different information before trial pursuant to Fed.R.Civ.P. 26(e).

**DEFINITIONS**

**1. "YOU," "YOUR," "CAPTAIN DENNIS SY"**

The terms "YOU," "YOUR," and "CAPTAIN DENNIS SY" mean Captain Dennis Sy individually, in both his personal and official capacity as an Officer for the San Francisco Fire Department.

**2. "SUBJECT PROPERTIES"**

"Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742 Yosemite Avenue, San Francisco, CA 94124, including all interior and exterior areas, curtilage, parking areas, common areas, and any adjacent properties surveilled, monitored, or accessed in connection with The Searches.

**3. "THE SEARCHES"**

3

1    "The Searches" refers to any and all entries, fire inspections, observations, investigations,

2    surveillances, monitoring, walkthroughs, fire safety enforcement visits, administrative fire

3    inspections, or any physical or visual access to Subject Properties by YOU or any other

4    government official between January 2020 and present.

5

6    **4. "RELEVANT TIME PERIOD"**

7

8    "Relevant Time Period" means January 2020 through present.

9

10   **5. "SFFD"**

11

12   "SFFD" means the San Francisco Fire Department.

13

14   **6. "DEFENDANTS/COUNTER CLAIMANTS"**

15

16   "Defendants/Counter Claimants" refers to ANDREW GOVAN-SMITH REVOCABLE TRUST,

17   ANDREW J GOVAN-SMITH REVOCABLE TRUST, and ANDREW GOVAN-SMITH,

18   individually.

19

20   **7. "DOCUMENT" AND "DOCUMENTS"**

21

22   The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without

23   limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films,

24   audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts,

25   diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or

26   acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-

27   person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes

28

4

1  or cables which were prepared, drafted, received or sent, "and every other means of recording

2  upon any tangible thing any form of communication, representation, including letters, words,

3  pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

4

5   The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P. 34

6  & 26, including but not limited to: writings, drawings, graphs, charts, photographs,

7  phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera

8  footage, surveillance footage, text messages, instant messages (including but not limited to

9  SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar

10  entries, field notes (field notes for all named Defendants and their agencies), dispatch logs

11  (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911

12  recordings, evidence logs, chain of custody records, and any data or data compilation recorded in

13  any medium (electronic, written, or otherwise), whether stored on government servers, cloud

14  platforms, shared drives, personal devices, or in the possession of third parties. Documents

15  include all versions, drafts, and metadata in their native form.

16

17  **8. "COMMUNICATION" AND "COMMUNICATIONS"**

18

19  The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

20  ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR

21  ideas, OR ANY request for the transfer of such information, including, but not limited to,

22  making, sending, OR receiving information from electronic mail messages, social media posts,

23  social media direct messaging applications, any and all mobile phone messaging applications,

24  facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,

25  presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,

26  speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

27  Communications also means any transmission or exchange of information whether oral or

28

5

1  written including face-to-face conversations, telephone calls, voicemails, electronic messaging,

2  text messages, encrypted messages, social media direct messages, video conferences, and

3  communications through intermediaries or third parties.

4

5   The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

6  ANY transmission or exchange of information whether oral or written including face to face

7  conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity

8  itself and all past and present employees, agents, investigators and informants.

9

10  **INTERROGATORIES**

11

12  **INTERROGATORY NO. 1:** STATE the date YOU most recently received training on Fourth

13  Amendment compliance before entering Subject Properties.

14

15  **INTERROGATORY NO. 2:** STATE whether YOU were trained that Camara v. Municipal

16  Court requires either consent or a warrant for administrative inspections.

17  **INTERROGATORY NO. 3:** DESCRIBE the specific facts known to YOU prior to entry that

18  led YOU to believe a fire code violation existed at Subject Properties.

19

20  **INTERROGATORY NO. 4:** IDENTIFY the source of information that first brought Subject

21  Properties to YOUR attention.

22  **INTERROGATORY NO. 5:** STATE the precise physical location where YOU were standing

23  when YOU observed conditions at Subject Properties before deciding to enter.

