# EXHIBIT E

1  Andrew James Govan Smith
   In Pro Se
2  1742 Yosemite Ave
   San Francisco, CA 94124
3  ajshrestha007@gmail.com
   Phone- (415)-855-5968
4

5          **IN THE UNITED STATES DISTRICT COURT**
          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
6     **THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING**

7  ANDREW GOVAN-SMITH REVOCABLE TRUST,           )
8  a California Trust; ANDREW J GOVAN-SMITH       )
   REVOCABLE TRUST, a California trust; ANDREW    )
9  GOVAN-SMITH, an individual; and DOE 1 through DOE 5.  )
   Defendants / Counter Claimants,               )
10    V.                                         )
11 PEOPLE OF THE STATE OF CALIFORNIA and CITY    )
   AND COUNTY OF SAN FRANCISCO, by and through David  )
12 Chiu, City Attorney for the City and County of San Francisco and  ) Case no: 25-cv-04942-SK
   in their official capacity Inspector Chris Francis Department of  ) Interrogatories
13 Building Inspection, in their official capacity Inspector Gary  ) for Inspector Gary
   Clifton Department of Building Inspection, in their official  ) Clifton in his official
14 capacity Investigator Chelsea Liu Office of Cannabis Control, in  ) capacity, San Francisco
   their official capacity Lt. Victor Wong San Francisco Fire  ) Department of Building
15 Department, in their official capacity Captain Dennis Sy San  ) Inspection.
16 Francisco Fire Department, in their official capacity Officer  )
   Brandon Murray San Francisco Fire Department, in their official  )
17 capacity DOE 1 through DOE 20 inclusive.      )
   Plaintiffs/ Counter Defendants.               )
18 _____)

19

20
   PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
21 REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
   TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
22 DOE 5

23
   RESPONDING PARTY: Inspector Gary Clifton, San Francisco Department of Building
24 Inspection, in his official capacity

25 SET NUMBER: ONE

26

27

28                                    1

**PRELIMINARY STATEMENT**

Pursuant to Fed.R.Civ.P. 33, Defendants/Counter Claimants hereby serve Inspector Gary Clifton with the following Interrogatories directed specifically to his personal knowledge, conduct, participation, observations, and involvement in the events giving rise to this litigation.

**INSTRUCTIONS**

**1. Personal Knowledge and Official Capacity**

These Interrogatories seek information within YOUR personal knowledge, YOUR observations, YOUR actions, YOUR decisions, and information YOU learned from others in YOUR official capacity as an Inspector for the San Francisco Department of Building Inspection. YOU must answer based on information known to YOU personally, not merely information that might be known to the San Francisco Department of Building Inspection generally, unless otherwise specified.

**2. Time for Response**

Pursuant to Fed.R.Civ.P. 33(b)(2), YOUR written responses to these Interrogatories are due within 30 days after service.

**3. Form of Response**

Each Interrogatory must be answered separately and fully in writing under oath, unless objected to, in which case the objection must state the reasons with specificity. Civil Local Rule 33-1 requires that responses set forth each interrogatory in full before each response or objection.

2

1  **4. Verification**

2

3  YOUR responses must be verified by YOU personally under penalty of perjury, not by YOUR

4  attorney.

5

6  **5. Continuing Duty to Supplement**

7

8  These Interrogatories are continuing in nature. YOU are required to supplement YOUR

9  responses if YOU obtain further or different information before trial pursuant to Fed.R.Civ.P.

10  26(e).

11

12  **DEFINITIONS**

13

14  **1. "YOU," "YOUR," "INSPECTOR CLIFTON"**

15

16  The terms "YOU," "YOUR," and "INSPECTOR CLIFTON" mean INSPECTOR GARY

17  CLIFTON individually, in both his personal and official capacity as an Inspector for the San

18  Francisco Department Of Building Inspection.

19

20  **2. "SUBJECT PROPERTIES"**

21

22  "Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742

23  Yosemite Avenue, San Francisco, CA 94124, including all interior and exterior areas, curtilage,

24  parking areas, common areas, and any adjacent properties surveilled, monitored, or accessed in

25  connection with The Searches.

26

27  **3. "THE SEARCHES"**

28

3

1    "The Searches" refers to any and all entries, inspections, observations, investigations,

2    surveillances, monitoring, walkthroughs, building safety enforcement visits, administrative

3    building inspections, or any physical or visual access to Subject Properties by YOU or any other

4    government official between January 2020 and present.

5

6    **4. "RELEVANT TIME PERIOD"**

7

8    "Relevant Time Period" means January 2020 through present.

9

10   **5. "SFDBI"**

11

12   "SFDBI" means the San Francisco Department Of Building Inspection.

13

14   **6. "DEFENDANTS/COUNTER CLAIMANTS"**

15

16   "Defendants/Counter Claimants" refers to ANDREW GOVAN-SMITH REVOCABLE TRUST,

17   ANDREW J GOVAN-SMITH REVOCABLE TRUST, and ANDREW GOVAN-SMITH,

18   individually.

19

20   **7. "DOCUMENT" AND "DOCUMENTS"**

21

22   The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without

23   limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films,

24   audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts,

25   diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or

26   acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-

27   person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes

28                                                          4

1   or cables which were prepared, drafted, received or sent, "and every other means of recording

2   upon any tangible thing any form of communication, representation, including letters, words,

3   pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

4

5   The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P.  34

6   & 26, including but not limited to: writings, drawings, graphs, charts, photographs,

7   phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera

8   footage, surveillance footage, text messages, instant messages (including but not limited to

9   SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar

10  entries, field notes (field notes for all named Defendants and their agencies), dispatch logs

11  (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911

12  recordings, evidence logs, chain of custody records, and any data or data compilation recorded in

13  any medium (electronic, written, or otherwise), whether stored on government servers, cloud

14  platforms, shared drives, personal devices, or in the possession of third parties. Documents

15  include all versions, drafts, and metadata in their native form.

16

17  **8. "COMMUNICATION" AND "COMMUNICATIONS"**

18

19  The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

20  ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR

21  ideas, OR ANY request for the transfer of such information, including, but not limited to,

22  making, sending, OR receiving information from electronic mail messages, social media posts,

23  social media direct messaging applications, any and all mobile phone messaging applications,

24  facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,

25  presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,

26  speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

27  Communications also means any transmission or exchange of information whether oral or

28                                         5

written including face-to-face conversations, telephone calls, voicemails, electronic messaging, text messages, encrypted messages, social media direct messages, video conferences, and communications through intermediaries or third parties.

The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to ANY transmission or exchange of information whether oral or written including face to face conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity itself and all past and present employees, agents, investigators and informants.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** STATE the date YOU most recently received training on Fourth Amendment compliance before entering Subject Properties.

**INTERROGATORY NO. 2:** STATE whether YOU were trained that Camara v. Municipal Court requires either consent or a warrant for administrative inspections.

**INTERROGATORY NO. 3:** DESCRIBE the specific facts known to YOU prior to entry that led YOU to believe a building code violation existed at Subject Properties.

**INTERROGATORY NO. 4:** IDENTIFY the source of information that first brought Subject Properties to YOUR attention.

**INTERROGATORY NO. 5:** STATE the precise physical location where YOU were standing when YOU observed conditions at Subject Properties before deciding to enter.

**INTERROGATORY NO. 6:** STATE whether one of YOUR objectives in entering Subject Properties was to investigate suspected cannabis cultivation.

**INTERROGATORY NO. 7:** IDENTIFY each City agency or department that communicated with YOU about Subject Properties before YOUR first entry.

6

**INTERROGATORY NO. 8:** STATE the approximate number of administrative warrant affidavits YOU have authored during YOUR career.

**INTERROGATORY NO. 9:** STATE the approximate number of times YOU have entered private properties without a warrant by claiming exigent circumstances during YOUR career.

**INTERROGATORY NO. 10:** STATE the approximate number of times YOU have entered private properties without a warrant by claiming consent during YOUR career.

**INTERROGATORY NO. 11:** STATE whether YOU could have obtained an administrative warrant to inspect Subject Properties if YOU had attempted to do so.

**INTERROGATORY NO. 12:** IDENTIFY the specific legal exception to the warrant requirement that YOU contend authorized YOUR warrantless entry to Subject Properties.

**INTERROGATORY NO. 13:** DESCRIBE the specific immediate threat to life or property that YOU believed existed at the moment YOU entered Subject Properties.

**INTERROGATORY NO. 14:** IDENTIFY the individual who gave YOU consent to enter Subject Properties.

**INTERROGATORY NO. 15:** STATE whether consent to enter Subject Properties was documented in writing.

**INTERROGATORY NO. 16:** STATE whether YOU have ever completed any required training on Fourth Amendment compliance, constitutional rights, or search and seizure procedures.

**INTERROGATORY NO. 17:** STATE whether YOU have ever had a determination made concerning YOUR lack of credibility.

**INTERROGATORY NO. 18:** STATE whether YOU have ever had evidence YOU seized under a warrant suppressed by a court due to errors or omissions in the warrant or its execution.

7

**INTERROGATORY NO. 19:** STATE whether YOU observed any cannabis plants at Subject Properties during YOUR inspections.

**INTERROGATORY NO. 20:** STATE whether YOU tested any items from Subject Properties for the presence of cannabis or cannabis residue.

**INTERROGATORY NO. 21:** STATE whether YOU created body camera footage during YOUR entries to Subject Properties.

**INTERROGATORY NO. 22:** STATE what the Notices of Violation for Subject Properties YOU issued were for.

**INTERROGATORY NO. 23:** STATE whether any Notices of Violation YOU issued for Subject Properties were subsequently withdrawn.

**INTERROGATORY NO. 24:** STATE if YOU have ever been sued for or accused of Fourth Amendment violations.

**INTERROGATORY NO. 25:** STATE whether the City and County of San Francisco has agreed to indemnify YOU for any judgment in this case.

Dated: December 22,2024

By: _____

Andrew James Govan Smith
In Pro Se
1742 Yosemite Ave
San Francisco, CA 94124
ajshrestha007@gmail.com
Phone- (415)-855-5968

8

1

**PROOF OF SERVICE**

2  I, OJASWAI SHRESTHA, declare as follows:

3  I am over the age of eighteen years and not a party to the above- entitled action. I served the following document:

4

5  **Interrogatories for Inspector Gary Clifton, in his official capacity, San Francisco Department of Building Inspection**

6  In the case titled:

7  ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through

8  DOE 5 Defendants / Counter Claimants,

9  V.

10  PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity

11  Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San

12  Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain

13  Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

14  Plaintiffs/ Counter Defendants.

15  Case no: 25-cv-04942-SK

16  on the following person at the location specified:

17  Office of City Attorney City and County of San Francisco
   1 Dr. Carlton B. Goodlett Place
18  City Hall, Room 234
   San Francisco, CA 94102
19  Email: Sabrina.M.Berdux@sfcityatty.org

20  in the manner indicated below:

21  ☑BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person at the electronic service address listed above. Such

22  document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in portable document format ("PDF") Adobe Acrobat.

