# EXHIBIT L

1   Andrew James Govan Smith
    In Pro Se
2   1742 Yosemite Ave
3   San Francisco, CA 94124
    ajshrestha007@gmail.com
4   Phone- (415)-855-5968

5   **IN THE UNITED STATES DISTRICT COURT**
    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
6   **THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING**

7   ANDREW GOVAN-SMITH REVOCABLE TRUST,                          )
8   a California Trust; ANDREW J GOVAN-SMITH                      )
    REVOCABLE TRUST, a California trust; ANDREW                  )
9   GOVAN-SMITH, an individual; and DOE 1 through DOE 5.         )
    Defendants / Counter Claimants,                             )
10       V.                                                      )
11  PEOPLE OF THE STATE OF CALIFORNIA and CITY                   )
    AND COUNTY OF SAN FRANCISCO, by and through David            )
12  Chiu, City Attorney for the City and County of San Francisco and ) Case no: 25-cv-04942-SK
    in their official capacity Inspector Chris Francis Department of  ) Request for Admission
13  Building Inspection, in their official capacity Inspector Gary    ) for Inspector
    Clifton Department of Building Inspection, in their official      ) Chris Francis in his official
14  capacity Investigator Chelsea Liu Office of Cannabis Control, in  ) capacity, San Francisco
    their official capacity Lt. Victor Wong San Francisco Fire        ) Department of Building
15  Department, in their official capacity Captain Dennis Sy San      ) Inspection.
    Francisco Fire Department, in their official capacity Officer      )
16  Brandon Murray San Francisco Fire Department, in their official   )
17  capacity DOE 1 through DOE 20 inclusive.                          )
    Plaintiffs/ Counter Defendants.                                   )
18                                                                    )

19

20
    PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
21  REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
22  TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
    DOE 5
23
    RESPONDING PARTY: Inspector Chris Francis, San Francisco Department of Building
24  Inspection, in his official capacity

25  SET NUMBER: ONE

26

27

28
    Request for Admission Set One                           1

1  **PRELIMINARY STATEMENT**

2  Pursuant to Fed.R.Civ.P. 36, Defendants/Counter Claimants hereby request that Inspector Chris

3  Francis admit or deny the following matters within 30 days after service of this request.

4  **INSTRUCTIONS**

5  **1. Scope and Effect of Admissions**

6  Pursuant to Fed.R.Civ.P. 36(b), any matter admitted is conclusively established unless the Court

7  permits withdrawal or amendment. Each request must be admitted or denied specifically. Denials

8  must fairly respond to the substance of the matter and must not be evasive.

9  **2. Time for Response**

10  Pursuant to Fed.R.Civ.P. 36(a)(3), YOUR written responses are due within 30 days after service.

11  A matter is admitted unless YOU respond within 30 days.

12  **3. Form of Response**

13  Each request must be answered separately. If YOU deny a request, YOU must specifically deny

14  it or state in detail why YOU cannot truthfully admit or deny it. A denial must fairly respond to

15  the substance of the request, and when good faith requires that YOU qualify an answer or deny

16  only a part, YOU must specify the part admitted and qualify or deny the rest.

17  **4. Lack of Information**

18  YOU cannot deny a request based on lack of information or knowledge unless YOU state that

19  YOU have made reasonable inquiry and that the information YOU know or can readily obtain is

20  insufficient to enable YOU to admit or deny.

21  **5. Objections**

22  Any objection must state with specificity the grounds for objection. An objection does not

23  excuse YOU from answering the parts of a request to which YOU do not object.

24  **6. Verification**

25  YOUR responses must be signed by YOU personally under penalty of perjury, not solely by

26  YOUR attorney.

27

28

Request for Admission Set One                                           2

**DEFINITIONS**

**1. "YOU," "YOUR," "INSPECTOR FRANCIS"**

The terms "YOU," "YOUR," and "INSPECTOR FRANCIS" mean Inspector Chris Francis individually, in both his personal and official capacity as an inspector for the San Francisco Department of Building Inspection. All employees, representatives and any other person acting on your behalf.

**2. "SUBJECT PROPERTIES"**

"Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742 Yosemite Avenue, San Francisco, CA 94124.

**3. "DOCUMENT" AND "DOCUMENTS"**

The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films, audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts, diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes or cables which were prepared, drafted, received or sent, "and every other means of recording upon any tangible thing any form of communication, representation, including letters, words, pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P. 34 & 26, including but not limited to: writings, drawings, graphs, charts, photographs, phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera footage, surveillance footage, text messages, instant messages (including but not limited to SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar entries, field notes (field notes for all named Defendants and their agencies), dispatch logs (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911 recordings, evidence logs, chain of custody records, and any data or data compilation recorded in

1   any medium (electronic, written, or otherwise), whether stored on government servers, cloud

2   platforms, shared drives, personal devices, or in the possession of third parties. Documents

3   include all versions, drafts, and metadata in their native form.

4   **4. "THE SEARCHES"**

5   "The Searches" refers to any and all entries, inspections, or access to Subject Properties by YOU

6   or other government officials between January 2020 and present.

7   **5. "SFDBI"**

8   "SFDBI" means the San Francisco Department of Building Inspection.

9   **6. "COMMUNICATION" AND "COMMUNICATIONS"**

10   The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

11   ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR

12   ideas, OR ANY request for the transfer of such information, including, but not limited to,

13   making, sending, OR receiving information from electronic mail messages, social media posts,

14   social media direct messaging applications, any and all mobile phone messaging applications,

15   facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,

16   presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,

17   speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

18   Communications also means any transmission or exchange of information whether oral or

19   written including face-to-face conversations, telephone calls, voicemails, electronic messaging,

20   text messages, encrypted messages, social media direct messages, video conferences, and

21   communications through intermediaries or third parties.

22   The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

23   ANY transmission or exchange of information whether oral or written including face to face

24   conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity

25   itself and all past and present employees, agents, investigators and informants.

26   **REQUESTS FOR ADMISSION**

27   **REQUEST FOR ADMISSION NO. 1:**

28

1    ADMIT that YOU received training regarding the Fourth Amendment to the United States

2    Constitution during YOUR employment with SFDBI.

3    **REQUEST FOR ADMISSION NO. 2:**

4
     ADMIT that YOU were trained that administrative inspections generally require either consent
5
     or a warrant, pursuant to Camara v. Municipal Court.
6
7    **REQUEST FOR ADMISSION NO. 3:**

8    ADMIT that YOU were trained that investigating suspected criminal activity (such as illegal

9    cannabis cultivation) requires a warrant based on probable cause.

10   **REQUEST FOR ADMISSION NO. 4:**

11   ADMIT that SFDBI policy requires YOU to obtain a warrant for inspections where there is no

12   immediate emergency and consent has been refused or not obtained.

13
     **REQUEST FOR ADMISSION NO. 5:**
14
     ADMIT that YOU did not possess an inspection warrant signed by a Judge or Magistrate when
15
     YOU entered the SUBJECT PROPERTIES.
16
17   **REQUEST FOR ADMISSION NO. 6:**

18   ADMIT that YOU did not possess a criminal search warrant signed by a Judge or Magistrate

19   when YOU entered the SUBJECT PROPERTIES.

