DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
WADE CHOW, SBN 168527
Chief Attorney
Code Enforcement Team
SABRINA M. BERDUX, SBN 248927
Deputy City Attorney
Fox Plaza
1390 Market Street, Seventh Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3929
Facsimile:     (415) 437-4644
E-Mail:        sabrina.m.berdux@sfcityatty.org


Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO and
PEOPLE OF THE STATE OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco,<br><br>　　　　Plaintiffs,<br><br>　　　　vs.<br><br>ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J. GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5,<br><br>　　　　Defendants. | Case No. 25-CV-04942-SK<br><br>**CROSS-DEFENDANTS ANSWER TO CROSS-COMPLAINANT'S COUNTER-CLAIM AGAINST CHRIS FRANCIS IN HIS OFFICIAL CAPACITY, GARY CLIFTON IN HIS OFFICIAL CAPACITY, CHELSEA LIU IN HER OFFICIAL CAPACITY, DENNIS SY IN HIS OFFICIAL CAPACITY AND BRANDON MURRAY IN HIS OFFICIAL CAPACITY** |

/ / /

/ / /

/ / /

Cross-Def Answer to Counter-Claim
CASE NO.   **25-CV-04942-SK**

1

Cross-Defendants Chris Francis in his official capacity, Gary Clifton in his official capacity, Chelsea Liu in her official capacity, Dennis Sy in his official capacity, and Brandon Murray in his official capacity (collectively "the City") answer the Counter-Claim of Defendants Andrew Govan-Smith Revocable Trust, Andrew J. Govan-Smith Revocable Trust, and Andrew Govan-Smith (collectively, "Govan-Smith"), as follows:

## PERSONAL HISTORY

1.      Responding to the allegations of paragraph 1 of the Counter-Claim, the City responds: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation.

2.      Responding to the allegations of paragraph 2 of the Counter-Claim, the City responds: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis deny each and every allegation.

## JURISDICTION

3.      Responding to the allegations of paragraph 3 of the Counter-Claim, the City responds: This paragraph contains no factual allegations, but rather Govan-Smith's legal theories and conclusions to which no response is required.

## PARTIES

4.      Responding to the allegations of paragraph 4 of the Counter-Claim, the City responds: This paragraph contains no factual allegations, but rather Govan-Smith's listing of Defendants/Counter Claimants to which no response is required.  If a response is required, the City denies the allegations.

5.      Responding to the allegations of paragraph 5 of the Counter-Claim, the City responds: This paragraph contains no factual allegations, but rather Govan-Smith's listing of Plaintiffs/Counter Defendants to which no response is required.  If a response is required, the City denies the allegations.

## INTRODUCTION

6.      Responding to the allegations of paragraph 6 of the Counter-Claim, the City responds: This paragraph contains no factual allegations, but rather Govan-Smith's legal theories and

conclusions to which no response is required.  To the extent this paragraph contains factual allegations, the City denies such allegations.

## FACTUAL BACKGROUND

### COUNTER-CLAIM 1

7.     Responding to the allegations of paragraph 7 of the Counter-Claim, the City responds: The City admits that the San Francisco Fire Department ("SFFD"), Office of Cannabis Control ("OOC"), and Department of Building Inspection ("DBI") conducted a joint inspection of 1723 and 1727 Wallace Avenue on June 13, 2023.  The City denies the remaining allegations, and specifically denies violating Govan-Smith's Constitutional rights and/or violating the law.

### COUNTER-CLAIM 2

8.     Responding to the allegations of paragraph 8 of the Counter-Claim, the City responds: The City lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation.  The City specifically denies violating Govan-Smith's Constitutional rights and/or violating the law.

### COUNTER-CLAIM 3

9.     Responding to the allegations of paragraph 9 of the Counter-Claim, the City responds: The City admits that SFFD and OOC inspected portions of 1742 Yosemite Avenue on April 16, 2024. The City denies the remaining allegations, and specifically denies violating Govan-Smith's Constitutional rights and/or violating the law.

### COUNTER-CLAIM 4

10.     Responding to the allegations of paragraph 10 of the Counter-Claim, the City responds: The City denies each and every allegation.  The City specifically denies violating Govan-Smith's Constitutional rights and/or violating the law.

### COUNTER-CLAIM 5

11.     Responding to the allegations of paragraph 11 of the Counter-Claim, the City responds: The City admits that SFFD and OOC inspected 1742 Yosemite on May 1, 2024.  The City denies the remaining allegations, and specifically denies violating Govan-Smith's Constitutional rights and/or violating the law.

## COUNTER-CLAIM 6

12.    Responding to the allegations of paragraph 12 of the Counter-Claim, the City responds: The City admits that SFFD inspected the attached building at the rear of 1742 Yosemite on May 2, 2024.  The City denies the remaining allegations, and specifically denies violating Govan-Smith's Constitutional rights and/or violating the law.

