Lawrence D. Murray  (SBN 77536)
MURRAY & ASSOCIATES
650 5th Street, Suite 514
San Francisco, CA  94107
Tel:     (415) 673-0555
Fax:     (415) 928-4084

Attorney for Defendant & Cross Claimant
ANDREW GOVAN-SMITH REVOCABLE TRUST

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, et al., | **Case No. 25-cv-04942-SK** |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND THE CROSS-COMPLAINT TO ADD MONELL CLAIMS** |
| v. | |
| ANDREW GOVAN-SMITH REVOCABLE TRUST, et al. | |
| Defendants. | DATE:        JUNE 22, 2026 TIME:        9:30 AM COURT:      C, 15th Floor |
| ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust, et al., | |
| Defendants and Counter-Claimants, | |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Plaintiffs and Counter-Defendants. | |

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.        PAGE 1
USDC San Francisco Case No. 25-cv-04942 SK
Memorandum of Points and Authorities in Support of Motion to Amend Cross-Complaint

# I. INTRODUCTION

This motion seeks leave to add into the Cross-Complaint what was learned through discovery and recently found public record.  The records indicate a justification for bringing claims under the Monel doctrine and for Civil Rights violations against the City and County of San Francisco and the individual city employees who performed the violations in issue.

Between approximately May 2023 and May 2024, five City employees across three City agencies — the San Francisco Fire Department ("SFFD"), the Department of Building Inspection ("DBI"), and the Office of Cannabis Control ("OOC") — conducted five warrantless entries across Counter-Claimant's three properties without once seeking a judicial warrant, without consent, and without any emergency justification.

**No cannabis, no contraband, and no illegal activity was found at any property on any occasion.**

The sworn interrogatory responses and requests for admission of the five individual defendants who have responded to discovery — Officer Brandon Murray, Captain Dennis Sy, Inspector Chris Francis, Inspector Gary Clifton, and Investigator Chelsea Liu — establish through their own admissions the institutional failures that caused these violations. These are not the responses of rogue officers acting outside City policy. These are the responses of officials who never sought search warrants because no one ever trained them that warrants might be required, who conducted warrantless entries "countlessly" because that is the City's standard operating procedure, and whose supervisors coordinated, approved, and participated in every entry. In this case, the City officials, without any belief in the need or means of securing a search warrant, entered Counter-Claimant's properties on no less that five occasions, not once with a warrant and not once with a exigent circumstance.  Consent was never give.

Leave to amend is liberally granted under Rule 15(a)(2) when justice requires. Justice requires it here.  The Amended Cross Complaint is necessary to properly put before the court the issues presented by the facts in this case.

# II. LEGAL STANDARD — LEAVE TO AMEND

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend "shall be freely given when justice so requires." The Ninth Circuit has held that this policy "is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir.

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.        PAGE 2
USDC San Francisco Case No. 25-cv-04942 SK
Memorandum of Points and Authorities in Support of Motion to Amend Cross-Complaint

2003). Courts consider five factors: bad faith, undue delay, prejudice to the opposing party, futility, and whether the plaintiff has previously amended. Foman v. Davis, 371 U.S. 178, 182 (1962). Where no factor weighs against amendment, leave should be granted.

Here, there is no bad faith, no undue delay (the amendment is based on discovery responses just received), no prejudice (the City itself produced the evidence underlying the claim through its own employees' responses), no futility (the claim is compelled by the discovery record), and no prior amendment on this issue. Leave should be granted.

### III. LEGAL STANDARD — MONELL MUNICIPAL LIABILITY

A municipality is liable under 42 U.S.C. § 1983 when execution of its policy or custom inflicts a constitutional injury. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). The Ninth Circuit applies a three-part test for failure-to-train Monell claims:

1. A City employee violated the plaintiff's constitutional rights;
2. The City has customs or policies that amount to deliberate indifference to those rights; and
3. Those customs or policies were the "moving force" behind the employee's violation of constitutional rights.

Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing Gibson v. County of Washoe, 290 F.3d 1175, 1193–94 (9th Cir. 2002)). The adequacy of training may serve as the basis for § 1983 liability "where the failure to train amounts to deliberate indifference to the rights of persons" with whom City employees come into contact. City of Canton v. Harris, 489 U.S. 378, 388 (1989).