24  **INTERROGATORY NO. 6:** STATE whether one of YOUR objectives in entering Subject

25  Properties was to investigate suspected cannabis cultivation.

26

27  **INTERROGATORY NO. 7:** IDENTIFY each City agency or department that communicated

28  with YOU about Subject Properties before YOUR first entry.

6

1    **INTERROGATORY NO. 8:** STATE the approximate number of administrative warrant

2    affidavits YOU have authored during YOUR career.

3
     **INTERROGATORY NO. 9:** STATE the approximate number of times YOU have entered
4
     private properties without a warrant by claiming exigent circumstances during YOUR career.
5

6    **INTERROGATORY NO. 10:** STATE the approximate number of times YOU have entered

7    private properties without a warrant by claiming consent during YOUR career.

8    **INTERROGATORY NO. 11:** STATE whether YOU could have obtained an administrative

9    warrant to inspect Subject Properties if YOU had attempted to do so.

10
     **INTERROGATORY NO. 12:** IDENTIFY the specific legal exception to the warrant
11
     requirement that YOU contend authorized YOUR warrantless entry to Subject Properties.
12

13   **INTERROGATORY NO. 13:** DESCRIBE the specific immediate threat to life or property that

14   YOU believed existed at the moment YOU entered Subject Properties.

15
     **INTERROGATORY NO. 14:** IDENTIFY the individual who gave YOU consent to enter
16
     Subject Properties.
17

18   **INTERROGATORY NO. 15:** STATE whether consent to enter Subject Properties was

19   documented in writing.

20
     **INTERROGATORY NO. 16:** STATE whether YOU have ever completed any required
21
     training on Fourth Amendment compliance, constitutional rights, or search and seizure
22
     procedures.
23

24   **INTERROGATORY NO. 17:** STATE whether YOU have ever had a determination made

25   concerning YOUR lack of credibility.

26   **INTERROGATORY NO. 18:** STATE whether YOU have ever had evidence YOU seized

27   under a warrant suppressed by a court due to errors or omissions in the warrant or its execution.

28                                              7

1

2

**INTERROGATORY NO. 19:** STATE whether YOU observed any cannabis plants at Subject Properties during YOUR inspections.

3

4

5

**INTERROGATORY NO. 20:** STATE whether YOU tested any items from Subject Properties for the presence of cannabis or cannabis residue.

6

7

**INTERROGATORY NO. 21:** STATE whether YOU created body camera footage during YOUR entries to Subject Properties.

8

9

**INTERROGATORY NO. 22:** STATE what the Notices of Violation for Subject Properties YOU issued were for.

10

11

12

**INTERROGATORY NO. 23:** STATE whether any Notices of Violation YOU issued for Subject Properties were subsequently withdrawn.

13

14

**INTERROGATORY NO. 24:** STATE if YOU have ever been sued for or accused of Fourth Amendment violations.

15

16

17

**INTERROGATORY NO. 25:** STATE whether the City and County of San Francisco has agreed to indemnify YOU for any judgment in this case.

18

Dated: December 22,2024

19

20

By: _____

21

22

23

24

Andrew James Govan Smith
In Pro Se
1742 Yosemite Ave
San Francisco, CA 94124
ajshrestha007@gmail.com
Phone- (415)-855-5968

25

26

27

28

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I, OJASWAI SHRESTHA, declare as follows:

I am over the age of eighteen years and not a party to the above- entitled action. I served the following document:

**Interrogatories for Captain Dennis Sy, in his official capacity, San Francisco Fire Department**

In the case titled:

ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5 Defendants / Counter Claimants,

V.

PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

Plaintiffs/ Counter Defendants.