23  I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

24

25  Executed on December 22,2024

26

27  Ojaswai Shrestha
   Sanepa-2, Lalitpur Kathmandu, Nepal

28

# EXHIBIT F

1   Andrew James Govan Smith
    In Pro Se
2   1742 Yosemite Ave
    San Francisco, CA 94124
3   ajshrestha007@gmail.com
    Phone- (415)-855-5968
4
              **IN THE UNITED STATES DISTRICT COURT**
5             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
              **THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING**
6

7   ANDREW GOVAN-SMITH REVOCABLE TRUST,            )
    a California Trust; ANDREW J GOVAN-SMITH       )
8   REVOCABLE TRUST, a California trust; ANDREW    )
    GOVAN-SMITH, an individual; and DOE 1 through DOE 5. )
9   Defendants / Counter Claimants,                )
         V.                                        )
10  PEOPLE OF THE STATE OF CALIFORNIA and CITY     )
11  AND COUNTY OF SAN FRANCISCO, by and through David )
    Chiu, City Attorney for the City and County of San Francisco and ) Case no: 25-cv-04942-SK
12  in their official capacity Inspector Chris Francis Department of ) Interrogatories for Lt.
    Building Inspection, in their official capacity Inspector Gary ) Victor Wong San
13  Clifton Department of Building Inspection, in their official ) Francisco Fire Department,
    capacity Investigator Chelsea Liu Office of Cannabis Control, in ) in his official capacity
14  their official capacity Lt. Victor Wong San Francisco Fire      )
15  Department, in their official capacity Captain Dennis Sy San    )
     Francisco Fire Department, in their official capacity Officer  )
16  Brandon Murray San Francisco Fire Department, in their official )
    capacity DOE 1 through DOE 20 inclusive.       )
17  Plaintiffs/ Counter Defendants.                )
                                                   )
18  _____
19

20  PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
    REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
21  TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
    DOE 5
22

23  RESPONDING PARTY: Lt. Victor Wong, San Francisco Fire Department, in his official

24  capacity

25

26  SET NUMBER: ONE

27

28                                        1

1    **PRELIMINARY STATEMENT**

2

3    Pursuant to Fed.R.Civ.P. 33, Defendants/Counter Claimants hereby serve Lt. Victor Wong with

4    the following Interrogatories directed specifically to his personal knowledge, conduct,

5    participation, observations, and involvement in the events giving rise to this litigation.

6

7    **INSTRUCTIONS**

8

9    **1. Personal Knowledge and Official Capacity**

10

11   These Interrogatories seek information within YOUR personal knowledge, YOUR observations,

12   YOUR actions, YOUR decisions, and information YOU learned from others in YOUR official

13   capacity as an Officer for the San Francisco Fire Department. YOU must answer based on

14   information known to YOU personally, not merely information that might be known to the San

15   Francisco Fire Department generally, unless otherwise specified.

16

17   **2. Time for Response**

18

19   Pursuant to Fed.R.Civ.P. 33(b)(2), YOUR written responses to these Interrogatories are due

20   within 30 days after service.

21

22   **3. Form of Response**

23

24   Each Interrogatory must be answered separately and fully in writing under oath, unless objected

25   to, in which case the objection must state the reasons with specificity. Civil Local Rule 33-1

26   requires that responses set forth each interrogatory in full before each response or objection.

27

28

**4. Verification**

YOUR responses must be verified by YOU personally under penalty of perjury, not by YOUR attorney.

**5. Continuing Duty to Supplement**

These Interrogatories are continuing in nature. YOU are required to supplement YOUR responses if YOU obtain further or different information before trial pursuant to Fed.R.Civ.P. 26(e).

**DEFINITIONS**

**1. "YOU," "YOUR," "OFFICER WONG"**

The terms "YOU," "YOUR," and "OFFICER WONG" mean Lt. Victor Wong individually, in both his personal and official capacity as an Officer for the San Francisco Fire Department.

**2. "SUBJECT PROPERTIES"**

"Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742 Yosemite Avenue, San Francisco, CA 94124, including all interior and exterior areas, curtilage, parking areas, common areas, and any adjacent properties surveilled, monitored, or accessed in connection with The Searches.

**3. "THE SEARCHES"**

"The Searches" refers to any and all entries, fire inspections, observations, investigations,

3

1  surveillances, monitoring, walkthroughs, fire safety enforcement visits, administrative fire

2  inspections, or any physical or visual access to Subject Properties by YOU or any other

3  government official between January 2020 and present.

4

5  **4. "RELEVANT TIME PERIOD"**

6

7  "Relevant Time Period" means January 2020 through present.

8

9  **5. "SFFD"**

10

11  "SFFD" means the San Francisco Fire Department.

12

13  **6. "DEFENDANTS/COUNTER CLAIMANTS"**

14

15  "Defendants/Counter Claimants" refers to ANDREW GOVAN-SMITH REVOCABLE TRUST,

16  ANDREW J GOVAN-SMITH REVOCABLE TRUST, and ANDREW GOVAN-SMITH,

17  individually.

18

19  **7. "DOCUMENT" AND "DOCUMENTS"**

20

21  The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without

22  limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films,

23  audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts,

24  diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or

25  acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-

26  person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes

27  or cables which were prepared, drafted, received or sent, "and every other means of recording

28

4

1  upon any tangible thing any form of communication, representation, including letters, words,

2  pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

3

4   The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P. 34

5  & 26, including but not limited to: writings, drawings, graphs, charts, photographs,

6  phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera

7  footage, surveillance footage, text messages, instant messages (including but not limited to

8  SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar

9  entries, field notes (field notes for all named Defendants and their agencies), dispatch logs

10  (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911

11  recordings, evidence logs, chain of custody records, and any data or data compilation recorded in

12  any medium (electronic, written, or otherwise), whether stored on government servers, cloud

13  platforms, shared drives, personal devices, or in the possession of third parties. Documents

14  include all versions, drafts, and metadata in their native form.

15

16  **8. "COMMUNICATION" AND "COMMUNICATIONS"**

17

18  The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

19  ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR

20  ideas, OR ANY request for the transfer of such information, including, but not limited to,

21  making, sending, OR receiving information from electronic mail messages, social media posts,

22  social media direct messaging applications, any and all mobile phone messaging applications,

23  facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,

24  presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,

25  speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

26  Communications also means any transmission or exchange of information whether oral or

27  written including face-to-face conversations, telephone calls, voicemails, electronic messaging,

28

text messages, encrypted messages, social media direct messages, video conferences, and communications through intermediaries or third parties.

 The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to ANY transmission or exchange of information whether oral or written including face to face conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity itself and all past and present employees, agents, investigators and informants.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** STATE the date YOU most recently received training on Fourth Amendment compliance before entering Subject Properties.

**INTERROGATORY NO. 2:** STATE whether YOU were trained that Camara v. Municipal Court requires either consent or a warrant for administrative inspections.

**INTERROGATORY NO. 3:** DESCRIBE the specific facts known to YOU prior to entry that led YOU to believe a fire code violation existed at Subject Properties.

**INTERROGATORY NO. 4:** IDENTIFY the source of information that first brought Subject Properties to YOUR attention.

**INTERROGATORY NO. 5:** STATE the precise physical location where YOU were standing when YOU observed conditions at Subject Properties before deciding to enter.

**INTERROGATORY NO. 6:** STATE whether one of YOUR objectives in entering Subject Properties was to investigate suspected cannabis cultivation.

**INTERROGATORY NO. 7:** IDENTIFY each City agency or department that communicated with YOU about Subject Properties before YOUR first entry.

6

**INTERROGATORY NO. 8:** STATE the approximate number of administrative warrant affidavits YOU have authored during YOUR career.

**INTERROGATORY NO. 9:** STATE the approximate number of times YOU have entered private properties without a warrant by claiming exigent circumstances during YOUR career.

**INTERROGATORY NO. 10:** STATE the approximate number of times YOU have entered private properties without a warrant by claiming consent during YOUR career.

**INTERROGATORY NO. 11:** STATE whether YOU could have obtained an administrative warrant to inspect Subject Properties if YOU had attempted to do so.

**INTERROGATORY NO. 12:** IDENTIFY the specific legal exception to the warrant requirement that YOU contend authorized YOUR warrantless entry to Subject Properties.

**INTERROGATORY NO. 13:** DESCRIBE the specific immediate threat to life or property that YOU believed existed at the moment YOU entered Subject Properties.

**INTERROGATORY NO. 14:** IDENTIFY the individual who gave YOU consent to enter Subject Properties.

**INTERROGATORY NO. 15:** STATE whether consent to enter Subject Properties was documented in writing.

**INTERROGATORY NO. 16:** STATE whether YOU have ever completed any required training on Fourth Amendment compliance, constitutional rights, or search and seizure procedures.

**INTERROGATORY NO. 17:** STATE whether YOU have ever had a determination made concerning YOUR lack of credibility.

**INTERROGATORY NO. 18:** STATE whether YOU have ever had evidence YOU seized under a warrant suppressed by a court due to errors or omissions in the warrant or its execution.

7

**INTERROGATORY NO. 19:** STATE whether YOU observed any cannabis plants at Subject Properties during YOUR inspections.

**INTERROGATORY NO. 20:** STATE whether YOU tested any items from Subject Properties for the presence of cannabis or cannabis residue.

**INTERROGATORY NO. 21:** STATE whether YOU created body camera footage during YOUR entries to Subject Properties.

**INTERROGATORY NO. 22:** STATE what the Notices of Violation for Subject Properties YOU issued were for.

**INTERROGATORY NO. 23:** STATE whether any Notices of Violation YOU issued for Subject Properties were subsequently withdrawn.

**INTERROGATORY NO. 24:** STATE if YOU have ever been sued for or accused of Fourth Amendment violations.

**INTERROGATORY NO. 25:** STATE whether the City and County of San Francisco has agreed to indemnify YOU for any judgment in this case.

Dated: December 22,2024

By: _____

Andrew James Govan Smith
In Pro Se
1742 Yosemite Ave
San Francisco, CA 94124
ajshrestha007@gmail.com
Phone- (415)-855-5968

8

1

**PROOF OF SERVICE**

2    I, OJASWAI SHRESTHA, declare as follows:

3    I am over the age of eighteen years and not a party to the above- entitled action. I served the following document:

4

5    **Interrogatories for Lt. Victor Wong, in his official capacity, San Francisco Fire Department**

6    In the case titled:

7    ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5 Defendants / Counter Claimants,

8

9    V.

10   PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector

11   Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in

12   their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

13
     Plaintiffs/ Counter Defendants.
14
     Case no: 25-cv-04942-SK
15
     on the following person at the location specified:
16

17   Office of City Attorney City and County of San Francisco
     1 Dr. Carlton B. Goodlett Place
     City Hall, Room 234
18   San Francisco, CA 94102
     Email: Sabrina.M.Berdux@sfcityatty.org
19

20   in the manner indicated below:
     ☑BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic
21   service, I caused the documents to be sent to the person at the electronic service address listed above. Such document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in
22   portable document format ("PDF") Adobe Acrobat.

23   I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

24
     Executed on December 22,2024
25

26
     Ojaswai Shrestha
27   Sanepa-2, Lalitpur Kathmandu, Nepal

28

# EXHIBIT G

1   Andrew James Govan Smith
     In Pro Se
2   1742 Yosemite Ave
     San Francisco, CA 94124
3   ajshrestha007@gmail.com
4   Phone- (415)-855-5968

**IN THE UNITED STATES DISTRICT COURT**
5   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
     **THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING**
6

7   ANDREW GOVAN-SMITH REVOCABLE TRUST,           )
     a California Trust; ANDREW J GOVAN-SMITH         )
8   REVOCABLE TRUST, a California trust; ANDREW      )
     GOVAN-SMITH, an individual; and DOE 1 through DOE 5. )
9   Defendants / Counter Claimants,                      )
       V.                                              )
10  PEOPLE OF THE STATE OF CALIFORNIA and CITY    )
11  AND COUNTY OF SAN FRANCISCO, by and through David )
     Chiu, City Attorney for the City and County of San Francisco and ) Case no: 25-cv-04942-SK
12  in their official capacity Inspector Chris Francis Department of  ) Interrogatories for
     Building Inspection, in their official capacity Inspector Gary  ) Investigator Chelsea Liu,
13  Clifton Department of Building Inspection, in their official      ) in her official capacity,
     capacity Investigator Chelsea Liu Office of Cannabis Control, in ) San Francisco
14  their official capacity Lt. Victor Wong San Francisco Fire        ) Office of Cannabis Control
15  Department, in their official capacity Captain Dennis Sy San      )
      Francisco Fire Department, in their official capacity Officer    )
16  Brandon Murray San Francisco Fire Department, in their official   )
     capacity DOE 1 through DOE 20 inclusive.                         )
17  Plaintiffs/ Counter Defendants.                                   )
                                                                       )
18  _____

19

20  PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
     REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
21  TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
     DOE 5
22

23  RESPONDING PARTY: Investigator Chelsea Liu, San Francisco Office of Cannabis Control, in
24  her official capacity

25

26  SET NUMBER: ONE

27

28  Interrogatories Set One                          1

1    **PRELIMINARY STATEMENT**

2

3    Pursuant to Fed.R.Civ.P. 33, Defendants/Counter Claimants hereby serve Investigator Chelsea

4    Liu with the following Interrogatories directed specifically to her personal knowledge, conduct,

5    participation, observations, and involvement in the events giving rise to this litigation.