20   **REQUEST FOR ADMISSION NO. 7:**

21
     ADMIT that YOU never applied for a warrant to inspect the SUBJECT PROPERTIES prior to
22
     YOUR entries.
23
24   **REQUEST FOR ADMISSION NO. 8:**

25   ADMIT that YOU had sufficient time to apply for a warrant before entering the SUBJECT

26   PROPERTIES.

27   **REQUEST FOR ADMISSION NO. 9:**

28
     Request for Admission Set One                          5

1  ADMIT that YOU did not obtain written consent from Andrew Govan-Smith to enter the

2  SUBJECT PROPERTIES.

3  **REQUEST FOR ADMISSION NO. 10:**

4

5  ADMIT that YOU do not possess a signed consent form authorizing YOUR entry into the

   SUBJECT PROPERTIES.

6

7  **REQUEST FOR ADMISSION NO. 11:**

8  ADMIT that YOU did not record (via body-worn camera, audio, or video) any person granting

9  YOU verbal consent to enter the SUBJECT PROPERTIES.

10  **REQUEST FOR ADMISSION NO. 12:**

11

12  ADMIT that YOU did not inform the occupants of the SUBJECT PROPERTIES that they had

    the right to refuse consent to YOUR inspection.

13

14  **REQUEST FOR ADMISSION NO. 13:**

15  ADMIT that there was no active fire at the SUBJECT PROPERTIES at the time of YOUR

16  inspections.

17  **REQUEST FOR ADMISSION NO. 14:**

18  ADMIT that there was no structural collapse or explosion at the SUBJECT PROPERTIES at the

19  time of YOUR inspections.

20  **REQUEST FOR ADMISSION NO. 15:**

21

22  ADMIT that YOU were not responding to a 9-1-1 emergency call regarding the SUBJECT

    PROPERTIES at the time of YOUR entries.

23

24  **REQUEST FOR ADMISSION NO. 16:**

25  ADMIT that there was no imminent threat to life or physical safety requiring immediate entry

26  into the SUBJECT PROPERTIES without delaying or obtaining a warrant.

27  **REQUEST FOR ADMISSION NO. 17:**

28

Request for Admission Set One                                    6

1  ADMIT that the alleged building code violations did not constitute an immediate emergency
2  requiring warrantless entry.

3  **REQUEST FOR ADMISSION NO. 18:**

4  ADMIT that prior to entering the SUBJECT PROPERTIES, YOU suspected the properties were
5  being used for cannabis cultivation.
6

7  **REQUEST FOR ADMISSION NO. 19:**

8  ADMIT that one of the purposes of YOUR inspection was to investigate potential cannabis
9  cultivation.

10  **REQUEST FOR ADMISSION NO. 20:**

11  ADMIT that YOU coordinated YOUR inspection of the SUBJECT PROPERTIES with the
12  Office of Cannabis Control.
13

14  **REQUEST FOR ADMISSION NO. 21:**

15  ADMIT that YOU communicated with Investigator Chelsea Liu regarding the SUBJECT
16  PROPERTIES prior to YOUR entry.

17  **REQUEST FOR ADMISSION NO. 22:**

18  ADMIT that YOU communicated with Inspector Gary Clifton regarding the SUBJECT
19  PROPERTIES prior to YOUR entry.

20  **REQUEST FOR ADMISSION NO. 23:**

21  ADMIT that YOU found no cannabis plants at the SUBJECT PROPERTIES.
22

23  **REQUEST FOR ADMISSION NO. 24:**

24  ADMIT that YOU seized no evidence of cannabis cultivation from the SUBJECT
25  PROPERTIES.

26  **REQUEST FOR ADMISSION NO. 25:**

27  ADMIT that YOU entered the SUBJECT PROPERTIES on multiple separate occasions.
28

Request for Admission Set One                                        7

1    **REQUEST FOR ADMISSION NO. 26:**

2    ADMIT that YOU accessed multiple interior rooms within the SUBJECT PROPERTIES during

3    YOUR inspections.

4    **REQUEST FOR ADMISSION NO. 27:**

5

6    ADMIT that YOU took photographs inside the SUBJECT PROPERTIES.

7    **REQUEST FOR ADMISSION NO. 28:**

8    ADMIT that YOU did not wear a body-worn camera during YOUR inspections of the SUBJECT

9    PROPERTIES.

10   **REQUEST FOR ADMISSION NO. 29:**

11
     ADMIT that YOU did not create contemporaneous field notes during YOUR inspections.
12

13   **REQUEST FOR ADMISSION NO. 30:**

14   ADMIT that YOU entered the SUBJECT PROPERTIES without the owner present.

15   **REQUEST FOR ADMISSION NO. 31:**

16   ADMIT that YOU issued a Notice of Violation for 1723-1727 Wallace Avenue on or about June

17   13, 2023.

18   **REQUEST FOR ADMISSION NO. 32:**
19
20   ADMIT that the Notice of Violation for 1723-1727 Wallace Avenue was subsequently

21   withdrawn, rescinded, or dismissed.

22   **REQUEST FOR ADMISSION NO. 33:**

23   ADMIT that YOU issued a Notice of Violation for 1742 Yosemite Avenue on or about April 16,

24   2024.

25   **REQUEST FOR ADMISSION NO. 34:**

26
     ADMIT that the Notice of Violation for 1742 Yosemite Avenue was subsequently withdrawn,
27
     rescinded, or dismissed.
28   Request for Admission Set One                              8

**REQUEST FOR ADMISSION NO. 35:**

ADMIT that no final enforcement action was taken against the SUBJECT PROPERTIES regarding the building code violations YOU cited.

**REQUEST FOR ADMISSION NO. 36:**

ADMIT that YOU are aware of YOUR duty to preserve evidence relevant to this litigation.

**REQUEST FOR ADMISSION NO. 37:**

ADMIT that YOU cannot produce a warrant authorizing YOUR entry into the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 38:**

ADMIT that YOU cannot produce any video evidence documenting the moment YOU entered the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 39:**

ADMIT that the Inspection Reports produced in discovery bearing YOUR name are authentic and were prepared by YOU.

**REQUEST FOR ADMISSION NO. 40:**

ADMIT that the Notices of Violation produced in discovery bearing YOUR name are authentic and were issued by YOU.

**REQUEST FOR ADMISSION NO. 41:**

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without a warrant.

**REQUEST FOR ADMISSION NO. 42:**

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without express consent from the property owner.

**REQUEST FOR ADMISSION NO. 43:**

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without the presence of

1  exigent circumstances.

2  **REQUEST FOR ADMISSION NO. 44:**

3
4  ADMIT that a reasonable building inspector in YOUR position would have known that

5  warrantless entry into a private commercial building without consent or exigency violates the

6  Fourth Amendment.

7  **REQUEST FOR ADMISSION NO. 45:**

8  ADMIT that YOU do not hold a valid California Peace Officer Standards and Training (POST)

9  Basic Certificate.

10  **REQUEST FOR ADMISSION NO. 46:**

11  ADMIT that YOU possess no formal, accredited certification specifically regarding the

12  identification of cannabis cultivation equipment or botany.