## PRAYER

13.    Responding to the allegations of paragraph 13 of the Counter-Claim (paragraph 1 of the Prayer), the City responds: This paragraph contains no factual allegations, but rather Govan-Smith's legal theories and conclusions to which no response is required.  To the extent this paragraph contains factual allegations, the City denies such allegations.

14.    Responding to the allegations of paragraph 14 of the Counter-Claim (paragraph 2 of the Prayer), the City responds: This paragraph contains no factual allegations, but rather Govan-Smith's legal theories and conclusions to which no response is required.  To the extent this paragraph contains factual allegations, the City denies such allegations.

15.    Responding to the allegations of paragraph 15 of the Counter-Claim (paragraph 3 of the Prayer), the City responds: This paragraph contains no factual allegations, but rather Govan-Smith's legal theories and conclusions to which no response is required.  To the extent this paragraph contains factual allegations, the City denies such allegations.

16.    Responding to the allegations of paragraph 16 of the Counter-Claim (paragraph 4 of the Prayer), the City responds: This paragraph contains no factual allegations, but rather Govan-Smith's legal theories and conclusions to which no response is required.  To the extent this paragraph contains factual allegations, the City denies such allegations.

17.    Responding to the allegations of paragraph 17 of the Counter-Claim (paragraph 5 of the Prayer), the City responds: This paragraph contains no factual allegations, but rather Govan-Smith's legal theories and conclusions to which no response is required.  To the extent this paragraph contains factual allegations, the City denies such allegations.

/ / /

/ / /

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Variance between Tort Claim and Counter-Claim)

The City alleges that to the extent the Counter-Claim includes allegations within the scope of the California Tort Claims Act, Govan-Smith's causes of action are limited to those factual allegations and theories of recovery set forth in Govan-Smith's written government tort claim, if any.  To the extent the Counter-Claim attempts to enlarge or expand upon those allegations and theories, the Counter-Claim fails to state a cause of action and is barred pursuant to Government Code Sections 905, 910, 911.2, 945.5, 950.2 and related provisions.

### SECOND AFFIRMATIVE DEFENSE

(Barred by California Government Code)

The City alleges that the Counter-Claim is barred by the provisions and immunities of California Government Code Sections 815, 815.2, 815.4, 815.6, 818.2, 818.4, 818.6, 818.7, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822, 822.2, 830, 830.2, 830.4, 830.5, 830.6, 830.8, 831.7, 830.9, 831, 831.2, 831.4, 835, 835.2, 835.4, 840, 840.2, 840.4, 840.6, 845, 845.2, 845.4, 845.6, 845.8, 850, 850.2, 850.4, 854.8, 855, 855.2, 855.4, 855.6, 855.8, 856, 856.2, 856.4, 910 et seq., 956.4, and other applicable provisions of law and of said sections.  Under California law, the City is liable only pursuant to statute.

### THIRD AFFIRMATIVE DEFENSE

(Assumption of the Risk)

The City alleges that Govan-Smith had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the Counter-Claim herein; that Govan-Smith voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Counter-Claim; and that the loss or damage, if any, sustained by the him was caused by said risks that were accepted and voluntarily assumed by him.

/ / /

/ / /

/ / /

## FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk - Peril)

The City alleges that Govan-Smith realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the Counter-Claim herein; that Govan-Smith, voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by him was caused by said risks which were accepted and voluntarily assumed by him, when engaging in said activity.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The City alleges that the Counter-Claim and each and every cause of action therein is barred by the statute of limitations as set forth in C.C.P. § 335 et seq. and related statutes.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

The City alleges that the Counter-Claim and each and every cause of action therein is barred because Govan-Smith failed to use reasonable diligence to mitigate damages allegedly sustained by him, and said failure bars or reduces the recovery, if any from the City.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

The City alleges that its employees, officials, and agents were at all times material hereto acting with both subjective and objective good faith, and without malice, such that any claim for relief that Govan-Smith may have is barred by law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel, Laches, and Waiver)

By reason of Govan-Smith's own acts and omissions, Govan-Smith is barred by the equitable doctrines of estoppel and laches from seeking any recovery from the City by reason of the allegations set forth in the Counter-Claim.  By reason of Govan-Smith's own acts and omissions, Govan-Smith is barred by the legal doctrine of waiver from seeking any recovery from the City by reason of the allegations set forth in Govan-Smith's Counter-Claim.

## NINTH AFFIRMATIVE DEFENSE

(Frivolous Action)

Govan-Smith's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the City to sanctions and appropriate remedies (including without limitation attorney's fees) against Govan-Smith.

## TENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Counter-Claim and each cause of action therein are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

(Comparative Negligence)

The City alleges by way of a plea of comparative negligence that Govan-Smith was negligent in and about the matters and activities alleged in the Counter-Claim; that Govan-Smith's negligence contributed to and was a proximate cause of Govan-Smith and/or Govan-Smith's alleged injuries and damages, if any, or was the sole cause thereof; and that if Govan-Smith is entitled to recover damages against any the City by virtue of the Counter-Claim, the City prays that the recovery be diminished or extinguished by reason of the negligence of the Govan-Smith in proportion to the degree of fault attributable to the Govan-Smith.