Critically for this case, the Ninth Circuit sitting en banc has held that a government agency's failure to train employees on warrant procedures is precisely the kind of "narrow circumstance" in which evidence of a prior pattern of similar violations is not required to establish deliberate indifference. Kirkpatrick v. Washoe County, 843 F.3d 784 (9th Cir. 2016) (en banc) (agency's failure to train social workers on when warrants are required sufficed without pattern evidence).

Furthermore, the Ninth Circuit has confirmed that "whether a local government has displayed a policy of deliberate indifference to the constitutional rights of its citizens is generally a jury question." Long v. County of Los Angeles, 442 F.3d at 1186 (quoting Gibson, 290 F.3d at

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.        PAGE 3
USDC San Francisco Case No. 25-cv-04942 SK
Memorandum of Points and Authorities in Support of Motion to Amend Cross-Complaint

1194–95). Any dispute about deliberate indifference goes to a jury — it does not defeat this claim at the pleading or summary judgment stage.

## IV. ARGUMENT

**A. The First Element Is Satisfied: The Individual Defendants Violated Counter-Claimant's Fourth Amendment Rights**

The Fourth Amendment applies to administrative inspections of commercial property. Camara v. Municipal Court, 387 U.S. 523, 534 (1967); See v. City of Seattle, 387 U.S. 541 (1967). A warrantless administrative inspection is presumptively unconstitutional absent consent, exigent circumstances, or a recognized exception. Marshall v. Barlow's, Inc., 436 U.S. 307, 312 (1978).  The individual defendants' own sworn responses establish the violation conclusively:

- Officer Murray (RFA 41): admits he knowingly entered Counter-Claimant's property without a warrant. The word "knowingly" forecloses any good-faith defense.
- Inspector Francis (RFA 43): flat admission — no exigent circumstances existed at the time of entry.
- Inspector Francis (SROG 13): "not applicable" when asked about any immediate threat to life or safety.
- All defendants (RFA 13–15): admit no active fire, no structural collapse or explosion, no 911 emergency call.
- All defendants (RFA 5–7): admit no inspection warrant and no warrant application for any entry.
- All defendants (RFA 23–24): admit no cannabis plants found, and no cannabis evidence seized across all five entries.

These city officials made five warrantless entries. There was no fire.  There was no emergency. There was no cannabis. As a matter of training and their custom and practice, no warrant ever sought. The constitutional violation is established on the face of the defendants' own admissions.

**B. The Second Element Is Satisfied: The City's Customs and Policies Amount to Deliberate Indifference** Counter-Claimant pleads four independent bases for municipal liability, each of which independently satisfies the second element of the Long framework.

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.        PAGE 4
USDC San Francisco Case No. 25-cv-04942 SK
Memorandum of Points and Authorities in Support of Motion to Amend Cross-Complaint

1. Failure to Train — City of Canton v. Harris

The most powerful evidence of deliberate indifference is the City's own CPRA production: the SFFD formally admitted in response to a California Public Records Act request that it possesses zero Fourth Amendment training materials anywhere within the department. Not outdated materials. Not informal guidance. Zero materials. The SFFD has sent inspectors and captains to conduct warrantless entries of private commercial property without ever creating a single document to train them that the Fourth Amendment might apply.  In fact many of them believe and indicate that there is no Fourth Amendment right since they are not the police.

This admission is precisely the situation the Supreme Court described in City of Canton: "If a city's police officers are armed with firearms but receive no training whatsoever as to when the use of deadly force is constitutional, a §1983 action could be brought against the city if one of its officers shot and killed someone." 489 U.S. at 390 n.10. Substitute "authorized to conduct inspections" for "armed with firearms" and "warrantless search" for "use of deadly force" — the analogy is exact.

The sworn discovery responses confirm this failure across all three City agencies:

- Inspector Clifton (SROG 1): last Fourth Amendment training approximately 14 years ago. Training content: "DBI inspection purposes" only — no constitutional compliance, no warrant requirements.

- Captain Sy (SROG 1): last Fourth Amendment training end of 2019 — over five years before the inspections at issue. Training content: "consent only," no Camara doctrine, no administrative warrant procedure.

- Officer Murray (SROG 1): last training approximately three years ago. Content limited to fire code compliance only.

- Inspector Francis (SROG 1, 16): last training approximately two to three years ago. Content limited to "DBI purposes."

- Investigator Liu (SROG 1, 2): Training limited to OCC cannabis enforcement protocols — no Fourth Amendment, no warrant requirements.