Case no: 25-cv-04942-SK

on the following person at the location specified:

Office of City Attorney City and County of San Francisco
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, CA 94102
Email: Sabrina.M.Berdux@sfcityatty.org

in the manner indicated below:
☑BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person at the electronic service address listed above. Such document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in portable document format ("PDF") Adobe Acrobat.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on December 22,2024

Ojaswai Shrestha
Sanepa-2, Lalitpur Kathmandu, Nepal

# EXHIBIT D

1  Andrew James Govan Smith
   In Pro Se
2  1742 Yosemite Ave
3   San Francisco, CA 94124
   ajshrestha007@gmail.com
4  Phone- (415)-855-5968

5        **IN THE UNITED STATES DISTRICT COURT**
         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
6     **THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING**

7  ANDREW GOVAN-SMITH REVOCABLE TRUST,          )
8  a California Trust; ANDREW J GOVAN-SMITH       )
   REVOCABLE TRUST, a California trust; ANDREW    )
9  GOVAN-SMITH, an individual; and DOE 1 through DOE 5.  )
   Defendants / Counter Claimants,                )
10    V.                                          )
11 PEOPLE OF THE STATE OF CALIFORNIA and CITY    )
   AND COUNTY OF SAN FRANCISCO, by and through David )
12 Chiu, City Attorney for the City and County of San Francisco and ) Case no: 25-cv-04942-SK
   in their official capacity Inspector Chris Francis Department of ) Interrogatories for Inspector
13 Building Inspection, in their official capacity Inspector Gary ) Chris Francis in his official
   Clifton Department of Building Inspection, in their official ) capacity, San Francisco
14 capacity Investigator Chelsea Liu Office of Cannabis Control, in ) Department of Building
   their official capacity Lt. Victor Wong San Francisco Fire ) Inspection.
15 Department, in their official capacity Captain Dennis Sy San )
16  Francisco Fire Department, in their official capacity Officer )
   Brandon Murray San Francisco Fire Department, in their official )
17 capacity DOE 1 through DOE 20 inclusive.         )
   Plaintiffs/ Counter Defendants.                 )
18 _____ )

19

20
   PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
21 REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
   TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
22 DOE 5

23
   RESPONDING PARTY: Inspector Chris Francis, San Francisco Department of Building
24 Inspection, in his official capacity

25 SET NUMBER: ONE

26

27

28
   Interrogatories Set One                    1

**PRELIMINARY STATEMENT**

Pursuant to Fed.R.Civ.P. 33, Defendants/Counter Claimants hereby serve Inspector Chris Francis with the following Interrogatories directed specifically to his personal knowledge, conduct, participation, observations, and involvement in the events giving rise to this litigation.

**INSTRUCTIONS**

**1. Personal Knowledge and Official Capacity**

These Interrogatories seek information within YOUR personal knowledge, YOUR observations, YOUR actions, YOUR decisions, and information YOU learned from others in YOUR official capacity as an Inspector for the San Francisco Department of Building Inspection. YOU must answer based on information known to YOU personally, not merely information that might be known to the San Francisco Department of Building Inspection generally, unless otherwise specified.

**2. Time for Response**

Pursuant to Fed.R.Civ.P. 33(b)(2), YOUR written responses to these Interrogatories are due within 30 days after service.

**3. Form of Response**

Each Interrogatory must be answered separately and fully in writing under oath, unless objected to, in which case the objection must state the reasons with specificity. Civil Local Rule 33-1 requires that responses set forth each interrogatory in full before each response or objection.

**4. Verification**

YOUR responses must be verified by YOU personally under penalty of perjury, not by YOUR attorney.

**5. Continuing Duty to Supplement**

These Interrogatories are continuing in nature. YOU are required to supplement YOUR responses if YOU obtain further or different information before trial pursuant to Fed.R.Civ.P. 26(e).

**DEFINITIONS**

**1. "YOU," "YOUR," " INSPECTOR FRANCIS "**

The terms "YOU," "YOUR," and "INSPECTOR CHRIS FRANCIS" mean Inspector Chris Francis individually, in both his personal and official capacity as an Inspector of San Francisco Department of Building Inspection.