6

7    **INSTRUCTIONS**

8

9    **1. Personal Knowledge and Official Capacity**

10

11    These Interrogatories seek information within YOUR personal knowledge, YOUR observations,

12    YOUR actions, YOUR decisions, and information YOU learned from others in YOUR official

13    capacity as an Investigator for the Office of Cannabis Control. YOU must answer based on

14    information known to YOU personally, not merely information that might be known to the San

15    Francisco Office of Cannabis Control generally, unless otherwise specified.

16

17    **2. Time for Response**

18

19    Pursuant to Fed.R.Civ.P. 33(b)(2), YOUR written responses to these Interrogatories are due

20    within 30 days after service.

21

22    **3. Form of Response**

23

24    Each Interrogatory must be answered separately and fully in writing under oath, unless objected

25    to, in which case the objection must state the reasons with specificity. Civil Local Rule 33-1

26    requires that responses set forth each interrogatory in full before each response or objection.

27

28    Interrogatories Set One                    2

1    **4. Verification**

2

3    YOUR responses must be verified by YOU personally under penalty of perjury, not by YOUR

4    attorney.

5

6    **5. Continuing Duty to Supplement**

7

8    These Interrogatories are continuing in nature. YOU are required to supplement YOUR

9    responses if YOU obtain further or different information before trial pursuant to Fed.R.Civ.P.

10    26(e).

11

12    **DEFINITIONS**

13

14    **1. "YOU," "YOUR," "INVESTIGATOR LIU"**

15

16    The terms "YOU," "YOUR," and "INVESTIGATOR LIU" mean Investigator Chelsea Liu

17    individually, in both her personal and official capacity as an Investigator for the San Francisco

18    Office of Cannabis Control.

19

20    **2. "SUBJECT PROPERTIES"**

21

22    "Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742

23    Yosemite Avenue, San Francisco, CA 94124, including all interior and exterior areas, curtilage,

24    parking areas, common areas, and any adjacent properties surveilled, monitored, or accessed in

25    connection with The Searches.

26

27    **3. "THE SEARCHES"**

28    Interrogatories Set One                                    3

1  "The Searches" refers to any and all entries, cannabis compliance inspections, observations,

2  investigations, surveillances, monitoring, walkthroughs, cannabis enforcement visits,

3  administrative cannabis inspections, or any physical or visual access to Subject Properties by

4  YOU or any other government official between January 2020 and present.

5

6  **4. "RELEVANT TIME PERIOD"**

7

8  "Relevant Time Period" means January 2020 through present.

9

10  **5. "OCC"**

11

12  "OCC" means the San Francisco Office of Cannabis Control.

13

14  **6. "DEFENDANTS/COUNTER CLAIMANTS"**

15

16  "Defendants/Counter Claimants" refers to ANDREW GOVAN-SMITH REVOCABLE TRUST,

17  ANDREW J GOVAN-SMITH REVOCABLE TRUST, and ANDREW GOVAN-SMITH,

18  individually.

19

20  **7. "DOCUMENT" AND "DOCUMENTS"**

21

22  The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without

23  limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films,

24  audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts,

25  diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or

26  acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-

27  person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes

28

1  or cables which were prepared, drafted, received or sent, "and every other means of recording

2  upon any tangible thing any form of communication, representation, including letters, words,

3  pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

4

5  The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P. 34

6  & 26, including but not limited to: writings, drawings, graphs, charts, photographs,

7  phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera

8  footage, surveillance footage, text messages, instant messages (including but not limited to

9  SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar

10  entries, field notes (field notes for all named Defendants and their agencies), dispatch logs

11  (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911

12  recordings, evidence logs, chain of custody records, and any data or data compilation recorded in

13  any medium (electronic, written, or otherwise), whether stored on government servers, cloud

14  platforms, shared drives, personal devices, or in the possession of third parties. Documents

15  include all versions, drafts, and metadata in their native form.

16

17  **8. "COMMUNICATION" AND "COMMUNICATIONS"**

18

19  The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

20  ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR

21  ideas, OR ANY request for the transfer of such information, including, but not limited to,

22  making, sending, OR receiving information from electronic mail messages, social media posts,

23  social media direct messaging applications, any and all mobile phone messaging applications,

24  facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,

25  presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,

26  speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

27  Communications also means any transmission or exchange of information whether oral or

28

1  written including face-to-face conversations, telephone calls, voicemails, electronic messaging,

2  text messages, encrypted messages, social media direct messages, video conferences, and

3  communications through intermediaries or third parties.

4

5   The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

6  ANY transmission or exchange of information whether oral or written including face to face

7  conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity

8  itself and all past and present employees, agents, investigators and informants.

9

10  **INTERROGATORIES**

11

12  **INTERROGATORY NO. 1:** STATE the date YOU most recently received training on Fourth

13  Amendment compliance before entering Subject Properties.

14

15  **INTERROGATORY NO. 2:** STATE whether YOU were trained that Camara v. Municipal

16  Court requires either consent or a warrant for administrative inspections.

17  **INTERROGATORY NO. 3:** DESCRIBE the specific facts known to YOU prior to entry that

18  led YOU to believe a cannabis violation existed at Subject Properties.

19

20  **INTERROGATORY NO. 4:** IDENTIFY the source of information that first brought Subject

21  Properties to YOUR attention.

22  **INTERROGATORY NO. 5:** STATE the precise physical location where YOU were standing

23  when YOU observed conditions at Subject Properties before deciding to enter.

24  **INTERROGATORY NO. 6:** STATE whether one of YOUR objectives in entering Subject

25  Properties was to investigate suspected cannabis cultivation.

26

27  **INTERROGATORY NO. 7:** IDENTIFY each City agency or department that communicated

28  with YOU about Subject Properties before YOUR first entry.

Interrogatories Set One                                    6

**INTERROGATORY NO. 8:** STATE the approximate number of administrative warrant affidavits YOU have authored during YOUR career.

**INTERROGATORY NO. 9:** STATE the approximate number of times YOU have entered private properties without a warrant by claiming exigent circumstances during YOUR career.

**INTERROGATORY NO. 10:** STATE the approximate number of times YOU have entered private properties without a warrant by claiming consent during YOUR career.

**INTERROGATORY NO. 11:** STATE whether YOU could have obtained an administrative warrant to inspect Subject Properties if YOU had attempted to do so.

**INTERROGATORY NO. 12:** IDENTIFY the specific legal exception to the warrant requirement that YOU contend authorized YOUR warrantless entry to Subject Properties.

**INTERROGATORY NO. 13:** DESCRIBE the specific immediate threat to life or property that YOU believed existed at the moment YOU entered Subject Properties.

**INTERROGATORY NO. 14:** IDENTIFY the individual who gave YOU consent to enter Subject Properties.

**INTERROGATORY NO. 15:** STATE whether consent to enter Subject Properties was documented in writing.

**INTERROGATORY NO. 16:** STATE whether YOU have ever completed any required training on Fourth Amendment compliance, constitutional rights, or search and seizure procedures.

**INTERROGATORY NO. 17:** STATE whether YOU have ever had a determination made concerning YOUR lack of credibility.

**INTERROGATORY NO. 18:** STATE whether YOU have ever had evidence YOU seized under a warrant suppressed by a court due to errors or omissions in the warrant or its execution.

Interrogatories Set One                                          7

1     **INTERROGATORY NO. 19:** STATE whether YOU observed any cannabis plants at Subject

2     Properties during YOUR inspections.

3
      **INTERROGATORY NO. 20:** STATE whether YOU tested any items from Subject Properties
4
      for the presence of cannabis or cannabis residue.
5

6     **INTERROGATORY NO. 21:** STATE whether YOU created body camera footage during

7     YOUR entries to Subject Properties.

8     **INTERROGATORY NO. 22:** STATE what the Notices of Violation for Subject Properties

9     YOU issued were for.

10
      **INTERROGATORY NO. 23:** STATE whether any Notices of Violation YOU issued for
11
      Subject Properties were subsequently withdrawn.
12

13    **INTERROGATORY NO. 24:** STATE if YOU have ever been sued for or accused of Fourth

14    Amendment violations.

15
      **INTERROGATORY NO. 25:** STATE whether the City and County of San Francisco has
16
      agreed to indemnify YOU for any judgment in this case.
17

18    Dated: December 22,2024

19

20    By: _____

21
      Andrew James Govan Smith
22     In Pro Se
       1742 Yosemite Ave
23     San Francisco, CA 94124
       ajshrestha007@gmail.com
24     Phone- (415)-855-5968

25

26

27

28
      Interrogatories Set One                              8

1

**PROOF OF SERVICE**

2

I, OJASWAI SHRESTHA, declare as follows:

3

I am over the age of eighteen years and not a party to the above- entitled action. I served the following document:

4

5

**Interrogatories for Investigator Chelsea Liu, in her official capacity, Office of Cannabis Control**

6

In the case titled:

7

ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5 Defendants / Counter Claimants,

8

9

V.

10

PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

11

12

13

Plaintiffs/ Counter Defendants.

14

Case no: 25-cv-04942-SK

15

on the following person at the location specified:

16

Office of City Attorney City and County of San Francisco
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, CA 94102
Email: Sabrina.M.Berdux@sfcityatty.org

17

18

19

in the manner indicated below:

20

☑BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person at the electronic service address listed above. Such document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in portable document format ("PDF") Adobe Acrobat.

21

22

23

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

24

Executed on December 22,2024

25

26

Ojaswai Shrestha
Sanepa-2, Lalitpur Kathmandu, Nepal

27

28

# EXHIBIT H

1  Andrew James Govan Smith
    In Pro Se
2  1742 Yosemite Ave
    San Francisco, CA 94124
3  ajshrestha007@gmail.com
4  Phone- (415)-855-5968

**IN THE UNITED STATES DISTRICT COURT**
5  **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING**
6

7  ANDREW GOVAN-SMITH REVOCABLE TRUST,      )
    a California Trust; ANDREW J GOVAN-SMITH       )
8  REVOCABLE TRUST, a California trust; ANDREW    )
    GOVAN-SMITH, an individual; and DOE 1 through DOE 5. )
9  Defendants / Counter Claimants,                )
    V.                                            )
10 PEOPLE OF THE STATE OF CALIFORNIA and CITY  )
11 AND COUNTY OF SAN FRANCISCO, by and through David )
    Chiu, City Attorney for the City and County of San Francisco and ) Case no: 25-cv-04942-SK
12 in their official capacity Inspector Chris Francis Department of  ) Interrogatories for Officer
    Building Inspection, in their official capacity Inspector Gary    ) Brandon Murray San
13 Clifton Department of Building Inspection, in their official      ) Francisco Fire Department,
    capacity Investigator Chelsea Liu Office of Cannabis Control, in  ) in his official capacity
14 their official capacity Lt. Victor Wong San Francisco Fire         )
    Department, in their official capacity Captain Dennis Sy San      )
15  Francisco Fire Department, in their official capacity Officer     )
16 Brandon Murray San Francisco Fire Department, in their official   )
    capacity DOE 1 through DOE 20 inclusive.                         )
17 Plaintiffs/ Counter Defendants.                                   )
                                                                     )
18 ─────────────────────────────────────────────

19

20 PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
    REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
21 TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
    DOE 5
22

23 RESPONDING PARTY: Officer Brandon Murray, San Francisco Fire Department, in his

24 official capacity

25

26 SET NUMBER: ONE

27

28  Interrogatories for Officer Brandon Murray Set One          1

**PRELIMINARY STATEMENT**

Pursuant to Fed.R.Civ.P. 33, Defendants/Counter Claimants hereby serve Officer Brandon Murray with the following Interrogatories directed specifically to his personal knowledge, conduct, participation, observations, and involvement in the events giving rise to this litigation.