13  **REQUEST FOR ADMISSION NO. 47:**

14
15  ADMIT that YOU are not a licensed structural engineer in the State of California.

16  **REQUEST FOR ADMISSION NO. 48:**

17  ADMIT that YOU are not a licensed electrician in the State of California.

18  **REQUEST FOR ADMISSION NO. 49:**

19
20  ADMIT that YOU have never been qualified as an expert witness in any state or federal court on

21  the subject of cannabis cultivation operations.

22  **REQUEST FOR ADMISSION NO. 50:**

23  ADMIT that YOU have never received training authorizing YOU to use building safety

24  inspections as a pretext to assist law enforcement in criminal investigations.

25  **REQUEST FOR ADMISSION NO. 51:**

26  ADMIT that YOU did not conduct testing for cannabis or cannabis residue during the searches

27  of the Subject Properties.

28  Request for Admission Set One                                    10

1    Dated: December 22, 2024

2

3    By:

4

5    Andrew James Govan Smith
     In Pro Se

6    1742 Yosemite Ave
     San Francisco, CA 94124

7    ajshrestha007@gmail.com
     Phone- (415)-855-5968

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Request for Admission Set One                      11

**PROOF OF SERVICE**

I, OJASWAI SHRESTHA, declare as follows:

I am over the age of eighteen years and not a party to the above- entitled action. I served the following document:

**Requests for Admission for Inspector Chris Francis, in his official capacity, San Francisco Department of Building Inspection**

In the case titled:

ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5 Defendants / Counter Claimants,

V.

PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

Plaintiffs/ Counter Defendants.

Case no: 25-cv-04942-SK

on the following person at the location specified:

Office of City Attorney City and County of San Francisco
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, CA 94102
Email: Sabrina.M.Berdux@sfcityatty.org

in the manner indicated below:

☑BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person at the electronic service address listed above. Such document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in portable document format ("PDF") Adobe Acrobat.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on December 22,2024

Ojaswai Shrestha
Sanepa-2, Lalitpur Kathmandu, Nepal

# EXHIBIT M

1  Andrew James Govan Smith
   In Pro Se
2  1742 Yosemite Ave
3  San Francisco, CA 94124
   ajshrestha007@gmail.com
4  Phone- (415)-855-5968

5              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
6      THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING

7  ANDREW GOVAN-SMITH REVOCABLE TRUST,        )
8  a California Trust; ANDREW J GOVAN-SMITH    )
   REVOCABLE TRUST, a California trust; ANDREW )
9  GOVAN-SMITH, an individual; and DOE 1 through DOE 5. )
   Defendants / Counter Claimants,            )
10     V.                                      )
11 PEOPLE OF THE STATE OF CALIFORNIA and CITY  )
   AND COUNTY OF SAN FRANCISCO, by and through David )
12 Chiu, City Attorney for the City and County of San Francisco and ) Case no: 25-cv-04942-SK
   in their official capacity Inspector Chris Francis Department of ) Request for Admission
13 Building Inspection, in their official capacity Inspector Gary ) for Inspector Gary
   Clifton Department of Building Inspection, in their official ) Clifton in his official
14 capacity Investigator Chelsea Liu Office of Cannabis Control, in ) capacity, San Francisco
15 their official capacity Lt. Victor Wong San Francisco Fire ) Department of Building
   Department, in their official capacity Captain Dennis Sy San ) Inspection.
16  Francisco Fire Department, in their official capacity Officer )
   Brandon Murray San Francisco Fire Department, in their official )
17 capacity DOE 1 through DOE 20 inclusive.     )
   Plaintiffs/ Counter Defendants.             )
18                                             )

19

20
21 PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
   REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
22 TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
   DOE 5
23
24 RESPONDING PARTY: Inspector Gary Clifton, San Francisco Department of Building
   Inspection, in his official capacity
25
   SET NUMBER: ONE
26
27
28
   Request for Admission Set One                    1

1  **PRELIMINARY STATEMENT**

2  Pursuant to Fed.R.Civ.P. 36, Defendants/Counter Claimants hereby request that Inspector Gary

3  Clifton admit or deny the following matters within 30 days after service of this request.

4  **INSTRUCTIONS**

5  **1. Scope and Effect of Admissions**

6  Pursuant to Fed.R.Civ.P. 36(b), any matter admitted is conclusively established unless the Court

7  permits withdrawal or amendment. Each request must be admitted or denied specifically. Denials

8  must fairly respond to the substance of the matter and must not be evasive.

9  **2. Time for Response**

10  Pursuant to Fed.R.Civ.P. 36(a)(3), YOUR written responses are due within 30 days after service.

11  A matter is admitted unless YOU respond within 30 days.

12  **3. Form of Response**

13  Each request must be answered separately. If YOU deny a request, YOU must specifically deny

14  it or state in detail why YOU cannot truthfully admit or deny it. A denial must fairly respond to

15  the substance of the request, and when good faith requires that YOU qualify an answer or deny

16  only a part, YOU must specify the part admitted and qualify or deny the rest.

17  **4. Lack of Information**

18  YOU cannot deny a request based on lack of information or knowledge unless YOU state that

19  YOU have made reasonable inquiry and that the information YOU know or can readily obtain is

20  insufficient to enable YOU to admit or deny.

21  **5. Objections**

22  Any objection must state with specificity the grounds for objection. An objection does not

23  excuse YOU from answering the parts of a request to which YOU do not object.

24  **6. Verification**

25  YOUR responses must be signed by YOU personally under penalty of perjury, not solely by

26  YOUR attorney.

27

28

Request for Admission Set One                                    2

**DEFINITIONS**

**1. "YOU," "YOUR," "INSPECTOR CLIFTON"**

The terms "YOU," "YOUR," and "INSPECTOR CLIFTON" mean Inspector Gary Clifton individually, in both his personal and official capacity as an inspector for the San Francisco Department of Building Inspection. All employees, representatives and any other person acting on your behalf.

**2. "SUBJECT PROPERTIES"**

"Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742 Yosemite Avenue, San Francisco, CA 94124.

**3. "DOCUMENT" AND "DOCUMENTS"**

The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films, audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts, diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes or cables which were prepared, drafted, received or sent, "and every other means of recording upon any tangible thing any form of communication, representation, including letters, words, pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P. 34 & 26, including but not limited to: writings, drawings, graphs, charts, photographs, phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera footage, surveillance footage, text messages, instant messages (including but not limited to SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar entries, field notes (field notes for all named Defendants and their agencies), dispatch logs (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911 recordings, evidence logs, chain of custody records, and any data or data compilation recorded in

1  any medium (electronic, written, or otherwise), whether stored on government servers, cloud

2  platforms, shared drives, personal devices, or in the possession of third parties. Documents

3  include all versions, drafts, and metadata in their native form.

4  **4. "THE SEARCHES"**

5  "The Searches" refers to any and all entries, inspections, or access to Subject Properties by YOU

6  or other government officials between January 2020 and present.

7  **5. "SFDBI"**

8  "SFDBI" means the San Francisco Department of Building Inspection.