## TWELFTH AFFIRMATIVE DEFENSE

(Privileged and Justified)

The City alleges that, if any force was used by its employees against the Govan-Smith, the use of force was the lawful exercise of the right of self-defense and defense of the public and privileged and/or justified by law, and any recovery pursuant to said use of force is barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Immunity)

The City alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code § 810 et seq.) as the sole and exclusive measure of the City's duties and liabilities in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Discretionary Act Immunity)

The City alleges that the act or omissions which Govan-Smith claims give rise to liability in this case were within the discretion of a San Francisco employee acting within the course and scope of his employment and, as a result, Govan-Smith's claim is barred by the discretionary act immunity contained in Government Code section 820.2 and its related provisions.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Qualified Immunity)

The City alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Immunity:  Exemplary Damages)

The City and County of San Francisco alleges that it, a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Res Judicata, Collateral Estoppel)

The Counter-Claim and each and every cause of action therein is barred by the doctrine of collateral estoppel, res judicata, and the case law prohibiting Govan-Smith from "splitting" claims or causes of action.  *Ferraro v. Southern Cal. Gas Co.* (1980) 102 Cal.App.3d 33, 41.  Further, the City alleges that the Counter-Claim is barred, in whole or in part, by Section 426.30 of the California Code of Civil Procedure.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Denial of Damages)

The City denies that Govan-Smith has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendant.

/ / /

/ / /

/ / /

Cross-Def Answer to Counter-Claim                    8
CASE NO.    **25-CV-04942-SK**

## NINETEENTH AFFIRMATIVE DEFENSE

(Failure to State Relief Under 42 U.S.C. section 1983)

The City alleges that Govan-Smith has failed to allege facts in the complaint sufficient to state a claim for relief under 42 U.S.C. section 1983 against San Francisco, its agents, employees and/or its officers.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Intent to Deprive of Constitutional Rights)

The City at all times acted in good faith, reasonably, truthfully, and/or without any intent to deprive Govan-Smith of any rights under the federal or state constitutions, federal or state statutes, thereby entitling the City to immunity from suit.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Consent)

The City alleges that Govan-Smith and/or his tenants, agents, employees, and/or assigns consented to the search(es) alleged in his Counter-Claims.

## JURY DEMAND

Plaintiffs/Counter-Defendants demand a jury trial on Govan-Smith's federal Counter-Claims only. The parties are not entitled to a jury trial on Plaintiffs' claims against Govan-Smith.

WHEREFORE, the City prays for judgment as to the Counter-Claim as follows:

1.   That Govan-Smith take nothing from Plaintiffs/Counter-Defendants;

2.   That the Counter-Claim against Plaintiffs/Counter-Defendants be dismissed with prejudice;

3.   That Plaintiffs/Counter-Defendants recover its costs of suit herein, including attorneys' fees; and

/ / /

/ / /

/ / /

/ / /

/ / /

Cross-Def Answer to Counter-Claim
CASE NO.   **25-CV-04942-SK**

9

4. For such other relief as is just and proper.

Dated: March 27, 2026

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
WADE CHOW
Chief Attorney
Code Enforcement Team
SABRINA M. BERDUX
Deputy City Attorney


By:_____ */s/ Sabrina M. Berdux*_____
SABRINA M. BERDUX

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO and
PEOPLE OF THE STATE OF CALIFORNIA

## **PROOF OF SERVICE**

I, CARMEN GUO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Seventh Floor, San Francisco, CA 94102.

On March 27, 2026, I served the following document(s):

**CROSS-DEFENDANTS ANSWER TO CROSS-COMPLAINANT'S COUNTER-CLAIM AGAINST CHRIS FRANCIS IN HIS OFFICIAL CAPACITY, GARY CLIFTON IN HIS OFFICIAL CAPACITY, CHELSEA LIU IN HER OFFICIAL CAPACITY, DENNIS SY IN HIS OFFICIAL CAPACITY AND BRANDON MURRAY IN HIS OFFICIAL CAPACITY**

on the following person(s) at the locations specified:

Lawrence Dale Murray, Esq.
Murray & Associates
650 5th St Ste 514
San Francisco, CA 94107-1558
daydrmn@aol.com
jcwong33@hotmail.com
unionstlaw@aol.com
*(Attorney for Andrew James Govan-Smith)*

☒    **BY ELECTRONIC MAIL:**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be served electronically through **Pacer** in portable document format ("PDF") Adobe Acrobat.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed March 27, 2026, at San Francisco, California.

/s/ Carmen Guo
CARMEN GUO

Cross-Def Answer to Counter-Claim
CASE NO.    **25-CV-04942-SK**

11