Fourteen years. Five years. Three years. Two to three years. The Fourth Amendment has applied to administrative inspections since Camara v. Municipal Court in 1967 — nearly 60 years of clearly established law. The City's failure to provide meaningful, current constitutional

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.        PAGE 5
USDC San Francisco Case No. 25-cv-04942 SK
Memorandum of Points and Authorities in Support of Motion to Amend Cross-Complaint

training to any of these five officials, across three separate departments, is not negligence. It is a policy of deliberate indifference.   And it is not like it was unavailable.  The SF Police Department has an academy which supplies such training.

Moreover, under Kirkpatrick v. Washoe County, 843 F.3d 784 (9th Cir. 2016) (en banc), no pattern of prior violations is required where the failure to train on warrant procedures is complete. The SFFD CPRA admission — zero Fourth Amendment materials — is that complete failure. The claim is established without reference to any prior incidents.

2. Custom or Practice — Warrantless Entry as Standard Operating Procedure

A municipal custom need not be formally adopted but must be "so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011). The following admissions establish warrantless entry as the City's standard operating procedure:

- Murray (SROG 9): states he has entered private properties without warrants "countless" times throughout his career. This is not a one-time lapse — it is Murray's entire professional practice.
- Murray, Clifton, Liu (SROG 8): zero warrant affidavits authored in their entire careers. Francis: only 2–3 career-total. Sy: zero. Across three departments, these officials have collectively never meaningfully sought a warrant.
- Five coordinated entries, three departments, same personnel, same protocol, eleven months. Not isolated or sporadic — a systematic, repeated, institutional practice.
- Francis stated, "resistance is futile" and claimed authority to enter over Counter-Claimant's explicit objection. Murray threatened "serious consequences" for denying entry. These statements reflect officials who believe the City authorizes warrantless entry as a matter of course.

3. Ratification — Pembaur v. City of Cincinnati

A municipality is liable where a final policymaker knowingly ratifies an employee's unconstitutional conduct and its basis. Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986).

- Liu (discovery responses): admits pre-entry communication with Captain Sy before the searches. Sy had advance knowledge and the entries proceeded with his approval.

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.        PAGE 6
USDC San Francisco Case No. 25-cv-04942 SK
Memorandum of Points and Authorities in Support of Motion to Amend Cross-Complaint

- Sy (SROG 12): disputes in sworn discovery that a warrant was ever required. A supervisory captain who believes warrants are unnecessary, coordinates entries in advance, and participates in those entries is ratifying unconstitutional conduct as official City policy.
- Francis (SROG 7): SFPD was present at the pre-entry briefing stage. These were not field-level decisions — they were planned, multi-agency, supervisory-approved operations.
- The City Attorney continued to pursue enforcement action premised on the fruits of warrantless entries after Counter-Claimant raised constitutional objections — post-hoc ratification by the City's highest legal authority.

4. Deliberate Indifference to Obvious Constitutional Risk

Where officials consciously disregard known constitutional requirements, the municipality's failure to correct that conduct establishes deliberate indifference. Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 409 (1997).

- Murray and Liu both admit knowingly entering without a warrant. "Knowingly" is conscious, intentional disregard — not inadvertence.
- Sy used a cannabis smell test despite holding no cannabis certification and no drug-detection training — a fire captain conducting an improvised narcotics investigation with no constitutional authority to do so.
- No body cameras, no field notes, no consent forms, no consent recordings across all five defendants and all three departments. A complete absence of accountability documentation is itself evidence of institutional indifference.
- Five entries, five times finding nothing. The City continued sending officials back to the same properties despite zero evidence of any violation ever being confirmed.

## V. THE THIRD ELEMENT IS SATISFIED: THE CITY'S FAILURES WERE THE MOVING FORCE BEHIND THE VIOLATIONS

The "moving force" doctrine requires Counter-Claimant to prove that the constitutional injury would have been avoided had the City adequately trained its inspectors. Long v. County of Los Angeles, 442 F.3d at 1185. This is Counter Claimant's  causal argument, and it is correct.

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.        PAGE 7
USDC San Francisco Case No. 25-cv-04942 SK
Memorandum of Points and Authorities in Support of Motion to Amend Cross-Complaint

The argument is straightforward: if Captain Sy, Inspector Francis, Inspector Clifton, Investigator Liu, and Officer Murray had received contemporary Fourth Amendment training — training on Camara, on administrative warrant requirements, on the constitutional limits of their inspection authority — they would have known that five unannounced, warrantless entries of private commercial property without exigency, without documented consent, and without a judicial warrant were unconstitutional. But for the City's complete failure to provide that training, those five entries would not have occurred.