**2. "SUBJECT PROPERTIES"**

"Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742 Yosemite Avenue, San Francisco, CA 94124, including all interior and exterior areas, curtilage, parking areas, common areas, and any adjacent properties surveilled, monitored, or accessed in connection with The Searches.

**3. "THE SEARCHES"**

Interrogatories Set One                    3

1    "The Searches" refers to any and all entries, building inspections, observations, investigations,

2    surveillances, monitoring, walkthroughs, code enforcement visits, administrative inspections, or

3    any physical or visual access to Subject Properties by YOU or any other government official

4    between January 2020 and present.

5

6    **4. "RELEVANT TIME PERIOD"**

7

8    "Relevant Time Period" means January 2020 through present.

9

10   **5. "SFDBI"**

11

12   "SFDBI" means the San Francisco Department of Building Inspection.

13

14   **6. "DEFENDANTS/COUNTER CLAIMANTS"**

15

16   "Defendants/Counter Claimants" refers to ANDREW GOVAN-SMITH REVOCABLE TRUST,

17   ANDREW J GOVAN-SMITH REVOCABLE TRUST, and ANDREW GOVAN-SMITH,

18   individually.

19

20   **7. "DOCUMENT" AND "DOCUMENTS"**

21

22   The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without

23   limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films,

24   audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts,

25   diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or

26   acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-

27   person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes

28

1    or cables which were prepared, drafted, received or sent, "and every other means of recording

2    upon any tangible thing any form of communication, representation, including letters, words,

3    pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

4

5    The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P. 34

6    & 26, including but not limited to: writings, drawings, graphs, charts, photographs,

7    phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera

8    footage, surveillance footage, text messages, instant messages (including but not limited to

9    SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar

10   entries, field notes (field notes for all named Defendants and their agencies), dispatch logs

11   (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911

12   recordings, evidence logs, chain of custody records, and any data or data compilation recorded in

13   any medium (electronic, written, or otherwise), whether stored on government servers, cloud

14   platforms, shared drives, personal devices, or in the possession of third parties. Documents

15   include all versions, drafts, and metadata in their native form.

16

17   **8. "COMMUNICATION" AND "COMMUNICATIONS"**

18

19   The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

20   ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR

21   ideas, OR ANY request for the transfer of such information, including, but not limited to,

22   making, sending, OR receiving information from electronic mail messages, social media posts,

23   social media direct messaging applications, any and all mobile phone messaging applications,

24   facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,

25   presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,

26   speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

27   Communications also means any transmission or exchange of information whether oral or

28   Interrogatories Set One                                    5

written including face-to-face conversations, telephone calls, voicemails, electronic messaging, text messages, encrypted messages, social media direct messages, video conferences, and communications through intermediaries or third parties.

The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to ANY transmission or exchange of information whether oral or written including face to face conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity itself and all past and present employees, agents, investigators and informants.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** STATE the date YOU most recently received training on Fourth Amendment compliance before entering Subject Properties.

**INTERROGATORY NO. 2:** STATE whether YOU were trained that Camara v. Municipal Court requires either consent or a warrant for administrative inspections.

**INTERROGATORY NO. 3:** DESCRIBE the specific facts known to YOU prior to entry that led YOU to believe a building code violation existed at Subject Properties.

**INTERROGATORY NO. 4:** IDENTIFY the source of information that first brought Subject Properties to YOUR attention.

**INTERROGATORY NO. 5:** STATE the precise physical location where YOU were standing when YOU observed conditions at Subject Properties before deciding to enter.

**INTERROGATORY NO. 6:** STATE whether one of YOUR objectives in entering Subject Properties was to investigate suspected cannabis cultivation.

**INTERROGATORY NO. 7:** IDENTIFY each City agency or department that communicated with YOU about Subject Properties before YOUR first entry.

1    **INTERROGATORY NO. 8:** STATE the approximate number of administrative warrant

2    affidavits YOU have authored during YOUR career.

3

4    **INTERROGATORY NO. 9:** STATE the approximate number of times YOU have entered

5    private properties without a warrant by claiming exigent circumstances during YOUR career.