**INSTRUCTIONS**

**1. Personal Knowledge and Official Capacity**

These Interrogatories seek information within YOUR personal knowledge, YOUR observations, YOUR actions, YOUR decisions, and information YOU learned from others in YOUR official capacity as an Officer for the San Francisco Fire Department. YOU must answer based on information known to YOU personally, not merely information that might be known to the San Francisco Fire Department generally, unless otherwise specified.

**2. Time for Response**

Pursuant to Fed.R.Civ.P. 33(b)(2), YOUR written responses to these Interrogatories are due within 30 days after service.

**3. Form of Response**

Each Interrogatory must be answered separately and fully in writing under oath, unless objected to, in which case the objection must state the reasons with specificity. Civil Local Rule 33-1 requires that responses set forth each interrogatory in full before each response or objection.

1  **4. Verification**

2

3  YOUR responses must be verified by YOU personally under penalty of perjury, not by YOUR

4  attorney.

5

6  **5. Continuing Duty to Supplement**

7

8  These Interrogatories are continuing in nature. YOU are required to supplement YOUR

9  responses if YOU obtain further or different information before trial pursuant to Fed.R.Civ.P.

10  26(e).

11

12  **DEFINITIONS**

13

14  **1. "YOU," "YOUR," "OFFICER MURRAY"**

15

16  The terms "YOU," "YOUR," and "OFFICER MURRAY" mean Officer Brandon Murray

17  individually, in both his personal and official capacity as an Officer for the San Francisco Fire

18  Department.

19

20  **2. "SUBJECT PROPERTIES"**

21

22  "Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742

23  Yosemite Avenue, San Francisco, CA 94124, including all interior and exterior areas, curtilage,

24  parking areas, common areas, and any adjacent properties surveilled, monitored, or accessed in

25  connection with The Searches.

26

27  **3. "THE SEARCHES"**

28
Interrogatories for Officer Brandon Murray Set One          3

1    "The Searches" refers to any and all entries, fire inspections, observations, investigations,

2    surveillances, monitoring, walkthroughs, fire safety enforcement visits, administrative fire

3    inspections, or any physical or visual access to Subject Properties by YOU or any other

4    government official between January 2020 and present.

5

6    **4. "RELEVANT TIME PERIOD"**

7

8    "Relevant Time Period" means January 2020 through present.

9

10    **5. "SFFD"**

11

12    "SFFD" means the San Francisco Fire Department.

13

14    **6. "DEFENDANTS/COUNTER CLAIMANTS"**

15

16    "Defendants/Counter Claimants" refers to ANDREW GOVAN-SMITH REVOCABLE TRUST,

17    ANDREW J GOVAN-SMITH REVOCABLE TRUST, and ANDREW GOVAN-SMITH,

18    individually.

19

20    **7. "DOCUMENT" AND "DOCUMENTS"**

21

22    The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without

23    limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films,

24    audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts,

25    diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or

26    acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-

27    person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes

28

1  or cables which were prepared, drafted, received or sent, "and every other means of recording

2  upon any tangible thing any form of communication, representation, including letters, words,

3  pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

4

5  The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P. 34

6  & 26, including but not limited to: writings, drawings, graphs, charts, photographs,

7  phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera

8  footage, surveillance footage, text messages, instant messages (including but not limited to

9  SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar

10  entries, field notes (field notes for all named Defendants and their agencies), dispatch logs

11  (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911

12  recordings, evidence logs, chain of custody records, and any data or data compilation recorded in

13  any medium (electronic, written, or otherwise), whether stored on government servers, cloud

14  platforms, shared drives, personal devices, or in the possession of third parties. Documents

15  include all versions, drafts, and metadata in their native form.

16

17  **8. "COMMUNICATION" AND "COMMUNICATIONS"**

18

19  The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

20  ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR

21  ideas, OR ANY request for the transfer of such information, including, but not limited to,

22  making, sending, OR receiving information from electronic mail messages, social media posts,

23  social media direct messaging applications, any and all mobile phone messaging applications,

24  facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,

25  presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,

26  speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

27  Communications also means any transmission or exchange of information whether oral or

28

1    written including face-to-face conversations, telephone calls, voicemails, electronic messaging,

2    text messages, encrypted messages, social media direct messages, video conferences, and

3    communications through intermediaries or third parties.

4

5    The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

6    ANY transmission or exchange of information whether oral or written including face to face

7    conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity

8    itself and all past and present employees, agents, investigators and informants.

9

10   **INTERROGATORIES**

11

12   **INTERROGATORY NO. 1:** STATE the date YOU most recently received training on Fourth

13   Amendment compliance before entering Subject Properties.

14

15   **INTERROGATORY NO. 2:** STATE whether YOU were trained that Camara v. Municipal

16   Court requires either consent or a warrant for administrative inspections.

17   **INTERROGATORY NO. 3:** DESCRIBE the specific facts known to YOU prior to entry that

18   led YOU to believe a fire code violation existed at Subject Properties.

19
20   **INTERROGATORY NO. 4:** IDENTIFY the source of information that first brought Subject

21   Properties to YOUR attention.

22   **INTERROGATORY NO. 5:** STATE the precise physical location where YOU were standing

23   when YOU observed conditions at Subject Properties before deciding to enter.

24   **INTERROGATORY NO. 6:** STATE whether one of YOUR objectives in entering Subject

25   Properties was to investigate suspected cannabis cultivation.

26
27   **INTERROGATORY NO. 7:** IDENTIFY each City agency or department that communicated

28   with YOU about Subject Properties before YOUR first entry.

Interrogatories for Officer Brandon Murray Set One                6

**INTERROGATORY NO. 8:** STATE the approximate number of administrative warrant affidavits YOU have authored during YOUR career.

**INTERROGATORY NO. 9:** STATE the approximate number of times YOU have entered private properties without a warrant by claiming exigent circumstances during YOUR career.

**INTERROGATORY NO. 10:** STATE the approximate number of times YOU have entered private properties without a warrant by claiming consent during YOUR career.

**INTERROGATORY NO. 11:** STATE whether YOU could have obtained an administrative warrant to inspect Subject Properties if YOU had attempted to do so.

**INTERROGATORY NO. 12:** IDENTIFY the specific legal exception to the warrant requirement that YOU contend authorized YOUR warrantless entry to Subject Properties.

**INTERROGATORY NO. 13:** DESCRIBE the specific immediate threat to life or property that YOU believed existed at the moment YOU entered Subject Properties.

**INTERROGATORY NO. 14:** IDENTIFY the individual who gave YOU consent to enter Subject Properties.

**INTERROGATORY NO. 15:** STATE whether consent to enter Subject Properties was documented in writing.

**INTERROGATORY NO. 16:** STATE whether YOU have ever completed any required training on Fourth Amendment compliance, constitutional rights, or search and seizure procedures.

**INTERROGATORY NO. 17:** STATE whether YOU have ever had a determination made concerning YOUR lack of credibility.

**INTERROGATORY NO. 18:** STATE whether YOU have ever had evidence YOU seized under a warrant suppressed by a court due to errors or omissions in the warrant or its execution.

1

2

**INTERROGATORY NO. 19:** STATE whether YOU observed any cannabis plants at Subject Properties during YOUR inspections.

3

4

5

**INTERROGATORY NO. 20:** STATE whether YOU tested any items from Subject Properties for the presence of cannabis or cannabis residue.

6

7

**INTERROGATORY NO. 21:** STATE whether YOU created body camera footage during YOUR entries to Subject Properties.

8

9

**INTERROGATORY NO. 22:** STATE what the Notices of Violation for Subject Properties YOU issued were for.

10

11

12

**INTERROGATORY NO. 23:** STATE whether any Notices of Violation YOU issued for Subject Properties were subsequently withdrawn.

13

14

**INTERROGATORY NO. 24:** STATE if YOU have ever been sued for or accused of Fourth Amendment violations.

15

16

17

**INTERROGATORY NO. 25:** STATE whether the City and County of San Francisco has agreed to indemnify YOU for any judgment in this case.

18

Dated: December 21,2024

19

20

By: _____

21

22

23

24

Andrew James Govan Smith
In Pro Se
1742 Yosemite Ave
San Francisco, CA 94124
ajshrestha007@gmail.com
Phone- (415)-855-5968

25

26

27

28

Interrogatories for Officer Brandon Murray Set One        8

1

**PROOF OF SERVICE**

2    I, OJASWAI SHRESTHA, declare as follows:

3    I am over the age of eighteen years and not a party to the above- entitled action. I served the following document:

4

5    **Interrogatories for Officer Brandon Murray in his official capacity, San Francisco Fire Department**

In the case titled:

6

7    ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5 Defendants / Counter Claimants,

8

V.

9

10    PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

11

12

13    Plaintiffs/ Counter Defendants.

14    Case no: 25-cv-04942-SK

15
on the following person at the location specified:

16

17    Office of City Attorney City and County of San Francisco
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234

18    San Francisco, CA 94102
Email: Sabrina.M.Berdux@sfcityatty.org

19

in the manner indicated below:

20    ☑BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person at the electronic service address listed above. Such document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in portable document format ("PDF") Adobe Acrobat.

21

22

23    I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

24    Executed on December 21,2024

25

26    Ojaswai Shrestha
Sanepa-2, Lalitpur Kathmandu, Nepal

27

28

# EXHIBIT I

1   Andrew James Govan Smith
    In Pro Se
2   1742 Yosemite Ave
    San Francisco, CA 94124
3   ajshrestha007@gmail.com
4   Phone- (415)-855-5968

5           **IN THE UNITED STATES DISTRICT COURT**
          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
6       **THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING**

7

8   ANDREW GOVAN-SMITH REVOCABLE TRUST,                )
    a California Trust; ANDREW J GOVAN-SMITH           )
9   REVOCABLE TRUST, a California trust; ANDREW        )
    GOVAN-SMITH, an individual; and DOE 1 through DOE 5. )
10  Defendants / Counter Claimants,                    )
11       V.                                            )
    PEOPLE OF THE STATE OF CALIFORNIA and CITY         )
12  AND COUNTY OF SAN FRANCISCO, by and through David  )
    Chiu, City Attorney for the City and County of San Francisco and ) Case no: 25-cv-04942-SK
13  in their official capacity Inspector Chris Francis Department of  ) Captain Dennis Sy San
    Building Inspection, in their official capacity Inspector Gary    ) Francisco Fire Department
14  Clifton Department of Building Inspection, in their official      ) in his official capacity
    capacity Investigator Chelsea Liu Office of Cannabis Control, in  ) Request for Admissions
15  their official capacity Lt. Victor Wong San Francisco Fire        )
    Department, in their official capacity Captain Dennis Sy San      )
16  Francisco Fire Department, in their official capacity Officer     )
17  Brandon Murray San Francisco Fire Department, in their official   )
    capacity DOE 1 through DOE 20 inclusive.                          )
18  Plaintiffs/ Counter Defendants.                                  )
                                                                     )
19  _____)

20

21  PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
22  REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
    TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
23  DOE 5

24  RESPONDING PARTY: Captain Dennis Sy, San Francisco Fire Department, in his official

25  capacity

26
    SET NUMBER: ONE
27

28  Request for Admission                           1

**PRELIMINARY STATEMENT**

Pursuant to Fed.R.Civ.P. 36, Defendants/Counter Claimants hereby request that Captain Dennis Sy admit or deny the following matters within 30 days after service of this request.