9  **6. "COMMUNICATION" AND "COMMUNICATIONS"**

10  The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

11  ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR

12  ideas, OR ANY request for the transfer of such information, including, but not limited to,

13  making, sending, OR receiving information from electronic mail messages, social media posts,

14  social media direct messaging applications, any and all mobile phone messaging applications,

15  facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,

16  presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,

17  speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

18  Communications also means any transmission or exchange of information whether oral or

19  written including face-to-face conversations, telephone calls, voicemails, electronic messaging,

20  text messages, encrypted messages, social media direct messages, video conferences, and

21  communications through intermediaries or third parties.

22  The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

23  ANY transmission or exchange of information whether oral or written including face to face

24  conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity

25  itself and all past and present employees, agents, investigators and informants.

26  **REQUESTS FOR ADMISSION**

27  **REQUEST FOR ADMISSION NO. 1:**

28  Request for Admission Set One                                    4

1  ADMIT that YOU received training regarding the Fourth Amendment to the United States

2  Constitution during YOUR employment with SFDBI.

3  **REQUEST FOR ADMISSION NO. 2:**

4
   ADMIT that YOU were trained that administrative inspections generally require either consent
5
   or a warrant, pursuant to Camara v. Municipal Court.
6
7  **REQUEST FOR ADMISSION NO. 3:**

8  ADMIT that YOU were trained that investigating suspected criminal activity (such as illegal

9  cannabis cultivation) requires a warrant based on probable cause.

10  **REQUEST FOR ADMISSION NO. 4:**

11  ADMIT that SFDBI policy requires YOU to obtain a warrant for inspections where there is no

12  immediate emergency and consent has been refused or not obtained.

13
    **REQUEST FOR ADMISSION NO. 5:**
14
    ADMIT that YOU did not possess an inspection warrant signed by a Judge or Magistrate when
15
    YOU entered the SUBJECT PROPERTIES.
16
17  **REQUEST FOR ADMISSION NO. 6:**

18  ADMIT that YOU did not possess a criminal search warrant signed by a Judge or Magistrate

19  when YOU entered the SUBJECT PROPERTIES.

20  **REQUEST FOR ADMISSION NO. 7:**

21
    ADMIT that YOU never applied for a warrant to inspect the SUBJECT PROPERTIES prior to
22
    YOUR entries.
23
24  **REQUEST FOR ADMISSION NO. 8:**

25  ADMIT that YOU had sufficient time to apply for a warrant before entering the SUBJECT

26  PROPERTIES.

27  **REQUEST FOR ADMISSION NO. 9:**

28

1  ADMIT that YOU did not obtain written consent from Andrew Govan-Smith to enter the
2  SUBJECT PROPERTIES.

3  **REQUEST FOR ADMISSION NO. 10:**

4  ADMIT that YOU do not possess a signed consent form authorizing YOUR entry into the
5  SUBJECT PROPERTIES.

6
7  **REQUEST FOR ADMISSION NO. 11:**

8  ADMIT that YOU did not record (via body-worn camera, audio, or video) any person granting
9  YOU verbal consent to enter the SUBJECT PROPERTIES.

10 **REQUEST FOR ADMISSION NO. 12:**

11 ADMIT that YOU did not inform the occupants of the SUBJECT PROPERTIES that they had
12 the right to refuse consent to YOUR inspection.

13 **REQUEST FOR ADMISSION NO. 13:**
14
15 ADMIT that there was no active fire at the SUBJECT PROPERTIES at the time of YOUR
16 inspections.

17 **REQUEST FOR ADMISSION NO. 14:**

18 ADMIT that there was no structural collapse or explosion at the SUBJECT PROPERTIES at the
19 time of YOUR inspections.

20 **REQUEST FOR ADMISSION NO. 15:**

21 ADMIT that YOU were not responding to a 9-1-1 emergency call regarding the SUBJECT
22 PROPERTIES at the time of YOUR entries.
23
24 **REQUEST FOR ADMISSION NO. 16:**

25 ADMIT that there was no imminent threat to life or physical safety requiring immediate entry
26 into the SUBJECT PROPERTIES without delaying or obtaining a warrant.

27 **REQUEST FOR ADMISSION NO. 17:**
28

1  ADMIT that the alleged building code violations did not constitute an immediate emergency

2  requiring warrantless entry.

3  **REQUEST FOR ADMISSION NO. 18:**

4  ADMIT that prior to entering the SUBJECT PROPERTIES, YOU suspected the properties were

5  being used for cannabis cultivation.

6

7  **REQUEST FOR ADMISSION NO. 19:**

8  ADMIT that one of the purposes of YOUR inspection was to investigate potential cannabis

9  cultivation.

10  **REQUEST FOR ADMISSION NO. 20:**

11  ADMIT that YOU coordinated YOUR inspection of the SUBJECT PROPERTIES with the

12  Office of Cannabis Control.

13  **REQUEST FOR ADMISSION NO. 21:**

14

15  ADMIT that YOU communicated with Investigator Chelsea Liu regarding the SUBJECT

16  PROPERTIES prior to YOUR entry.

17  **REQUEST FOR ADMISSION NO. 22:**

18  ADMIT that YOU communicated with Inspector Chris Francis regarding the SUBJECT

19  PROPERTIES prior to YOUR entry.

20  **REQUEST FOR ADMISSION NO. 23:**

21  ADMIT that YOU found no cannabis plants at the SUBJECT PROPERTIES.

22

23  **REQUEST FOR ADMISSION NO. 24:**

24  ADMIT that YOU seized no evidence of cannabis cultivation from the SUBJECT

25  PROPERTIES.

26  **REQUEST FOR ADMISSION NO. 25:**

27  ADMIT that YOU entered the SUBJECT PROPERTIES on multiple separate occasions.

28  Request for Admission Set One                                    7

1

**REQUEST FOR ADMISSION NO. 26:**

2

ADMIT that YOU accessed multiple interior rooms within the SUBJECT PROPERTIES during

3

YOUR inspections.

4

**REQUEST FOR ADMISSION NO. 27:**

5

6

ADMIT that YOU took photographs inside the SUBJECT PROPERTIES.

7

**REQUEST FOR ADMISSION NO. 28:**

8

ADMIT that YOU did not wear a body-worn camera during YOUR inspections of the SUBJECT

9

PROPERTIES.

10

**REQUEST FOR ADMISSION NO. 29:**

11

12

ADMIT that YOU did not create contemporaneous field notes during YOUR inspections.

13

**REQUEST FOR ADMISSION NO. 30:**

14

ADMIT that YOU entered the SUBJECT PROPERTIES without the owner present.

15

**REQUEST FOR ADMISSION NO. 31:**

16

ADMIT that YOU issued a Notice of Violation for 1723-1727 Wallace Avenue on or about June

17

13, 2023.

18

**REQUEST FOR ADMISSION NO. 32:**

19

20

ADMIT that the Notice of Violation for 1723-1727 Wallace Avenue was subsequently

21

withdrawn, rescinded, or dismissed.

22

**REQUEST FOR ADMISSION NO. 33:**

23

ADMIT that YOU issued a Notice of Violation for 1742 Yosemite Avenue on or about April 16,

24

2024.

25

**REQUEST FOR ADMISSION NO. 34:**

26

27

ADMIT that the Notice of Violation for 1742 Yosemite Avenue was subsequently withdrawn,

rescinded, or dismissed.