This causal chain is not speculative — it is proven by the admissions themselves. The defendants do not claim they knew about the warrant requirement and chose to ignore it. Murray's entire career reflects warrantless entry as the norm. Clifton's training is 14 years stale. Sy disputes that a warrant was ever required. These are not officers who received training and failed to heed it — a distinction courts have found important. See, e.g., Lexipol analysis of J.K.J. v. Polk County. These are officers who were never meaningfully trained at all, operating exactly as the City's institutional culture prepared them to operate.

The SFFD CPRA admission seals this causal chain. Zero Fourth Amendment training materials exist anywhere in SFFD. There is nothing for these officers to have failed to heed. The moving force behind Andrew's constitutional deprivation is the City's complete institutional failure to train its inspectors on the most basic requirement of the Fourth Amendment: get a warrant.

## VI. THE FOURTH AMENDMENT IN THE MODERN CONTEXT DEMANDS CURRENT TRAINING

The Fourth Amendment protections exist in a dynamic and evolving legal landscape. The Fourth Amendment's application has been continuously refined by courts in response to new technologies — cell phones (Riley v. California, 573 U.S. 373 (2014)), GPS tracking (United States v. Jones, 565 U.S. 400 (2012)), digital data storage (Carpenter v. United States, 585 U.S. 296 (2018)), and AI-assisted surveillance. The constitutional landscape governing what requires a warrant and what does not have never been more complex or more frequently litigated. A training program that last addressed Fourth Amendment warrant requirements 14 years ago, or even 3 years ago, that may or may not have required at least an administrative warrant cannot be considered adequate for officials making real-time decisions about whether to enter private

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.    PAGE 8
USDC San Francisco Case No. 25-cv-04942 SK
Memorandum of Points and Authorities in Support of Motion to Amend Cross-Complaint

property. This is not a pedantic argument about training schedules — it is a recognition that deliberate indifference includes the City's failure to keep its inspectors current on a body of law that directly governs every inspection they conduct.

## VII. CONCLUSION

The discovery record in this case is extraordinary. Five City employees across three departments — in their own sworn responses — have established every element of every Monell theory. They have admitted warrantless entries, no exigent circumstances, no warrant applications, training as stale as 14 years ago, and institutional practices of warrantless entry dating back throughout their careers. The SFFD has formally admitted through its CPRA response that no Fourth Amendment training materials exist anywhere in the department.

Counter-Claimant respectfully requests that this Court grant leave to amend the Counter-Complaint to add the Monell claim and Civil Rights claims against the City and County of San Francisco as set forth herein.

Respectfully submitted,

MURRAY & ASSOCIATE

May 11, 2026                    |S| Lawrence D. Murray
                               Lawrence D. Murray
                               Attorney for Defendant and Cross-Claimant

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.        PAGE 9
USDC San Francisco Case No. 25-cv-04942 SK
Memorandum of Points and Authorities in Support of Motion to Amend Cross-Complaint

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 650 5th Street, Suite 514, San Francisco, California 94107; (415) 673-0555. On this date, I served the following document(s): **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND THE CROSS-COMPLAINT TO ADD MONELL CLAIMS** on the interested parties in this action as follows:

SABRINA M. BERDUX, SBN 248927
Deputy City Attorney  Fox Plaza
1390 Market Street, Seventh Floor
San Francisco, California 94102-5406
Tele: (415) 554-3929  Fax: (415) 437-4644
E-Mail: sabrina.m.berdux@sfcityatty.org
Attorneys for Plaintiff  PEOPLE OF THE STATE OF CALIFORNIA

[   ]    **[BY PERSONAL SERVICE]**    I caused such envelope(s) to be delivered by hand to the above address(es).

[XX]    **[BY EMAIL]**    I caused such document(s) to be served on the parties listed in this action via email to the email addresses shown above.

[   ]    **[BY MAIL]**    I caused envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California, addressed as shown above.

[XX]    **[BY E-SERVICE]**    I caused such document(s) to be served via e-service on the parties listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed in San Francisco, California, on May 11, 2026.

/S/ Lawrence D Murray

_____
Lawrence D Murray

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.        PAGE 10
USDC San Francisco Case No. 25-cv-04942 SK
Memorandum of Points and Authorities in Support of Motion to Amend Cross-Complaint