6    **INTERROGATORY NO. 10:** STATE the approximate number of times YOU have entered

7    private properties without a warrant by claiming consent during YOUR career.

8    **INTERROGATORY NO. 11:** STATE whether YOU could have obtained an administrative

9    warrant to inspect Subject Properties if YOU had attempted to do so.

10

11   **INTERROGATORY NO. 12:** IDENTIFY the specific legal exception to the warrant

12   requirement that YOU contend authorized YOUR warrantless entry to Subject Properties.

13   **INTERROGATORY NO. 13:** DESCRIBE the specific immediate threat to life or property that

14   YOU believed existed at the moment YOU entered Subject Properties.

15

16   **INTERROGATORY NO. 14:** IDENTIFY the individual who gave YOU consent to enter

17   Subject Properties.

18   **INTERROGATORY NO. 15:** STATE whether consent to enter Subject Properties was

19   documented in writing.

20

21   **INTERROGATORY NO. 16:** STATE whether YOU have ever completed any required

22   training on Fourth Amendment compliance, constitutional rights, or search and seizure

23   procedures.

24   **INTERROGATORY NO. 17:** STATE whether YOU have ever had a determination made

25   concerning YOUR lack of credibility.

26   **INTERROGATORY NO. 18:** STATE whether YOU have ever had evidence YOU seized

27   under a warrant suppressed by a court due to errors or omissions in the warrant or its execution.

28

1   **INTERROGATORY NO. 19:** STATE whether YOU observed any cannabis plants at Subject

2   Properties during YOUR inspections.

3
    **INTERROGATORY NO. 20:** STATE whether YOU tested any items from Subject Properties
4
    for the presence of cannabis or cannabis residue.
5

6   **INTERROGATORY NO. 21:** STATE whether YOU created body camera footage during

7   YOUR entries to Subject Properties.

8
    **INTERROGATORY NO. 22:** STATE what the Notices of Violation for Subject Properties
9
    YOU issued were for.
10

11  **INTERROGATORY NO. 23:** STATE whether any Notices of Violation YOU issued for

12  Subject Properties were subsequently withdrawn.

13  **INTERROGATORY NO. 24:** STATE if YOU have ever been sued for or accused of Fourth

14  Amendment violations.

15
    **INTERROGATORY NO. 25:** STATE whether the City and County of San Francisco has
16
    agreed to indemnify YOU for any judgment in this case.
17

18  Dated: December 21,2024

19

20  By: _____

21  Andrew James Govan Smith

22   In Pro Se
     1742 Yosemite Ave
23   San Francisco, CA 94124
     ajshrestha007@gmail.com
24   Phone- (415)-855-5968

25

26

27

28  Interrogatories Set One                          8

**PROOF OF SERVICE**

1

2  I, OJASWAI SHRESTHA, declare as follows:

3  I am over the age of eighteen years and not a party to the above- entitled action. I served the following document:

4

5  **Interrogatories for Inspector Chris Francis, in his official capacity, San Francisco Department of Building Inspection**

6  In the case titled:

7  ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through

8  DOE 5 Defendants / Counter Claimants,

9  V.

10  PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity

11  Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San

12  Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain

13  Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

14  Plaintiffs/ Counter Defendants.

15  Case no: 25-cv-04942-SK

16  on the following person at the location specified:

17  Office of City Attorney City and County of San Francisco
1 Dr. Carlton B. Goodlett Place

18  City Hall, Room 234
San Francisco, CA 94102

19  Email: Sabrina.M.Berdux@sfcityatty.org

20  in the manner indicated below:

21  ☑ BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person at the electronic service address listed above. Such

22  document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in portable document format ("PDF") Adobe Acrobat.

23  I declare under penalty of perjury pursuant to the laws of the United States of America that the

24  foregoing is true and correct.

25  Executed on December 21,2024

26

27  Ojaswai Shrestha
Sanepa-2, Lalitpur Kathmandu, Nepal

28