**INSTRUCTIONS**

**1. Scope and Effect of Admissions**

Pursuant to Fed.R.Civ.P. 36(b), any matter admitted is conclusively established unless the Court permits withdrawal or amendment. Each request must be admitted or denied specifically. Denials must fairly respond to the substance of the matter and must not be evasive.

**2. Time for Response**

Pursuant to Fed.R.Civ.P. 36(a)(3), YOUR written responses are due within 30 days after service. A matter is admitted unless YOU respond within 30 days.

**3. Form of Response**

Each request must be answered separately. If YOU deny a request, YOU must specifically deny it or state in detail why YOU cannot truthfully admit or deny it. A denial must fairly respond to the substance of the request, and when good faith requires that YOU qualify an answer or deny only a part, YOU must specify the part admitted and qualify or deny the rest.

**4. Lack of Information**

YOU cannot deny a request based on lack of information or knowledge unless YOU state that YOU have made reasonable inquiry and that the information YOU know or can readily obtain is insufficient to enable YOU to admit or deny.

**5. Objections**

Any objection must state with specificity the grounds for objection. An objection does not excuse YOU from answering the parts of a request to which YOU do not object.

**6. Verification**

YOUR responses must be signed by YOU personally under penalty of perjury, not solely by YOUR attorney.

**DEFINITIONS**

**1. "YOU," "YOUR," "CAPTAIN SY"**

The terms "YOU," "YOUR," and "CAPTAIN SY" mean Captain Dennis Sy individually, in both his personal and official capacity as an officer for the San Francisco Fire Department. All employees, representatives and any other person acting on your behalf.

**2. "SUBJECT PROPERTIES"**

"Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742 Yosemite Avenue, San Francisco, CA 94124.

**3. "DOCUMENT" AND "DOCUMENTS"**

The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films, audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts, diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes or cables which were prepared, drafted, received or sent, "and every other means of recording upon any tangible thing any form of communication, representation, including letters, words, pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P. 34 & 26, including but not limited to: writings, drawings, graphs, charts, photographs, phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera footage, surveillance footage, text messages, instant messages (including but not limited to SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar entries, field notes (field notes for all named Defendants and their agencies), dispatch logs (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911 recordings, evidence logs, chain of custody records, and any data or data compilation recorded in any medium (electronic, written, or otherwise), whether stored on government servers, cloud

1  platforms, shared drives, personal devices, or in the possession of third parties. Documents
2  include all versions, drafts, and metadata in their native form.

3  **4. "THE SEARCHES"**

4  "The Searches" refers to any and all entries, inspections, or access to Subject Properties by YOU
5  or other government officials between January 2020 and present.

6  **5. "SFFD"**

7  "SFFD" means the San Francisco Fire Department.

8  **6. "COMMUNICATION" AND "COMMUNICATIONS"**

9   The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to
10 ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR
11 ideas, OR ANY request for the transfer of such information, including, but not limited to,
12 making, sending, OR receiving information from electronic mail messages, social media posts,
13 social media direct messaging applications, any and all mobile phone messaging applications,
14 facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,
15 presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,
16 speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.
17 Communications also means any transmission or exchange of information whether oral or
18 written including face-to-face conversations, telephone calls, voicemails, electronic messaging,
19 text messages, encrypted messages, social media direct messages, video conferences, and
20 communications through intermediaries or third parties.
21 The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to
22 ANY transmission or exchange of information whether oral or written including face to face
23 conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity
24 itself and all past and present employees, agents, investigators and informants.

25

26 **REQUESTS FOR ADMISSION**

27 <u>**REQUEST FOR ADMISSION NO. 1:**</u>

28

1  ADMIT that YOU received training regarding the Fourth Amendment to the United States

2  Constitution during YOUR employment with SFFD.

3  **REQUEST FOR ADMISSION NO. 2:**

4
5  ADMIT that YOU were trained that administrative inspections generally require either consent

   or a warrant, pursuant to Camara v. Municipal Court.

6  **REQUEST FOR ADMISSION NO. 3:**

7
8  ADMIT that YOU were trained that investigating suspected criminal activity (such as illegal

9  cannabis cultivation) requires a warrant based on probable cause.

10 **REQUEST FOR ADMISSION NO. 4:**

11 ADMIT that SFFD policy requires YOU to obtain a warrant for inspections where there is no

12 immediate emergency and consent has been refused or not obtained.

13
14 **REQUEST FOR ADMISSION NO. 5:**

15 ADMIT that YOU did not possess an inspection warrant signed by a Judge or Magistrate when

16 YOU entered the SUBJECT PROPERTIES.

17 **REQUEST FOR ADMISSION NO. 6:**

18 ADMIT that YOU did not possess a criminal search warrant signed by a Judge or Magistrate

19 when YOU entered the SUBJECT PROPERTIES.

20 **REQUEST FOR ADMISSION NO. 7:**

21
22 ADMIT that YOU never applied for a warrant to inspect the SUBJECT PROPERTIES prior to

   YOUR entries.

23
24 **REQUEST FOR ADMISSION NO. 8:**

25 ADMIT that YOU had sufficient time to apply for a warrant before entering the SUBJECT

26 PROPERTIES.

27 **REQUEST FOR ADMISSION NO. 9:**

28
   Request for Admission                                    5

1  ADMIT that YOU did not obtain written consent from Andrew Govan-Smith to enter the

2  SUBJECT PROPERTIES.

3  **REQUEST FOR ADMISSION NO. 10:**

4
5  ADMIT that YOU do not possess a signed consent form authorizing YOUR entry into the

6  SUBJECT PROPERTIES.

7  **REQUEST FOR ADMISSION NO. 11:**

8  ADMIT that YOU did not record (via body-worn camera, audio, or video) any person granting

9  YOU verbal consent to enter the SUBJECT PROPERTIES.

10  **REQUEST FOR ADMISSION NO. 12:**

11  ADMIT that YOU did not inform the occupants of the SUBJECT PROPERTIES that they had

12  the right to refuse consent to YOUR inspection.

13
14  **REQUEST FOR ADMISSION NO. 13:**

15  ADMIT that there was no active fire at the SUBJECT PROPERTIES at the time of YOUR

16  inspections.

17  **REQUEST FOR ADMISSION NO. 14:**

18  ADMIT that there was no structural collapse or explosion at the SUBJECT PROPERTIES at the

19  time of YOUR inspections.

20  **REQUEST FOR ADMISSION NO. 15:**

21
22  ADMIT that YOU were not responding to a 9-1-1 emergency call regarding the SUBJECT

23  PROPERTIES at the time of YOUR entries.

24  **REQUEST FOR ADMISSION NO. 16:**

25  ADMIT that there was no imminent threat to life or physical safety requiring immediate entry

26  into the SUBJECT PROPERTIES without delaying or obtaining a warrant.

27  **REQUEST FOR ADMISSION NO. 17:**

28

1   ADMIT that the alleged fire code violations (such as expired extinguishers) did not constitute an

2   immediate emergency requiring warrantless entry.

3   **REQUEST FOR ADMISSION NO. 18:**

4   ADMIT that prior to entering the SUBJECT PROPERTIES, YOU suspected the properties were

5   being used for cannabis cultivation.

6   **REQUEST FOR ADMISSION NO. 19:**

7

8   ADMIT that one of the purposes of YOUR inspection was to investigate potential cannabis

9   cultivation.

10  **REQUEST FOR ADMISSION NO. 20:**

11  ADMIT that YOU coordinated YOUR inspection of the SUBJECT PROPERTIES with the

12  Office of Cannabis Control.

13  **REQUEST FOR ADMISSION NO. 21:**

14

15  ADMIT that YOU communicated with Investigator Chelsea Liu regarding the SUBJECT

16  PROPERTIES prior to YOUR entry.

17  **REQUEST FOR ADMISSION NO. 22:**

18  ADMIT that YOU communicated with Inspector Gary Clifton regarding the SUBJECT

19  PROPERTIES prior to YOUR entry.

20  **REQUEST FOR ADMISSION NO. 23:**

21  ADMIT that YOU found no cannabis plants at the SUBJECT PROPERTIES.

22

23  **REQUEST FOR ADMISSION NO. 24:**

24  ADMIT that YOU seized no evidence of cannabis cultivation from the SUBJECT

25  PROPERTIES.

26  **REQUEST FOR ADMISSION NO. 25:**

27  ADMIT that YOU entered the SUBJECT PROPERTIES on multiple separate occasions.

28

Request for Admission                                    7

1

**REQUEST FOR ADMISSION NO. 26:**

2

ADMIT that YOU accessed multiple interior rooms within the SUBJECT PROPERTIES during

3

YOUR inspections.

4

**REQUEST FOR ADMISSION NO. 27:**

5

ADMIT that YOU took photographs inside the SUBJECT PROPERTIES.

6

7

**REQUEST FOR ADMISSION NO. 28:**

8

ADMIT that YOU did not wear a body-worn camera during YOUR inspections of the SUBJECT

9

PROPERTIES.

10

**REQUEST FOR ADMISSION NO. 29:**

11

ADMIT that YOU did not create contemporaneous field notes during YOUR inspections.

12

**REQUEST FOR ADMISSION NO. 30:**

13

14

ADMIT that YOU entered the SUBJECT PROPERTIES without the owner present.

15

**REQUEST FOR ADMISSION NO. 31:**

16

ADMIT that YOU issued a Notice of Violation for 1723-1727 Wallace Avenue on or about June

17

13, 2023.

18

**REQUEST FOR ADMISSION NO. 32:**

19

20

ADMIT that the Notice of Violation for 1723-1727 Wallace Avenue was subsequently

21

withdrawn, rescinded, or dismissed.

22

**REQUEST FOR ADMISSION NO. 33:**

23

ADMIT that YOU issued a Notice of Violation for 1742 Yosemite Avenue on or about April 16,

24

2024.

25

**REQUEST FOR ADMISSION NO. 34:**

26

ADMIT that the Notice of Violation for 1742 Yosemite Avenue was subsequently withdrawn,

27

rescinded, or dismissed.

28

Request for Admission

8

**REQUEST FOR ADMISSION NO. 35:**

ADMIT that no final enforcement action was taken against the SUBJECT PROPERTIES regarding the fire code violations YOU cited.

**REQUEST FOR ADMISSION NO. 36:**

ADMIT that YOU are aware of YOUR duty to preserve evidence relevant to this litigation.

**REQUEST FOR ADMISSION NO. 37:**

ADMIT that YOU cannot produce a warrant authorizing YOUR entry into the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 38:**

ADMIT that YOU cannot produce any video evidence documenting the moment YOU entered the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 39:**

ADMIT that the Inspection Reports produced in discovery bearing YOUR name are authentic and were prepared by YOU.

**REQUEST FOR ADMISSION NO. 40:**

ADMIT that the Notices of Violation produced in discovery bearing YOUR name are authentic and were issued by YOU.