28

Request for Admission Set One                                    8

**REQUEST FOR ADMISSION NO. 35:**

ADMIT that no final enforcement action was taken against the SUBJECT PROPERTIES regarding the building code violations YOU cited.

**REQUEST FOR ADMISSION NO. 36:**

ADMIT that YOU are aware of YOUR duty to preserve evidence relevant to this litigation.

**REQUEST FOR ADMISSION NO. 37:**

ADMIT that YOU cannot produce a warrant authorizing YOUR entry into the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 38:**

ADMIT that YOU cannot produce any video evidence documenting the moment YOU entered the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 39:**

ADMIT that the Inspection Reports produced in discovery bearing YOUR name are authentic and were prepared by YOU.

**REQUEST FOR ADMISSION NO. 40:**

ADMIT that the Notices of Violation produced in discovery bearing YOUR name are authentic and were issued by YOU.

**REQUEST FOR ADMISSION NO. 41:**

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without a warrant.

**REQUEST FOR ADMISSION NO. 42:**

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without express consent from the property owner.

**REQUEST FOR ADMISSION NO. 43:**

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without the presence of

1    exigent circumstances.

2    **REQUEST FOR ADMISSION NO. 44:**

3
4    ADMIT that a reasonable building inspector in YOUR position would have known that

5    warrantless entry into a private commercial building without consent or exigency violates the

6    Fourth Amendment.

7    **REQUEST FOR ADMISSION NO. 45:**

8    ADMIT that YOU do not hold a valid California Peace Officer Standards and Training (POST)

9    Basic Certificate.

10    **REQUEST FOR ADMISSION NO. 46:**

11    ADMIT that YOU possess no formal, accredited certification specifically regarding the

12    identification of cannabis cultivation equipment or botany.

13    **REQUEST FOR ADMISSION NO. 47:**

14
15    ADMIT that YOU are not a licensed structural engineer in the State of California.

16    **REQUEST FOR ADMISSION NO. 48:**

17    ADMIT that YOU are not a licensed electrician in the State of California.

18    **REQUEST FOR ADMISSION NO. 49:**

19
20    ADMIT that YOU have never been qualified as an expert witness in any state or federal court on

21    the subject of cannabis cultivation operations.

22    **REQUEST FOR ADMISSION NO. 50:**

23    ADMIT that YOU have never received training authorizing YOU to use building safety

24    inspections as a pretext to assist law enforcement in criminal investigations.

25    **REQUEST FOR ADMISSION NO. 51:**

26    ADMIT that YOU did not conduct testing for cannabis or cannabis residue during the searches

27    of the Subject Properties.

28    Request for Admission Set One                    10

1  Dated: December 22, 2024

2

3  By: _____

4

5  Andrew James Govan Smith
   In Pro Se
6  1742 Yosemite Ave
   San Francisco, CA 94124
7  ajshrestha007@gmail.com
   Phone- (415)-855-5968

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **PROOF OF SERVICE**

2  I, OJASWAI SHRESTHA, declare as follows:

3  I am over the age of eighteen years and not a party to the above- entitled action. I served the following document:

4

5  **Requests for Admission for Inspector Gary Clifton, in his official capacity, San Francisco Department of Building Inspection**

6  In the case titled:

7  ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH

8  REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5 Defendants / Counter Claimants,

9   V.

10  PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and

11  through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San

12  Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain

13  Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

14  Plaintiffs/ Counter Defendants.

15  Case no: 25-cv-04942-SK

16  on the following person at the location specified:

17  Office of City Attorney City and County of San Francisco

18  1 Dr. Carlton B. Goodlett Place
   City Hall, Room 234
   San Francisco, CA 94102

19  Email: Sabrina.M.Berdux@sfcityatty.org

20  in the manner indicated below:

21  ☑BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person at the electronic service address listed above. Such

22  document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in portable document format ("PDF") Adobe Acrobat.

23  I declare under penalty of perjury pursuant to the laws of the United States of America that the

24  foregoing is true and correct.

25  Executed on December 22,2024

26

27  Ojaswai Shrestha
   Sanepa-2, Lalitpur Kathmandu, Nepal

28

# EXHIBIT N

1  Andrew James Govan Smith
    In Pro Se
2  1742 Yosemite Ave
3   San Francisco, CA 94124
    ajshrestha007@gmail.com
4  Phone- (415)-855-5968

5          **IN THE UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
6      **THE HONORABLE MAGISTRATE JUDGE SALLIE KIM PRESIDING**

7

8  ANDREW GOVAN-SMITH REVOCABLE TRUST,                        )
    a California Trust; ANDREW J GOVAN-SMITH                  )
9  REVOCABLE TRUST, a California trust; ANDREW                )
    GOVAN-SMITH, an individual; and DOE 1 through DOE 5.      )
10  Defendants / Counter Claimants,                           )
11        V.                                                  )
    PEOPLE OF THE STATE OF CALIFORNIA and CITY                )
12  AND COUNTY OF SAN FRANCISCO, by and through David         )
    Chiu, City Attorney for the City and County of San Francisco and  ) Case no: 25-cv-04942-SK
13  in their official capacity Inspector Chris Francis Department of   ) Brandon Murray San
    Building Inspection, in their official capacity Inspector Gary     ) Francisco Fire Department
14  Clifton Department of Building Inspection, in their official       ) in his official capacity
15  capacity Investigator Chelsea Liu Office of Cannabis Control, in   ) Request for Admissions
    their official capacity Lt. Victor Wong San Francisco Fire         )
16  Department, in their official capacity Captain Dennis Sy San       )
     Francisco Fire Department, in their official capacity Officer     )
17  Brandon Murray San Francisco Fire Department, in their official    )
    capacity DOE 1 through DOE 20 inclusive.                           )
18  Plaintiffs/ Counter Defendants.                                    )
19  _____                  )

20

21  PROPOUNDING PARTY: Defendants/Counter Claimants, ANDREW GOVAN-SMITH
22  REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE
    TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through
23  DOE 5

24  RESPONDING PARTY: Officer Brandon Murray, San Francisco San Francisco Fire

25  Department, in his official capacity

26
    SET NUMBER: ONE
27

28
    Request for Admission                          1

**PRELIMINARY STATEMENT**

Pursuant to Fed.R.Civ.P. 36, Defendants/Counter Claimants hereby request that Officer Brandon Murray admit or deny the following matters within 30 days after service of this request.

**INSTRUCTIONS**

**1. Scope and Effect of Admissions**

Pursuant to Fed.R.Civ.P. 36(b), any matter admitted is conclusively established unless the Court permits withdrawal or amendment. Each request must be admitted or denied specifically. Denials must fairly respond to the substance of the matter and must not be evasive.

**2. Time for Response**

Pursuant to Fed.R.Civ.P. 36(a)(3), YOUR written responses are due within 30 days after service. A matter is admitted unless YOU respond within 30 days.

**3. Form of Response**

Each request must be answered separately. If YOU deny a request, YOU must specifically deny it or state in detail why YOU cannot truthfully admit or deny it. A denial must fairly respond to the substance of the request, and when good faith requires that YOU qualify an answer or deny only a part, YOU must specify the part admitted and qualify or deny the rest.