**REQUEST FOR ADMISSION NO. 41:**

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without a warrant.

**REQUEST FOR ADMISSION NO. 42:**

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without express consent from the property owner.

**REQUEST FOR ADMISSION NO. 43:**

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without the presence of

Request for Admission                          9

1    exigent circumstances.

2    **REQUEST FOR ADMISSION NO. 44:**

3    ADMIT that a reasonable fire inspector in YOUR position would have known that warrantless

4    entry into a private commercial building without consent or exigency violates the Fourth

5    Amendment.

6    **REQUEST FOR ADMISSION NO. 45:**

7    ADMIT that YOU do not hold a valid California Peace Officer Standards and Training (POST)

8

9    Basic Certificate.

10    **REQUEST FOR ADMISSION NO. 46:**

11    ADMIT that YOU possess no formal, accredited certification specifically regarding the

12    identification of cannabis cultivation equipment or botany.

13    **REQUEST FOR ADMISSION NO. 47:**

14

15    ADMIT that YOU are not a licensed structural engineer in the State of California.

16    **REQUEST FOR ADMISSION NO. 48:**

17    ADMIT that YOU are not a licensed electrician in the State of California.

18    **REQUEST FOR ADMISSION NO. 49:**

19

20    ADMIT that YOU have never been qualified as an expert witness in any state or federal court on

21    the subject of cannabis cultivation operations.

22    **REQUEST FOR ADMISSION NO. 50:**

23    ADMIT that YOU have never received training authorizing YOU to use fire safety inspections as

24    a pretext to assist law enforcement in criminal investigations.

25    **REQUEST FOR ADMISSION NO. 51:**

26    ADMIT that YOU did not conduct testing for cannabis or cannabis residue during the searches

27    of the Subject Properties.

28    Request for Admission                                    10

1  Dated: December 22, 2024

2

3  By: _____

4

5  Andrew James Govan Smith
   In Pro Se

6  1742 Yosemite Ave
   San Francisco, CA 94124

7  ajshrestha007@gmail.com
   Phone- (415)-855-5968

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   Request for Admission                    11

1

**PROOF OF SERVICE**

2

I, OJASWAI SHRESTHA, declare as follows:

3

I am over the age of eighteen years and not a party to the above- entitled action. I served the following document:

4

5

**Request for Admissions for Captain Dennis Sy, in his official capacity, San Francisco Fire Department**

6

In the case titled:

7

ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5 Defendants / Counter Claimants,

8

9

V.

10

PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

11

12

13

Plaintiffs/ Counter Defendants.

14

Case no: 25-cv-04942-SK

15

on the following person at the location specified:

16

Office of City Attorney City and County of San Francisco
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, CA 94102
Email: Sabrina.M.Berdux@sfcityatty.org

17

18

19

in the manner indicated below:
☑BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person at the electronic service address listed above. Such document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in portable document format ("PDF") Adobe Acrobat.

20

21

22

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

23

24

Executed on December 22,2024

25

26

Ojaswai Shrestha
Sanepa-2, Lalitpur Kathmandu, Nepal

27

28

# EXHIBIT J

1  Andrew James Govan Smith
   In Pro Se
2  1742 Yosemite Ave
   San Francisco, CA 94124
3  ajshrestha007@gmail.com
   Phone- (415)-855-5968
4
                    **IN THE UNITED STATES DISTRICT COURT**
5                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
              **THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING**
6

7  ANDREW GOVAN-SMITH REVOCABLE TRUST,        )
   a California Trust; ANDREW J GOVAN-SMITH   )
8  REVOCABLE TRUST, a California trust; ANDREW )
   GOVAN-SMITH, an individual; and DOE 1 through DOE 5. )
9  Defendants / Counter Claimants,            )
      V.                                      )
10 PEOPLE OF THE STATE OF CALIFORNIA and CITY )
11 AND COUNTY OF SAN FRANCISCO, by and through David )
   Chiu, City Attorney for the City and County of San Francisco and ) Case no: 25-cv-04942-SK
12 in their official capacity Inspector Chris Francis Department of ) Request for Admission
   Building Inspection, in their official capacity Inspector Gary ) Investigator Chelsea Liu,
13 Clifton Department of Building Inspection, in their official ) in her official capacity,
   capacity Investigator Chelsea Liu Office of Cannabis Control, in ) San Francisco
14 their official capacity Lt. Victor Wong San Francisco Fire ) Office of Cannabis Control
   Department, in their official capacity Captain Dennis Sy San )
15  Francisco Fire Department, in their official capacity Officer )
16 Brandon Murray San Francisco Fire Department, in their official )
   capacity DOE 1 through DOE 20 inclusive.   )
17 Plaintiffs/ Counter Defendants.            )
                                              )
18 ─────────────────────────────────────────────

19

20 PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
   REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
21 TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
22 DOE 5

23 RESPONDING PARTY: Investigator Chelsea Liu, San Francisco Office of Cannabis Control, in

24 her official capacity

25

26 SET NUMBER: ONE

27

28
   Request for Admission                      1

**PRELIMINARY STATEMENT**

Pursuant to Fed.R.Civ.P. 36, Defendants/Counter Claimants hereby request that Investigator Chelsea Liu admit or deny the following matters within 30 days after service of this request.

**INSTRUCTIONS**

**1. Scope and Effect of Admissions**

Pursuant to Fed.R.Civ.P. 36(b), any matter admitted is conclusively established unless the Court permits withdrawal or amendment. Each request must be admitted or denied specifically. Denials must fairly respond to the substance of the matter and must not be evasive.

**2. Time for Response**

Pursuant to Fed.R.Civ.P. 36(a)(3), YOUR written responses are due within 30 days after service. A matter is admitted unless YOU respond within 30 days.

**3. Form of Response**

Each request must be answered separately. If YOU deny a request, YOU must specifically deny it or state in detail why YOU cannot truthfully admit or deny it. A denial must fairly respond to the substance of the request, and when good faith requires that YOU qualify an answer or deny only a part, YOU must specify the part admitted and qualify or deny the rest.

**4. Lack of Information**

YOU cannot deny a request based on lack of information or knowledge unless YOU state that YOU have made reasonable inquiry and that the information YOU know or can readily obtain is insufficient to enable YOU to admit or deny.

**5. Objections**

Any objection must state with specificity the grounds for objection. An objection does not excuse YOU from answering the parts of a request to which YOU do not object.

**6. Verification**

YOUR responses must be signed by YOU personally under penalty of perjury, not solely by YOUR attorney.

**DEFINITIONS**

**1. "YOU," "YOUR," "INVESTIGATOR LIU"**

The terms "YOU," "YOUR," and "INVESTIGATOR LIU" mean Investigator Chelsea Liu individually, in both her personal and official capacity as an Investigator for the San Francisco Office of Cannabis Control.

**2. "SUBJECT PROPERTIES"**

"Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742 Yosemite Avenue, San Francisco, CA 94124.

**3. "DOCUMENT" AND "DOCUMENTS"**

The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films, audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts, diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes or cables which were prepared, drafted, received or sent, "and every other means of recording upon any tangible thing any form of communication, representation, including letters, words, pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P. 34 & 26, including but not limited to: writings, drawings, graphs, charts, photographs, phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera footage, surveillance footage, text messages, instant messages (including but not limited to SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar entries, field notes (field notes for all named Defendants and their agencies), dispatch logs (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911 recordings, evidence logs, chain of custody records, and any data or data compilation recorded in any medium (electronic, written, or otherwise), whether stored on government servers, cloud

1   platforms, shared drives, personal devices, or in the possession of third parties. Documents

2   include all versions, drafts, and metadata in their native form.

3   **4. "THE SEARCHES"**

4   "The Searches" refers to any and all entries, inspections, or access to Subject Properties by YOU

5   or other government officials between January 2020 and present.

6   **5. "OCC"**

7   "OCC" means the San Francisco Office of Cannabis Control.

8   **6. "COMMUNICATION" AND "COMMUNICATIONS"**

9    The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

10  ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR

11  ideas, OR ANY request for the transfer of such information, including, but not limited to,

12  making, sending, OR receiving information from electronic mail messages, social media posts,

13  social media direct messaging applications, any and all mobile phone messaging applications,

14  facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,

15  presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,

16  speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

17  Communications also means any transmission or exchange of information whether oral or

18  written including face-to-face conversations, telephone calls, voicemails, electronic messaging,

19  text messages, encrypted messages, social media direct messages, video conferences, and

20  communications through intermediaries or third parties.

21  The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

22  ANY transmission or exchange of information whether oral or written including face to face

23  conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity

24  itself and all past and present employees, agents, investigators and informants.

25

26  **REQUESTS FOR ADMISSION**

27  **REQUEST FOR ADMISSION NO. 1:**

28
    Request for Admission                                    4

1    ADMIT that YOU received training regarding the Fourth Amendment to the United States

2    Constitution during YOUR employment with OCC.

3    **REQUEST FOR ADMISSION NO. 2:**

4
     ADMIT that YOU were trained that administrative inspections generally require either consent
5
     or a warrant, pursuant to Camara v. Municipal Court.
6
7    **REQUEST FOR ADMISSION NO. 3:**

8    ADMIT that YOU were trained that investigating suspected criminal activity (such as illegal

9    cannabis cultivation) requires a warrant based on probable cause.

10   **REQUEST FOR ADMISSION NO. 4:**

11
     ADMIT that OCC policy requires YOU to obtain a warrant for inspections where there is no
12
     immediate emergency and consent has been refused or not obtained.
13
14   **REQUEST FOR ADMISSION NO. 5:**

15   ADMIT that YOU did not possess an inspection warrant signed by a Judge or Magistrate when

16   YOU entered the SUBJECT PROPERTIES.

17   **REQUEST FOR ADMISSION NO. 6:**

18   ADMIT that YOU did not possess a criminal search warrant signed by a Judge or Magistrate

19   when YOU entered the SUBJECT PROPERTIES.

20   **REQUEST FOR ADMISSION NO. 7:**

21
     ADMIT that YOU never applied for a warrant to inspect the SUBJECT PROPERTIES prior to
22
     YOUR entries.
23
24   **REQUEST FOR ADMISSION NO. 8:**

25   ADMIT that YOU had sufficient time to apply for a warrant before entering the SUBJECT

26   PROPERTIES.

27   **REQUEST FOR ADMISSION NO. 9:**

28
     Request for Admission                                    5

1    ADMIT that YOU did not obtain written consent from Andrew Govan-Smith to enter the

2    SUBJECT PROPERTIES.

3    **REQUEST FOR ADMISSION NO. 10:**

4
     ADMIT that YOU do not possess a signed consent form authorizing YOUR entry into the
5
     SUBJECT PROPERTIES.
6
7    **REQUEST FOR ADMISSION NO. 11:**

8    ADMIT that YOU did not record (via body-worn camera, audio, or video) any person granting

9    YOU verbal consent to enter the SUBJECT PROPERTIES.

10   **REQUEST FOR ADMISSION NO. 12:**

11
     ADMIT that YOU did not inform the occupants of the SUBJECT PROPERTIES that they had
12
     the right to refuse consent to YOUR inspection.
13
14   **REQUEST FOR ADMISSION NO. 13:**

15   ADMIT that there was no active fire at the SUBJECT PROPERTIES at the time of YOUR

16   inspections.

17   **REQUEST FOR ADMISSION NO. 14:**

18   ADMIT that there was no structural collapse or explosion at the SUBJECT PROPERTIES at the

19   time of YOUR inspections.

20   **REQUEST FOR ADMISSION NO. 15:**

21
     ADMIT that YOU were not responding to a 9-1-1 emergency call regarding the SUBJECT
22
     PROPERTIES at the time of YOUR entries.
23
24   **REQUEST FOR ADMISSION NO. 16:**

25   ADMIT that there was no imminent threat to life or physical safety requiring immediate entry

26   into the SUBJECT PROPERTIES without delaying or obtaining a warrant.