**4. Lack of Information**

YOU cannot deny a request based on lack of information or knowledge unless YOU state that YOU have made reasonable inquiry and that the information YOU know or can readily obtain is insufficient to enable YOU to admit or deny.

**5. Objections**

Any objection must state with specificity the grounds for objection. An objection does not excuse YOU from answering the parts of a request to which YOU do not object.

**6. Verification**

YOUR responses must be signed by YOU personally under penalty of perjury, not solely by YOUR attorney.

Request for Admission                                    2

**DEFINITIONS**

**1. "YOU," "YOUR," "INSPECTOR MURRAY"**

The terms "YOU," "YOUR," and "INSPECTOR MURRAY" mean Officer Brandon Murray individually, in both his personal and official capacity as an inspector for the San Francisco Fire Department. All employees, representatives and any other person acting on your behalf.

**2. "SUBJECT PROPERTIES"**

"Subject Properties" refers to 1723-1727 Wallace Avenue, San Francisco, CA 94124 and 1742 Yosemite Avenue, San Francisco, CA 94124.

**3. "DOCUMENT" AND "DOCUMENTS"**

The terms "DOCUMENT" and "DOCUMENTS" shall be broadly defined to include, without limitation: handwritings, notes, typewritings, printouts, photocopies, prints, photographs, films, audiotapes, videotapes, all electronically recorded images and data, sketches, maps, plans, charts, diagrams, checks, records, summaries, or schedules; contracts or agreements; invoices, orders or acknowledgments; diaries or reports; forecasts or appraisals; memoranda of telephonic or in-person communications by or with any PERSON; memoranda, e-mails, letters, telegrams, telexes or cables which were prepared, drafted, received or sent, "and every other means of recording upon any tangible thing any form of communication, representation, including letters, words, pictures, sounds, or symbols, or combinations thereof." (See Evidence Code, § 250.)

The term "DOCUMENTS" shall be defined in the broadest sense permitted by Fed.R.Civ.P. 34 & 26, including but not limited to: writings, drawings, graphs, charts, photographs, phonorecords, sound recordings, images, videos, body-worn camera footage, dashboard camera footage, surveillance footage, text messages, instant messages (including but not limited to SLACK, TEAMS, Signal, WhatsApp, encrypted platforms), emails, social media posts, calendar entries, field notes (field notes for all named Defendants and their agencies), dispatch logs (dispatch logs for all named Defendants and their agencies), CAD logs, radio transmissions, 911 recordings, evidence logs, chain of custody records, and any data or data compilation recorded in any medium (electronic, written, or otherwise), whether stored on government servers, cloud

1  platforms, shared drives, personal devices, or in the possession of third parties. Documents

2  include all versions, drafts, and metadata in their native form.

3  **4. "THE SEARCHES"**

4  "The Searches" refers to any and all entries, inspections, or access to Subject Properties by YOU

5  or other government officials between January 2020 and present.

6  **5. "SFFD"**

7  "SFFD" means the San Francisco Fire Department.

8  **6. "COMMUNICATION" AND "COMMUNICATIONS"**

9   The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

10  ANY kind of written, oral, visual, audible, OR electronic transfer of information, thoughts, OR

11  ideas, OR ANY request for the transfer of such information, including, but not limited to,

12  making, sending, OR receiving information from electronic mail messages, social media posts,

13  social media direct messaging applications, any and all mobile phone messaging applications,

14  facsimiles, inquiries, letters, mail, marketing promotions, memoranda, packages, pages,

15  presentations, press releases, proposals, public statements, sales pitches, solicitations, speaking,

16  speeches, telephone calls, telephone messages, testimony, voice-mail messages, AND writings.

17  Communications also means any transmission or exchange of information whether oral or

18  written including face-to-face conversations, telephone calls, voicemails, electronic messaging,

19  text messages, encrypted messages, social media direct messages, video conferences, and

20  communications through intermediaries or third parties.

21  The terms "COMMUNICATION" AND "COMMUNICATIONS" shall mean AND refer to

22  ANY transmission or exchange of information whether oral or written including face to face

23  conversation, telephone calls and electronic messaging. The Plaintiff's definition included entity

24  itself and all past and present employees, agents, investigators and informants.

25

26  **REQUESTS FOR ADMISSION**

27  **REQUEST FOR ADMISSION NO. 1:**

28  Request for Admission                                      4

1  ADMIT that YOU received training regarding the Fourth Amendment to the United States

2  Constitution during YOUR employment with SFFD.

3  **REQUEST FOR ADMISSION NO. 2:**

4  ADMIT that YOU were trained that administrative inspections generally require either consent

5  or a warrant, pursuant to Camara v. Municipal Court.

6  **REQUEST FOR ADMISSION NO. 3:**

7  ADMIT that YOU were trained that investigating suspected criminal activity (such as illegal

8  cannabis cultivation) requires a warrant based on probable cause.

9  **REQUEST FOR ADMISSION NO. 4:**

10  ADMIT that SFFD policy requires YOU to obtain a warrant for inspections where there is no

11  immediate emergency and consent has been refused or not obtained.

12  **REQUEST FOR ADMISSION NO. 5:**

13  ADMIT that YOU did not possess an inspection warrant signed by a Judge or Magistrate when

14  YOU entered the SUBJECT PROPERTIES.

15  **REQUEST FOR ADMISSION NO. 6:**

16  ADMIT that YOU did not possess a criminal search warrant signed by a Judge or Magistrate

17  when YOU entered the SUBJECT PROPERTIES.

18  **REQUEST FOR ADMISSION NO. 7:**

19  ADMIT that YOU never applied for a warrant to inspect the SUBJECT PROPERTIES prior to

20  YOUR entries.

21  **REQUEST FOR ADMISSION NO. 8:**

22  ADMIT that YOU had sufficient time to apply for a warrant before entering the SUBJECT

23  PROPERTIES.

24  **REQUEST FOR ADMISSION NO. 9:**

Request for Admission                                     5

1  ADMIT that YOU did not obtain written consent from Andrew Govan-Smith to enter the

2  SUBJECT PROPERTIES.

3  **REQUEST FOR ADMISSION NO. 10:**

4  ADMIT that YOU do not possess a signed consent form authorizing YOUR entry into the

5  SUBJECT PROPERTIES.

6

7  **REQUEST FOR ADMISSION NO. 11:**

8  ADMIT that YOU did not record (via body-worn camera, audio, or video) any person granting

9  YOU verbal consent to enter the SUBJECT PROPERTIES.

10  **REQUEST FOR ADMISSION NO. 12:**

11  ADMIT that YOU did not inform the occupants of the SUBJECT PROPERTIES that they had

12  the right to refuse consent to YOUR inspection.

13  **REQUEST FOR ADMISSION NO. 13:**

14

15  ADMIT that there was no active fire at the SUBJECT PROPERTIES at the time of YOUR

16  inspections.

17  **REQUEST FOR ADMISSION NO. 14:**

18  ADMIT that there was no structural collapse or explosion at the SUBJECT PROPERTIES at the

19  time of YOUR inspections.