27   **REQUEST FOR ADMISSION NO. 17:**

28
     Request for Admission                                6

1    ADMIT that the alleged cannabis violations did not constitute an immediate emergency requiring

2    warrantless entry.

3    **REQUEST FOR ADMISSION NO. 18:**

4
     ADMIT that prior to entering the SUBJECT PROPERTIES, YOU suspected the properties were
5
     being used for cannabis cultivation.
6

7    **REQUEST FOR ADMISSION NO. 19:**

8    ADMIT that one of the purposes of YOUR inspection was to investigate potential cannabis

9    cultivation.

10   **REQUEST FOR ADMISSION NO. 20:**

11   ADMIT that YOU coordinated YOUR inspection of the SUBJECT PROPERTIES with the San

12   Francisco Fire Department.

13
     **REQUEST FOR ADMISSION NO. 21:**
14

15   ADMIT that YOU communicated with Captain Dennis Sy regarding the SUBJECT

16   PROPERTIES prior to YOUR entry.

17   **REQUEST FOR ADMISSION NO. 22:**

18   ADMIT that YOU communicated with Inspector Gary Clifton regarding the SUBJECT

19   PROPERTIES prior to YOUR entry.

20   **REQUEST FOR ADMISSION NO. 23:**

21
     ADMIT that YOU found no cannabis plants at the SUBJECT PROPERTIES.
22

23   **REQUEST FOR ADMISSION NO. 24:**

24   ADMIT that YOU seized no evidence of cannabis cultivation from the SUBJECT

25   PROPERTIES.

26   **REQUEST FOR ADMISSION NO. 25:**

27   ADMIT that YOU entered the SUBJECT PROPERTIES on multiple separate occasions.

28
     Request for Admission                                    7

1

**REQUEST FOR ADMISSION NO. 26:**

2

3

ADMIT that YOU accessed multiple interior rooms within the SUBJECT PROPERTIES during

YOUR inspections.

4

**REQUEST FOR ADMISSION NO. 27:**

5

6

ADMIT that YOU took photographs inside the SUBJECT PROPERTIES.

7

**REQUEST FOR ADMISSION NO. 28:**

8

ADMIT that YOU did not wear a body-worn camera during YOUR inspections of the SUBJECT

9

PROPERTIES.

10

**REQUEST FOR ADMISSION NO. 29:**

11

12

ADMIT that YOU did not create contemporaneous field notes during YOUR inspections.

13

**REQUEST FOR ADMISSION NO. 30:**

14

ADMIT that YOU entered the SUBJECT PROPERTIES without the owner present.

15

**REQUEST FOR ADMISSION NO. 31:**

16

ADMIT that YOU issued a Notice of Violation for 1723-1727 Wallace Avenue on or about June

17

13, 2023.

18

**REQUEST FOR ADMISSION NO. 32:**

19

20

ADMIT that the Notice of Violation for 1723-1727 Wallace Avenue was subsequently

21

withdrawn, rescinded, or dismissed.

22

**REQUEST FOR ADMISSION NO. 33:**

23

ADMIT that YOU issued a Notice of Violation for 1742 Yosemite Avenue on or about April 16,

24

2024.

25

**REQUEST FOR ADMISSION NO. 34:**

26

27

ADMIT that the Notice of Violation for 1742 Yosemite Avenue was subsequently withdrawn,

rescinded, or dismissed.

28

Request for Admission

8

1

**REQUEST FOR ADMISSION NO. 35:**

2

3

ADMIT that no final enforcement action was taken against the SUBJECT PROPERTIES regarding the alleged cannabis code violations YOU cited.

4

**REQUEST FOR ADMISSION NO. 36:**

5

6

ADMIT that YOU are aware of YOUR duty to preserve evidence relevant to this litigation.

7

**REQUEST FOR ADMISSION NO. 37:**

8

ADMIT that YOU cannot produce a warrant authorizing YOUR entry into the SUBJECT

9

PROPERTIES.

10

**REQUEST FOR ADMISSION NO. 38:**

11

12

ADMIT that YOU cannot produce any video evidence documenting the moment YOU entered the SUBJECT PROPERTIES.

13

14

**REQUEST FOR ADMISSION NO. 39:**

15

ADMIT that the Inspection Reports produced in discovery bearing YOUR name are authentic

16

and were prepared by YOU.

17

**REQUEST FOR ADMISSION NO. 40:**

18

19

ADMIT that the Notices of Violation produced in discovery bearing YOUR name are authentic and were issued by YOU.

20

21

**REQUEST FOR ADMISSION NO. 41:**

22

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without a warrant.

23

**REQUEST FOR ADMISSION NO. 42:**

24

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without express consent

25

from the property owner.

26

**REQUEST FOR ADMISSION NO. 43:**

27

28

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without the presence of

Request for Admission                                        9

1   exigent circumstances.

2   **REQUEST FOR ADMISSION NO. 44:**

3
4   ADMIT that a reasonable cannabis investigator in YOUR position would have known that
    warrantless entry into a private commercial building without consent or exigency violates the
5   Fourth Amendment.

6   **REQUEST FOR ADMISSION NO. 45:**

7
8   ADMIT that YOU do not hold a valid California Peace Officer Standards and Training (POST)
9   Basic Certificate.

10  **REQUEST FOR ADMISSION NO. 46:**

11  ADMIT that YOU possess no formal, accredited certification specifically regarding the
12  identification of cannabis cultivation equipment or botany.

13
14  **REQUEST FOR ADMISSION NO. 47:**

15  ADMIT that YOU are not a licensed structural engineer in the State of California.

16  **REQUEST FOR ADMISSION NO. 48:**

17  ADMIT that YOU are not a licensed electrician in the State of California.

18  **REQUEST FOR ADMISSION NO. 49:**

19
20  ADMIT that YOU have never been qualified as an expert witness in any state or federal court on
    the subject of cannabis cultivation operations.
21
22  **REQUEST FOR ADMISSION NO. 50:**

23  ADMIT that YOU have never received training authorizing YOU to use cannabis compliance
24  inspections as a pretext to assist law enforcement in criminal investigations.

25  **REQUEST FOR ADMISSION NO. 51:**

26  ADMIT that YOU did not conduct testing for cannabis or cannabis residue during the searches
27  of the Subject Properties.

28  Request for Admission                                    10

1  Dated: December 22, 2024

2

3  By: _____

4

5  Andrew James Govan Smith
   In Pro Se
6  1742 Yosemite Ave
   San Francisco, CA 94124
7  ajshrestha007@gmail.com
   Phone- (415)-855-5968
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Request for Admission                    11

**PROOF OF SERVICE**

I, OJASWAI SHRESTHA, declare as follows:

I am over the age of eighteen years and not a party to the above- entitled action. I served the following document:

**Request for Admission for Investigator Chelsea Liu, in her official capacity, Office of Cannabis Control**

In the case titled:

ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5 Defendants / Counter Claimants,

V.

PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

Plaintiffs/ Counter Defendants.

Case no: 25-cv-04942-SK

on the following person at the location specified:

Office of City Attorney City and County of San Francisco
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, CA 94102
Email: Sabrina.M.Berdux@sfcityatty.org

in the manner indicated below:
☑ BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person at the electronic service address listed above. Such document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in portable document format ("PDF") Adobe Acrobat.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on December 22,2024

Ojaswai Shrestha
Sanepa-2, Lalitpur Kathmandu, Nepal

# EXHIBIT K

1  Andrew James Govan Smith
    In Pro Se
2  1742 Yosemite Ave
    San Francisco, CA 94124
3  ajshrestha007@gmail.com
    Phone- (415)-855-5968
4

5              **IN THE UNITED STATES DISTRICT COURT**
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
6       **THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING**

7

8  ANDREW GOVAN-SMITH REVOCABLE TRUST,              )
    a California Trust; ANDREW J GOVAN-SMITH          )
9  REVOCABLE TRUST, a California trust; ANDREW       )
    GOVAN-SMITH, an individual; and DOE 1 through DOE 5. )
10 Defendants / Counter Claimants,                   )
        V.                                           )
11 PEOPLE OF THE STATE OF CALIFORNIA and CITY        )
12 AND COUNTY OF SAN FRANCISCO, by and through David )
    Chiu, City Attorney for the City and County of San Francisco and ) Case no: 25-cv-04942-SK
13 in their official capacity Inspector Chris Francis Department of ) Lt. Victor Wong San
    Building Inspection, in their official capacity Inspector Gary ) Francisco Fire Department
14 Clifton Department of Building Inspection, in their official ) in his official capacity
    capacity Investigator Chelsea Liu Office of Cannabis Control, in ) Request for Admissions
15 their official capacity Lt. Victor Wong San Francisco Fire    )
    Department, in their official capacity Captain Dennis Sy San   )
16 Francisco Fire Department, in their official capacity Officer   )
17 Brandon Murray San Francisco Fire Department, in their official )
    capacity DOE 1 through DOE 20 inclusive.          )
18 Plaintiffs/ Counter Defendants.                    )
                                                      )
19 _____)

20

21 PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
22 REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
    TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
23 DOE 5

24 RESPONDING PARTY: Lt. Victor Wong, San Francisco Fire Department, in his official

25 capacity

26
27 SET NUMBER: ONE

28
    Request for Admission                          1

**PRELIMINARY STATEMENT**

Pursuant to Fed.R.Civ.P. 36, Defendants/Counter Claimants hereby request that Lt. Victor Wong admit or deny the following matters within 30 days after service of this request.

**INSTRUCTIONS**

**1. Scope and Effect of Admissions**

Pursuant to Fed.R.Civ.P. 36(b), any matter admitted is conclusively established unless the Court permits withdrawal or amendment. Each request must be admitted or denied specifically. Denials must fairly respond to the substance of the matter and must not be evasive.

**2. Time for Response**

Pursuant to Fed.R.Civ.P. 36(a)(3), YOUR written responses are due within 30 days after service. A matter is admitted unless YOU respond within 30 days.

**3. Form of Response**

Each request must be answered separately. If YOU deny a request, YOU must specifically deny it or state in detail why YOU cannot truthfully admit or deny it. A denial must fairly respond to the substance of the request, and when good faith requires that YOU qualify an answer or deny only a part, YOU must specify the part admitted and qualify or deny the rest.

**4. Lack of Information**

YOU cannot deny a request based on lack of information or knowledge unless YOU state that YOU have made reasonable inquiry and that the information YOU know or can readily obtain is insufficient to enable YOU to admit or deny.

**5. Objections**

Any objection must state with specificity the grounds for objection. An objection does not excuse YOU from answering the parts of a request to which YOU do not object.

**6. Verification**

YOUR responses must be signed by YOU personally under penalty of perjury, not solely by YOUR attorney.

Request for Admission                    2

**DEFINITIONS**

**1. "YOU," "YOUR," "LT. WONG"**

The terms "YOU," "YOUR," and "LT. WONG" mean Lt. Victor Wong individually, in both his personal and official capacity as an officer for the San Francisco Fire Department. All employees, representatives and any other person acting on your behalf.

**2. "SUBJECT PROPERTIES"**

"Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742 Yosemite Avenue, San Francisco, CA 94124.

**3. "DOCUMENT" AND "DOCUMENTS"**

The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films, audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts, diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes or cables which were prepared, drafted, received or sent, "and every other means of recording upon any tangible thing any form of communication, representation, including letters, words, pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P. 34 & 26, including but not limited to: writings, drawings, graphs, charts, photographs, phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera footage, surveillance footage, text messages, instant messages (including but not limited to SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar entries, field notes (field notes for all named Defendants and their agencies), dispatch logs (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911 recordings, evidence logs, chain of custody records, and any data or data compilation recorded in any medium (electronic, written, or otherwise), whether stored on government servers, cloud

1   platforms, shared drives, personal devices, or in the possession of third parties. Documents

2   include all versions, drafts, and metadata in their native form.