20  **REQUEST FOR ADMISSION NO. 15:**

21  ADMIT that YOU were not responding to a 9-1-1 emergency call regarding the SUBJECT

22  PROPERTIES at the time of YOUR entries.

23

24  **REQUEST FOR ADMISSION NO. 16:**

25  ADMIT that there was no imminent threat to life or physical safety requiring immediate entry

26  into the SUBJECT PROPERTIES without delaying or obtaining a warrant.

27  **REQUEST FOR ADMISSION NO. 17:**

28

Request for Admission                                         6

ADMIT that the alleged fire code violations (such as expired extinguishers) did not constitute an immediate emergency requiring warrantless entry.

**REQUEST FOR ADMISSION NO. 18:**

ADMIT that prior to entering the SUBJECT PROPERTIES, YOU suspected the properties were being used for cannabis cultivation.

**REQUEST FOR ADMISSION NO. 19:**

ADMIT that one of the purposes of YOUR inspection was to investigate potential cannabis cultivation.

**REQUEST FOR ADMISSION NO. 20:**

ADMIT that YOU coordinated YOUR inspection of the SUBJECT PROPERTIES with the Office of Cannabis Control.

**REQUEST FOR ADMISSION NO. 21:**

ADMIT that YOU communicated with Investigator Chelsea Liu regarding the SUBJECT PROPERTIES prior to YOUR entry.

**REQUEST FOR ADMISSION NO. 22:**

ADMIT that YOU communicated with Inspector Gary Clifton regarding the SUBJECT PROPERTIES prior to YOUR entry.

**REQUEST FOR ADMISSION NO. 23:**

ADMIT that YOU found no cannabis plants at the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 24:**

ADMIT that YOU seized no evidence of cannabis cultivation from the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 25:**

ADMIT that YOU entered the SUBJECT PROPERTIES on multiple separate occasions.

Request for Admission                          7

1  **REQUEST FOR ADMISSION NO. 26:**

2  ADMIT that YOU accessed multiple interior rooms within the SUBJECT PROPERTIES during

3  YOUR inspections.

4  **REQUEST FOR ADMISSION NO. 27:**

5
6  ADMIT that YOU took photographs inside the SUBJECT PROPERTIES.

7  **REQUEST FOR ADMISSION NO. 28:**

8  ADMIT that YOU did not wear a body-worn camera during YOUR inspections of the SUBJECT

9  PROPERTIES.

10  **REQUEST FOR ADMISSION NO. 29:**

11
12  ADMIT that YOU did not create contemporaneous field notes during YOUR inspections.

13  **REQUEST FOR ADMISSION NO. 30:**

14  ADMIT that YOU entered the SUBJECT PROPERTIES without the owner present.

15  **REQUEST FOR ADMISSION NO. 31:**

16  ADMIT that YOU issued a Notice of Violation for 1723-1727 Wallace Avenue on or about June

17  13, 2023.

18  **REQUEST FOR ADMISSION NO. 32:**

19
20  ADMIT that the Notice of Violation for 1723-1727 Wallace Avenue was subsequently

21  withdrawn, rescinded, or dismissed.

22  **REQUEST FOR ADMISSION NO. 33:**

23  ADMIT that YOU issued a Notice of Violation for 1742 Yosemite Avenue on or about April 16,

24  2024.

25  **REQUEST FOR ADMISSION NO. 34:**

26
27  ADMIT that the Notice of Violation for 1742 Yosemite Avenue was subsequently withdrawn,

28  rescinded, or dismissed.

Request for Admission                                           8

**REQUEST FOR ADMISSION NO. 35:**

ADMIT that no final enforcement action was taken against the SUBJECT PROPERTIES regarding the fire code violations YOU cited.

**REQUEST FOR ADMISSION NO. 36:**

ADMIT that YOU are aware of YOUR duty to preserve evidence relevant to this litigation.

**REQUEST FOR ADMISSION NO. 37:**

ADMIT that YOU cannot produce a warrant authorizing YOUR entry into the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 38:**

ADMIT that YOU cannot produce any video evidence documenting the moment YOU entered the SUBJECT PROPERTIES.

**REQUEST FOR ADMISSION NO. 39:**

ADMIT that the Inspection Reports produced in discovery bearing YOUR name are authentic and were prepared by YOU.

**REQUEST FOR ADMISSION NO. 40:**

ADMIT that the Notices of Violation produced in discovery bearing YOUR name are authentic and were issued by YOU.

**REQUEST FOR ADMISSION NO. 41:**

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without a warrant.

**REQUEST FOR ADMISSION NO. 42:**

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without express consent from the property owner.

**REQUEST FOR ADMISSION NO. 43:**

ADMIT that YOU knowingly entered the SUBJECT PROPERTIES without the presence of

1  exigent circumstances.

2  **REQUEST FOR ADMISSION NO. 44:**

3  ADMIT that a reasonable fire inspector in YOUR position would have known that warrantless

4  entry into a private commercial building without consent or exigency violates the Fourth

5  Amendment.

6  **REQUEST FOR ADMISSION NO. 45:**

7

8  ADMIT that YOU do not hold a valid California Peace Officer Standards and Training (POST)

9  Basic Certificate.

10  **REQUEST FOR ADMISSION NO. 46:**

11  ADMIT that YOU possess no formal, accredited certification specifically regarding the

12  identification of cannabis cultivation equipment or botany.

13  **REQUEST FOR ADMISSION NO. 47:**

14

15  ADMIT that YOU are not a licensed structural engineer in the State of California.

16  **REQUEST FOR ADMISSION NO. 48:**

17  ADMIT that YOU are not a licensed electrician in the State of California.

18  **REQUEST FOR ADMISSION NO. 49:**

19

20  ADMIT that YOU have never been qualified as an expert witness in any state or federal court on

21  the subject of cannabis cultivation operations.

22  **REQUEST FOR ADMISSION NO. 50:**

23  ADMIT that YOU have never received training authorizing YOU to use fire safety inspections as

24  a pretext to assist law enforcement in criminal investigations.

25  **REQUEST FOR ADMISSION NO. 51:**

26  ADMIT that YOU did not conduct testing for cannabis or cannabis residue during the searches

27  of the Subject Properties.

28  Request for Admission                                    10

1    Dated:

2

3    By: _____

4

5    Andrew James Govan Smith
     In Pro Se
6    1742 Yosemite Ave
     San Francisco, CA 94124
7    ajshrestha007@gmail.com
     Phone- (415)-855-5968
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     Request for Admission                    11

**PROOF OF SERVICE**

I, OJASWAI SHRESTHA, declare as follows:

I am over the age of eighteen years and not a party to the above- entitled action. I served the following document:

**Requests for Admissions Officer Brandon Murray in his official capacity, San Francisco Fire Department**

In the case titled:

ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5 Defendants / Counter Claimants,

V.

PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco and in their official capacity Inspector Chris Francis San Francisco Department of Building Inspection, in their official capacity Inspector Gary Clifton San Francisco Department of Building Inspection, in their official capacity Brandon Murray San Francisco Fire Department, in their official capacity Investigator Chelsea Liu Office of Cannabis Control, in their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain Dennis Sy San Francisco Fire Department, in their official capacity DOE 1 through DOE 20 inclusive.

Plaintiffs/ Counter Defendants.