3   **4. "THE SEARCHES"**

4   "The Searches" refers to any and all entries, inspections, or access to Subject Properties by YOU

5   or other government officials between January 2020 and present.

6   **5. "SFFD"**

7   "SFFD" means the San Francisco Fire Department.

8   **6. "COMMUNICATION" AND "COMMUNICATIONS"**

9   The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

10  ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR

11  ideas, OR ANY request for the transfer of such information, including, but not limited to,

12  making, sending, OR receiving information from electronic mail messages, social media posts,

13  social media direct messaging applications, any and all mobile phone messaging applications,

14  facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,

15  presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,

16  speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

17  Communications also means any transmission or exchange of information whether oral or

18  written including face-to-face conversations, telephone calls, voicemails, electronic messaging,

19  text messages, encrypted messages, social media direct messages, video conferences, and

20  communications through intermediaries or third parties.

21  The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

22  ANY transmission or exchange of information whether oral or written including face to face

23  conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity

24  itself and all past and present employees, agents, investigators and informants.

25

26  **REQUESTS FOR ADMISSION**

27  **REQUEST FOR ADMISSION NO. 1:**

28

1  ADMIT that YOU received training regarding the Fourth Amendment to the United States

2  Constitution during YOUR employment with SFFD.

3  **REQUEST FOR ADMISSION NO. 2:**

4
5  ADMIT that YOU were trained that administrative inspections generally require either consent

or a warrant, pursuant to Camara v. Municipal Court.

6  **REQUEST FOR ADMISSION NO. 3:**

7

8  ADMIT that YOU were trained that investigating suspected criminal activity (such as illegal

9  cannabis cultivation) requires a warrant based on probable cause.

10  **REQUEST FOR ADMISSION NO. 4:**

11  ADMIT that SFFD policy requires YOU to obtain a warrant for inspections where there is no

12  immediate emergency and consent has been refused or not obtained.

13
    **REQUEST FOR ADMISSION NO. 5:**
14
15  ADMIT that YOU did not possess an inspection warrant signed by a Judge or Magistrate when

16  YOU entered the SUBJECT PROPERTIES.

17  **REQUEST FOR ADMISSION NO. 6:**

18  ADMIT that YOU did not possess a criminal search warrant signed by a Judge or Magistrate

19  when YOU entered the SUBJECT PROPERTIES.

20  **REQUEST FOR ADMISSION NO. 7:**

21
22  ADMIT that YOU never applied for a warrant to inspect the SUBJECT PROPERTIES prior to

    YOUR entries.
23
24  **REQUEST FOR ADMISSION NO. 8:**

25  ADMIT that YOU had sufficient time to apply for a warrant before entering the SUBJECT

26  PROPERTIES.

27  **REQUEST FOR ADMISSION NO. 9:**

28
    Request for Admission                                          5

1   ADMIT that YOU did not obtain written consent from Andrew Govan-Smith to enter the

2   SUBJECT PROPERTIES.

3   **REQUEST FOR ADMISSION NO. 10:**

4   ADMIT that YOU do not possess a signed consent form authorizing YOUR entry into the

5   SUBJECT PROPERTIES.

6

7   **REQUEST FOR ADMISSION NO. 11:**

8   ADMIT that YOU did not record (via body-worn camera, audio, or video) any person granting

9   YOU verbal consent to enter the SUBJECT PROPERTIES.

10  **REQUEST FOR ADMISSION NO. 12:**

11  ADMIT that YOU did not inform the occupants of the SUBJECT PROPERTIES that they had

12  the right to refuse consent to YOUR inspection.

13  **REQUEST FOR ADMISSION NO. 13:**

14

15  ADMIT that there was no active fire at the SUBJECT PROPERTIES at the time of YOUR

16  inspections.

17  **REQUEST FOR ADMISSION NO. 14:**

18  ADMIT that there was no structural collapse or explosion at the SUBJECT PROPERTIES at the

19  time of YOUR inspections.

20  **REQUEST FOR ADMISSION NO. 15:**

21

22  ADMIT that YOU were not responding to a 9-1-1 emergency call regarding the SUBJECT

23  PROPERTIES at the time of YOUR entries.

24  **REQUEST FOR ADMISSION NO. 16:**

25  ADMIT that there was no imminent threat to life or physical safety requiring immediate entry

26  into the SUBJECT PROPERTIES without delaying or obtaining a warrant.

27  **REQUEST FOR ADMISSION NO. 17:**

28  Request for Admission                                     6

ADMIT that the alleged fire code violations (such as expired extinguishers) did not constitute an immediate emergency requiring warrantless entry.

**REQUEST FOR ADMISSION NO. 18:**

ADMIT that prior to entering the SUBJECT PROPERTIES, YOU suspected the properties were being used for cannabis cultivation.

**REQUEST FOR ADMISSION NO. 19:**

ADMIT that one of the purposes of YOUR inspection was to investigate potential cannabis cultivation.

**REQUEST FOR ADMISSION NO. 20:**

ADMIT that YOU coordinated YOUR inspection of the SUBJECT PROPERTIES with the Office of Cannabis Control.

**REQUEST FOR ADMISSION NO. 21:**

ADMIT that YOU communicated with Investigator Chelsea Liu regarding the SUBJECT PROPERTIES prior to YOUR entry.

**REQUEST FOR ADMISSION NO. 22:**

ADMIT that YOU communicated with Inspector Gary Clifton regarding the SUBJECT PROPERTIES prior to YOUR entry.

**REQUEST FOR ADMISSION NO. 23:**

ADMIT that YOU found no cannabis plants at the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 24:**

ADMIT that YOU seized no evidence of cannabis cultivation from the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 25:**

ADMIT that YOU entered the SUBJECT PROPERTIES on multiple separate occasions.

Request for Admission                                 7

**REQUEST FOR ADMISSION NO. 26:**

ADMIT that YOU accessed multiple interior rooms within the SUBJECT PROPERTIES during YOUR inspections.

**REQUEST FOR ADMISSION NO. 27:**

ADMIT that YOU took photographs inside the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 28:**

ADMIT that YOU did not wear a body-worn camera during YOUR inspections of the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 29:**

ADMIT that YOU did not create contemporaneous field notes during YOUR inspections.

**REQUEST FOR ADMISSION NO. 30:**

ADMIT that YOU entered the SUBJECT PROPERTIES without the owner present.

**REQUEST FOR ADMISSION NO. 31:**

ADMIT that YOU issued a Notice of Violation for 1723-1727 Wallace Avenue on or about June 13, 2023.

**REQUEST FOR ADMISSION NO. 32:**

ADMIT that the Notice of Violation for 1723-1727 Wallace Avenue was subsequently withdrawn, rescinded, or dismissed.

**REQUEST FOR ADMISSION NO. 33:**

ADMIT that YOU issued a Notice of Violation for 1742 Yosemite Avenue on or about April 16, 2024.

**REQUEST FOR ADMISSION NO. 34:**

ADMIT that the Notice of Violation for 1742 Yosemite Avenue was subsequently withdrawn, rescinded, or dismissed.

Request for Admission

8

1

**REQUEST FOR ADMISSION NO. 35:**

2

3

ADMIT that no final enforcement action was taken against the SUBJECT PROPERTIES regarding the fire code violations YOU cited.

4

**REQUEST FOR ADMISSION NO. 36:**

5

6

ADMIT that YOU are aware of YOUR duty to preserve evidence relevant to this litigation.

7

**REQUEST FOR ADMISSION NO. 37:**

8

9

ADMIT that YOU cannot produce a warrant authorizing YOUR entry into the SUBJECT PROPERTIES.

10

**REQUEST FOR ADMISSION NO. 38:**

11

12

13

ADMIT that YOU cannot produce any video evidence documenting the moment YOU entered the SUBJECT PROPERTIES.

14

**REQUEST FOR ADMISSION NO. 39:**

15

16

ADMIT that the Inspection Reports produced in discovery bearing YOUR name are authentic and were prepared by YOU.

17

**REQUEST FOR ADMISSION NO. 40:**

18

19

ADMIT that the Notices of Violation produced in discovery bearing YOUR name are authentic and were issued by YOU.

20

21

**REQUEST FOR ADMISSION NO. 41:**

22

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without a warrant.

23

**REQUEST FOR ADMISSION NO. 42:**

24

25

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without express consent from the property owner.

26

**REQUEST FOR ADMISSION NO. 43:**

27

28

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without the presence of

Request for Admission                                    9

1    exigent circumstances.

2    **REQUEST FOR ADMISSION NO. 44:**

3
4    ADMIT that a reasonable fire inspector in YOUR position would have known that warrantless

5    entry into a private commercial building without consent or exigency violates the Fourth

6    Amendment.

7    **REQUEST FOR ADMISSION NO. 45:**

8    ADMIT that YOU do not hold a valid California Peace Officer Standards and Training (POST)

9    Basic Certificate.

10   **REQUEST FOR ADMISSION NO. 46:**

11
12   ADMIT that YOU possess no formal, accredited certification specifically regarding the

13   identification of cannabis cultivation equipment or botany.

14   **REQUEST FOR ADMISSION NO. 47:**

15   ADMIT that YOU are not a licensed structural engineer in the State of California.

16   **REQUEST FOR ADMISSION NO. 48:**

17   ADMIT that YOU are not a licensed electrician in the State of California.

18   **REQUEST FOR ADMISSION NO. 49:**

19
20   ADMIT that YOU have never been qualified as an expert witness in any state or federal court on

21   the subject of cannabis cultivation operations.

22   **REQUEST FOR ADMISSION NO. 50:**

23   ADMIT that YOU have never received training authorizing YOU to use fire safety inspections as

24   a pretext to assist law enforcement in criminal investigations.

25   **REQUEST FOR ADMISSION NO. 51:**

26   ADMIT that YOU did not conduct testing for cannabis or cannabis residue during the searches

27   of the Subject Properties.

28   Request for Admission                                    10

1    Dated:  December 22, 2024

2

3    By: _____

4

5    Andrew James Govan Smith
     In Pro Se
6    1742 Yosemite Ave
     San Francisco, CA 94124
7    ajshrestha007@gmail.com
     Phone- (415)-855-5968

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     Request for Admission                        11

1

**PROOF OF SERVICE**

2    I, OJASWAI SHRESTHA, declare as follows:

3    I am over the age of eighteen years and not a party to the above- entitled action. I served the following
document:

4

**Request for Admissions for Lt. Victor Wong, in his official capacity, San Francisco Fire Department**

5

In the case titled:

6

ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH
7    REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
DOE 5 Defendants / Counter Claimants,

8

V.

9

PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and
10    through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity
Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector
11    Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San
Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in
12    their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain
Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

13

Plaintiffs/ Counter Defendants.
14

15    Case no: 25-cv-04942-SK

16    on the following person at the location specified:

Office of City Attorney City and County of San Francisco
17    1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
18    San Francisco, CA 94102
Email: Sabrina.M.Berdux@sfcityatty.org
19

in the manner indicated below:
20    ☑BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic
service, I caused the documents to be sent to the person at the electronic service address listed above. Such
21    document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in
portable document format ("PDF") Adobe Acrobat.
22

23    I declare under penalty of perjury pursuant to the laws of the United States of America that the
foregoing is true and correct.

24
Executed on December 22,2024
25

26

Ojaswai Shrestha
27    Sanepa-2, Lalitpur Kathmandu, Nepal

28