Case no: 25-cv-04942-SK

on the following person at the location specified:

Office of City Attorney City and County of San Francisco
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, CA 94102
Email: Sabrina.M.Berdux@sfcityatty.org

in the manner indicated below:
☑BY ELECTRONIC MAIL: Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person at the electronic service address listed above. Such document was transmitted via electronic mail from the electronic address: ojaswaishrestha@gmail.com in portable document format ("PDF") Adobe Acrobat.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on December 21,2024

Ojaswai Shrestha
Sanepa-2, Lalitpur Kathmandu, Nepal

# EXHIBIT O

CITY AND COUNTY OF SAN FRANCISCO



DAVID CHIU
City Attorney

OFFICE OF THE CITY ATTORNEY

SABRINA M. BERDUX
Deputy City Attorney

Direct Dial:     (415) 554-3929
Email:  sabrina.m.berdux@sfcityatty.org

January 20, 2026

*VIA EMAIL & MAIL:* ajshrestha007@gmail.com
Andrew James Govan-Smith
1742 Yosemite Avenue
San Francisco, CA  94124

Re:  **Objection to Individuals Discovery Requests**
  *CCSF v. Andrew Govan-Smith Revocable Trust, et. al.*
  USDC NDCAL Case No. 25-CV-04942-SK

Dear Mr. Govan-Smith:

I write to provide a notice of objection to the discovery requests served on individual City employees. The City employees are not independent defendants in the case and they have not appeared in the case. I will provide responses to the requests served to Plaintiff/Cross-Defendant City and County of San Francisco.

As you know, the individuals identified in your Complaint were identified as acting in their "official capacity." (Defendant Counter-Claim Pg. 3:20-27) A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office…As such, it is no different from a suit against the State itself…We hold that neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dept. of State Police* 491 U.S. 58 (1989). The individuals identified in the Complaint cannot be sued for damages when sued in their official capacity under § 1983. Accordingly, we responded to your Cross-Complaint on behalf of the entity cross-defendants, City and County of San Francisco.

To be clear, the following discovery requests that were served on December 21, 2025 are objected to in whole as improper and will not be responded to:

Interrogatories to Captain Dennis Sy
Interrogatories to Chris Francis
Interrogatories to Insp Gary Clifton
Interrogatories to Lt. Victor Wong
Interrogatories to Chelsea Liu
Interrogatories to Brandon Murray
Request for Admissions to Dennis Sy
Requests for Admissions to Chelsea Liu
Requests for Admissions to Victor Wong
Requests for Admissions to Chris Francis
Requests for Admissions to Gary Clifton
Requests for Admissions to Brandon Murray

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Andrew Govan-Gordon
January 20, 2026
Page 2 of 2

     To confirm, I will provide responses to Request for Production of Documents to the City and County of San Francisco.

Very truly yours,

DAVID CHIU
City Attorney

*/S/ Sabrina M. Berdux*

Sabrina M. Berdux
Deputy City Attorney

4904-7311-4246, v. 1

# EXHIBIT P

**DECLARATION OF ANDREW JAMES GOVAN-SMITH IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

I, Andrew James Govan-Smith, declare as follows:

## I. INTRODUCTION

1. I am over the age of eighteen years and am competent to testify to the matters set forth in this Declaration. I have personal knowledge of the facts stated herein and could testify competently thereto under oath.

2. I am the Defendant/Counter Claimant in this action, appearing pro se.

## II. THE FEBRUARY 23, 2026, MANDATORY SETTLEMENT CONFERENCE

3. This Court has scheduled a mandatory settlement conference for February 23, 2026.

4. The discovery I seek through this Motion is absolutely essential to my ability to meaningfully participate in that settlement conference.

5. Without the requested discovery, I cannot evaluate the strengths and weaknesses of my claims, assess the realistic value of my case, or make informed settlement decisions.

## III. WHY I NEED THIS DISCOVERY

6. I was not present during all of the searches that form the basis of this lawsuit.

7. The Individual Counter Defendants—Dennis Sy, Chris Francis, Gary Clifton, Victor Wong, Chelsea Liu, and Brandon Murray—are witnesses who were present and can testify about what they did and why they did it.

8. I need their responses to Interrogatories and Requests for Admission to understand: (a) what they actually observed; (b) why they believed they had authority to enter without

warrants; (c) whether they saw actual cannabis or just equipment; (d) what Fourth Amendment training they received; and (e) why they did not seek consent.

9. The documents I have requested are essential:

**Warrant Documentation (Request No. 1):** The City admitted "there are no documents regarding warrant applications." I need verified confirmation to establish Fourth Amendment violations.

**Evidence of Cannabis (Request No. 5):** The City seeks $75,000 in penalties for alleged cannabis cultivation; no cannabis was ever found. I need verification of whether any photographs, laboratory testing, or physical evidence exists.

**Policies and Training (Requests No. 14-21):** These documents determine whether Individual Counter Defendants violated their own policies, whether they were trained that warrants were required, and whether qualified immunity exists—all critical to settlement value.

**Pattern Evidence (Requests No. 17, 25-27):** Evidence of similar warrantless searches determines whether my Monell claims are strong (systematic violations).

**Consent Documentation (Request No. 35):** I never consented to these searches. I need verified confirmation that no consent forms, recordings, or written authorization exists to counter expected settlement arguments.

## IV. THE CITY'S DISCOVERY OBSTRUCTION

10. The City has categorically refused to permit any Individual Counter Defendant to respond to discovery, claiming officials sued in "official capacity" need not respond—a position rejected by every federal circuit to address it.

Declaration of Andrew Govan Smith                    2

11. The City used identical boilerplate objections in over forty of forty-seven Requests for Production, then produced documents anyway, proving the objections were false.

12. The City asserted privilege in over fifteen requests but provided zero privilege logs as required by Federal Rule 26(b)(5).

## V. I CANNOT MEANINGFULLY PARTICIPATE IN SETTLEMENT WITHOUT THIS DISCOVERY

13. Settlement requires both parties to have reasonable access to facts and evidence.

14. The City possesses all the information I seek—their employees, policies, training materials, evidence (or lack thereof), and records. I possess none of this and have no way to obtain it except through discovery.

15. If this discovery is not compelled before February 23, 2026, the settlement conference will be futile because I will lack the information necessary to evaluate proposals or make informed decisions.

16. The City will arrive at the settlement conference with full knowledge of its policies, evidence, and witness testimony. I will arrive knowing none of this if the City's obstruction continues.

17. Denying this discovery and requiring me to attend settlement would force me to negotiate blind while the City holds all the cards.

## VI. CONCLUSION

18. This discovery is essential—not optional—to meaningful participation in the Court-ordered settlement conference and to trial should settlement fail.

19. Without it, I cannot make informed settlement decisions, effectively negotiate or prepare for trail.

Declaration of Andrew Govan Smith                                    3

1    20. I respectfully request that the Court grant this Motion and order complete responses

2         within sufficient time for me to review and analyze the discovery before February 16,

3         2026.

4    I declare under penalty of perjury under the laws of the United States of America that the

5    foregoing is true and correct.

6
     Executed this _22_ day of January, 2026, at San Francisco, California.
7

8

9

10

11   Andrew James Govan-Smith

12   Defendant/Counter Claimant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   Declaration of Andrew Govan Smith                          4