Lawrence D. Murray  (SBN 77536)
MURRAY & ASSOCIATES
650 5th Street, Suite 514
San Francisco, CA  94107
Tel:     (415) 673-0555
Fax:     (415) 928-4084

Attorney for Defendant & Cross Claimant
ANDREW GOVAN-SMITH REVOCABLE TRUST

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW GOVAN-SMITH REVOCABLE TRUST, et al. <br><br> Defendants. | **Case No. 25-cv-04942-SK** <br><br> **DECLARATION OF LAWRENCE D. MURRAY IN SUPPORT OF MOTION TO AMEND THE CROSS-COMPLAINT TO ADD MONELL CLAIMS** <br><br> DATE:      JUNE 22, 2026 <br> TIME:      9:30 AM <br> COURT:     C, 15th Floor |
| ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust, et al., <br><br> Defendants and Counter-Claimants, <br><br> v. <br><br> PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, et al., <br><br> Plaintiffs and Counter-Defendants. | |

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.        PAGE 1
USDC San Francisco Case No. 25-cv-04942 SK
Declaration of Lawrence D. Murray ISO Motion to Amend Cross-Complaint

I, Lawrence D. Murray, declare:

1. I'm an attorney licensed practice law in the State of California, and in this court, and as such represent the interests of defendant and cross complainant in this matter.

2. This matter was filed in Superior Court San Francisco on or about March 13, 2025. The case was then removed from Superior Court to the District Court and has not been remanded.

3. I am informed and believe that my client filed a response and a counter claim in the proper forum setting out his Fourth Amendment claims for violation of his rights by at least five prior entries into the premises by the Officials of the City and County of San Francisco.

4. I am informed and believe that this matter was then removed to Federal Court and that the removal was not remanded back to state court.

5. Prior to my entry into the case there have been interrogatories and request for admission sent to each of the six individual defendants officials of the City and County of San Francisco. These discovery requests have been responded to. I have reviewed them and use them as a basis to plead a Monel and Civil Rights violation.

6. I'm informed and believing that the six individual defendants filed their response to the counterclaims of my client on or about 07/11/2025 and 03/27/2026.

7. I was then retained and entered into the case on her about 02/20/2026. Since that time I have taken four depositions of the involved City employees, specifically on May 5, 6 and 7. The testimony give in these depositions further warrants these claims.

8. The matter is currently set for trial in June of 2027.

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.        PAGE 2
USDC San Francisco Case No. 25-cv-04942 SK
Declaration of Lawrence D. Murray ISO Motion to Amend Cross-Complaint

9. I believe and inform this court that the references to discovery made in the body of this motion are accurate and that there was no policy practice or procedure for securing warrants to search property in the San Francisco Fire Department, Building Inspection Bureau or Office Of Cannabis Control. Therefore I believe there is sufficient evidence to demonstrate the essential elements for a Monel claim, that it was a policy, practice, and procedure by the City and its employees, not to consider or seek a search warrant, all is set out in the attached Amended Counter Claim / cross complaint which is attached to and marked Exhibit A.

10. And therefore, asking this court to issue its order permitting the filing of this amended Counter Claim and or Cross Complaint.

11. I have asked the Deputy City Attorney in charge of this matter for a stipulation that the Amended Cross Complaint be filed by agreement. She's indicated that she cannot do that but that she will not file an opposition or oppose the filing of this Amended Cross-Complaint.

I declared your penalty of perjury that the foregoing is true and correct and that this declaration was executed in San Francisco on May 10, 2026.

/S/ Lawrence D. Murray
Lawrence D. Murray

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.          PAGE 3
USDC San Francisco Case No. 25-cv-04942 SK
Declaration of Lawrence D. Murray ISO Motion to Amend Cross-Complaint

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 650 5ᵗʰ Street, Suite 514, San Francisco, California 94107; (415) 673-0555.   On this date, I served the following document(s):  **DECLARATION OF LAWRENCE D. MURRAY IN SUPPORT OF MOTION TO AMEND THE CROSS-COMPLAINT TO ADD MONELL CLAIMS** on the interested parties in this action as follows:

SABRINA M. BERDUX, SBN 248927
Deputy City Attorney  Fox Plaza
1390 Market Street, Seventh Floor
San Francisco, California 94102-5406
Tele: (415) 554-3929  Fax: (415) 437-4644
E-Mail: sabrina.m.berdux@sfcityatty.org
Attorneys for Plaintiff  PEOPLE OF THE STATE OF CALIFORNIA

[   ]    **[BY PERSONAL SERVICE]**    I caused such envelope(s) to be delivered by hand to the above address(es).

[XX]    **[BY EMAIL]**    I caused such document(s) to be served on the parties listed in this action via email to the email addresses shown above.

[   ]    **[BY MAIL]**    I caused envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Francisco, California, addressed as shown above.

[XX]    **[BY E-SERVICE]**    I caused such document(s) to be served via e-service on the parties listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed in San Francisco, California, on May 11, 2026.

/S/ Lawrence D Murray

_____
Lawrence D Murray

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.        PAGE 4
USDC San Francisco Case No. 25-cv-04942 SK
Declaration of Lawrence D. Murray ISO Motion to Amend Cross-Complaint

**EXHIBIT A**

**TO**

**DECLARATION OF LAWRENCE D. MURRAY**

**[proposed] FIRST AMENDED CROSS-CLAIM**

State of California, et al., vs. Andrew Govan-Smith Revocable Trust, et al.     PAGE 5
USDC San Francisco Case No. 25-cv-04942 SK
Declaration of Lawrence D. Murray ISO Motion to Amend Cross-Complaint

Lawrence D Murray
MURRAY & ASSOCIATES
650 – 5th Street, Suite 514
San Francisco, CA 94107
415 673-0555/ 415 240 2382
Attorney for Defendant & Cross Claimant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco,          Plaintiffs, | Case no: 25-cv-04942-SK |
| v. | **FIRST AMENDED CROSS-CLAIM** |
| ANDREW GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW J. GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5, | (1)  Violation of Fourth Amendment Rights (42 U.S.C. § 1983) — Individual Defendants |
| .           Defendants.   / | (2) Municipal Liability — Monell Claim Against the City and County of San Francisco (42 U.S.C. § 1983); |
| ANDREW GOVAN-SMITH REVOCABLE TRUST a California Trust; ANDREW J GOVAN-SMITH REVOCABLE TRUST, a California trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5      Defendants / Counter Claimants, | (3) Municipal Liability – Retaliation for  Asserting Constitutional Right Under The First and Fourteenth Amendment |
| v. | (4)  Injunctive Relief |
| PEOPLE OF THE STATE OF CALIFORNIA and CITYAND COUNTY OF SAN FRANCISCO, and through David Chiu, City Attorney for the City and County of San Francisco and in his official capacity; Inspector Chris Francis, Department of Building Inspection, in his official capacity, Inspector Gary Clifton Department of Building Inspection, in his official capacity Investigator Chelsea Liu, Office of Cannabis Control, in their official capacity Lt. Victor Wong San Francisco Fire Department, in their official capacity Captain Dennis Sy San Francisco Fire Department, in their official capacity Officer Brandon Murray San Francisco Fire, in their official capacity DOE 1 through   DOE 20        Plaintiffs/ Counter Defendants. ) | **DEMAND FOR JURY TRIAL** |

1

**INTRODUCTION**

1. Counter-Claimants Andrew Govan-Smith, the Andrew Govan-Smith Revocable Trust, and the Andrew J Govan-Smith Revocable Trust (collectively "Counter-Claimant") file this First Amended Counter-Claim against the Counter-Defendant City and County of San Francisco and the individual defendants named herein to seek redress for the systematic violation of Counter-Claimant's First and Fourth Amendment rights.

2. Between May 2023 and May 2024, agents of three agencies of the Counter-Defendant City and County of San Francisco, specifically the San Francisco Fire Department ("SFFD"), the Department of Building Inspection ("DBI"), and the San Francisco Office of Cannabis ("OOC"), conducted five warrantless, non-consensual raids, entries and searches of Counter-Claimant's commercial properties at 1723 Wallace Avenue, 1727 Wallace Avenue, and 1742 Yosemite Avenue, San Francisco.

3. No judicial warrant was ever sought or secured by said agencies or the individual Cross-defendants. No emergency or exigent circumstances existed to justify a warrantless entry. No cannabis or illegal product or activity was found at any properties.

4. Each of the prosecutorial actions of the Cross-Defendants acting within their governmental authority and under color of law was begun by reason of their issuance of a "Notice of Violation" at Defendant and Cross-Complainant by the Cross-defendants, most of which was for violations that did not exist, that the individual Cross-Defendants and Cross-Defendant City, and each of them, knew at the time of issuance did not exist, and most were ultimately withdrawn or vacated by the City's own agencies.

5. The individual Cross-Defendants' sworn discovery responses and deposition

responses — their own admissions under oath — establish that these were not isolated acts of rogue officers. They were the direct product of the City's pattern and practice, accepted procedures, institutional failures and permission for retaliatory conduct: the absence of Fourth Amendment training, a career-long custom of forced warrantless entry, supervisory pre-authorization at the management level, and deliberate, knowing disregard of clearly established constitutional requirements to the agencies conducting inspections. Based on the discovery responses Defendant and Counter Claimant now adds various Monell claims reflecting the City's and their individual Cross-Defendant's accepted and routing procedures violating Counter Claimants rights as set out here.

6.    Counter Claimant has been harmed by said institutional failures, the deliberate indifference and intentional retaliatory conduct.

**PARTIES**

**Counter-Claimants**

7.    Counter-Claimant Andrew Govan-Smith is an individual and longtime San Francisco property owner, born in Australia and a resident of the United States since 1983. He is the owner and manager of a fee interest in commercial properties at 1723 Wallace Avenue, 1727 Wallace Avenue, and 1742 Yosemite Avenue, and 1750 Yosemite Avenue, San Francisco, California 94124.

8.    The Counter-Claimants Andrew Govan-Smith Revocable Trust and the Andrew J Govan-Smith Revocable Trust are California trusts holding interests in the subject properties which holds the properties for him.

**Counter-Defendants**

9.    Counter-Defendant, sometimes referred to here as Cross-Defendant, City and

3

County of San Francisco ("City") is a municipal corporation organized under the laws of the State of California. At all relevant times, the City employed and supervised the individual Counter Defendants herein in positions of authority and from that position violated the rights of Cross-Complainant as set for herein.

10.    Counter-Defendant **Officer Brandon Murray** is and was at all relevant times an officer of the San Francisco Fire Department, acting in his official capacity as an agent of the City.

11.    Counter-Defendant **Captain Dennis Sy** is and was at all relevant times an officer of the San Francisco Fire Department, acting in his official capacity as an agent of the City.

12.    Counter Defendant **Lt. Victor Wong** is and was at all relevant times a lieutenant of the San Francisco Fire Department, acting in his official capacity as an agent of the City and as a supervisory official.

13.    Counter-Defendant **Inspector Chris Francis** is and was at all relevant times an inspector of the San Francisco Department of Building Inspection, acting in his official capacity as an agent of the City.

14.    Counter-Defendant **Inspector Gary Clifton** is and was at all relevant times an inspector of the San Francisco Department of Building Inspection, acting in his official capacity as an agent of the City.

15.    Counter-Defendant **Investigator Chelsea Liu** is and was at all relevant times an investigator of the San Francisco Office of Cannabis Control, acting in her official capacity as an agent of the City.

16.    Counter-Claimant believes that Counter-Defendants DOE 1 through 20 are presently unknown and who participated in, authorized, or ratified the conduct alleged herein.

4

**JURISDICTION AND VENUE**

17.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) because this action arises under the Constitution and laws of the United States, 42 U.S.C. § 1983.

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred within the Northern District of California.

19.     This action was originally filed in San Francisco Superior Court (Case No. CGC-25-623740) and was timely removed to this Court by Counter-Claimant pursuant to 28 U.S.C. § 1441. Removal jurisdiction has been upheld by the Honorable Magistrate Judge Sallie Kim.

**FACTUAL ALLEGATIONS**

**A.  Counter-Claimant's Properties and Background**

20.     Counter-Claimant Andrew Govan-Smith is a stone mason by trade who has owned and operated commercial properties in San Francisco's Bayview District since 1988. He purchased and rehabilitated distressed warehouse properties in an area that was then considered underinvested, contributing to its revitalization over more than three decades.

21.     The properties at issue — 1723 Wallace Avenue, 1727 Wallace Avenue, 1742 Yosemite Avenue, and 1750 Yosemite — are commercial warehouses owned by Counter-Claimant. At all times relevant the address were leased through a leasing agent to commercial tenants whose leases expressly prohibited from cannabis cultivation or any unlawful activity.

**B. The Five Warrantless Entries**

22.     On or about **June 13, 2023,** agents of SFFD, DBI, and OOC conducted a

5

warrantless, non-consensual search of the property located at 1723 and 1727 Wallace Avenue, San Francisco. Counter-Claimant's employees and tenants were present. City officials conducted a raid and entered without a judicial warrant, without lawfully documented consent, and without any emergency justification. Counter-Claimant was present and protested the entry No cannabis, contraband, or illegal activity was found. Plaintiffs admitted this warrantless search in their original complaint. (See Complaint ¶ 31.)

23. Approximately two weeks to two months after June 13, 2023, agents of SFFD, DBI, and OOC, including Counter Defendants Investigator Chelsea Liu and Captain Dennis Sy conducted a **second** warrantless, non-consensual raid and search of 1723 and 1727 Wallace Avenue. Counter-Claimant was present and protested the entry. Officials entered without a warrant, without lawfully documented consent, and without any emergency justification. No cannabis or contraband was found.

24. On or about **April 16, 2024,** agents of SFFD and OOC conducted a warrantless, non-consensual raid and search of the property located at 1742 Yosemite Avenue, San Francisco. Officials entered without a warrant, without lawfully documented consent, and without any emergency justification. Counter-Claimant was present and protested the entry. No cannabis or contraband was found. Plaintiffs admitted this warrantless search in their original complaint. (See Complaint ¶ 21.)

25. On or about **May 1, 2024,** agents of SFFD, OOC and DBI conducted a warrantless, non-consensual search of 1742 – 1750 Yosemite Avenue. Counter-Claimant again protested and refused entry. On this occasion, Officer Murray confronted Counter-Claimant and stated: "Do you think you can deny access to us? If so, be prepared for serious consequences." Despite Counter-Claimant's explicit refusal, officials entered. No cannabis or contraband was found.

6

26.     On or about **May 2, 2024,** the same contingent of officials returned and conducted a **fifth** warrantless, non-consensual search of 1742 Yosemite Avenue. Counter-Claimant again refused entry. Officials again ignored his refusal and entered. No cannabis or contraband was found.

**C. No Cannabis Found — Various Notices of Violation Withdrawn and Deemed Compliant**

27.     Across all five entries at each property over eleven months, no cannabis plants were found, no cannabis evidence was seized, and no contraband or illegal activity was confirmed. Every Notice of Violation issued in connection with these inspections was subsequently withdrawn or vacated by the City's own agencies.

28.     Plaintiff and Counter Defendant do not dispute that Counter-Claimant's tenants, unbeknownst to Counter-Claimant, may have engaged in unauthorized activity that the City suspected. Counter-Claimant's leases expressly prohibited any illegal activity such as the activity claimed by the City. The City officials admit that Counter-Claimant did not consent to, aid and abet, participate in, or have knowledge of any unauthorized activity by his tenants.

**D. What the Discovery Record Reveals: Institutional Failure**

29.     In the course of this litigation, five individual counter defendants who have responded to discovery — Murray, Sy, Francis, Clifton, and Liu — provided sworn interrogatory responses and responses to requests for admission that establish the following institutional facts:

**Training Deficiency**

7

30.    Counter Defendant Inspector Clifton's last Fourth Amendment training was approximately **14 years ago.** His training content was limited to "DBI inspection purposes." (Clifton SROG 1, 16.)

31.    Counter Defendant Captain Sy's last Fourth Amendment training was at the **end of 2019** — over five years before the inspections at issue. His training content covered "consent only" with no Camara doctrine and no administrative warrant procedure. (Sy SROG 1–2.)

32.    Counter Defendant Officer Murray's last Fourth Amendment training was approximately **three years** before the inspections. His training covered fire code compliance only. (Murray SROG 1.)

33.    Counter Defendants Inspector Francis's and Investigator Liu's training was similarly limited to departmental procedures with no Fourth Amendment constitutional compliance component. (Francis SROG 1, 16; Liu SROG 1–2.)

34.    In response to a California Public Records Act request, the San Francisco Fire Department formally admitted it possesses zero Fourth Amendment training materials anywhere within the department.

35.    None of the five responding counter defendants authored more than two to three warrant affidavits in their entire careers. Murray, Clifton, Liu, and Sy authored zero. (SROG 8.)

**Custom or Practice of Warrantless Entry**

36.    Counter Defendant Officer Murray admitted in sworn interrogatory responses and his deposition that he has entered private properties without warrants "**countless**" times throughout his career. (Murray SROG 9.)  He believes that if the department gets an anonymous tip, that such information is "exigent" circumstances justifying a warrantless entry.

8

37.     All five responding Counter Defendant admitted they sought no inspection warrant, no criminal warrant, and made no warrant application for any of the entries at issue. (All defendants RFA 5–7.)  Each defendant admitted in this deposition that there was no process for securing a warrant to enter the various civilian properties.

38.     Each inspector asserted they can secure consent in any manner they wish.  Threats were not unusual.  Counter Defendant Inspector Francis, when Counter-Claimant refused entry, stated "resistance is futile" and claimed he was "authorized to gain entry."  Counter Defendant Officer Murray threatened Counter-Claimant with "serious consequences" for denying access.  These statements reflect officials who believed the Counter Defendant City authorized warrantless entry as a matter of course.

**Supervisory Knowledge and Ratification**

39.     Counter Defendant Investigator Liu admitted in discovery that she communicated with Counter Defendant Captain Dennis Sy before the entries at issue. Sy had advance knowledge and the entries proceeded with his approval. (See Liu discovery responses.)

40.     Counter Defendant Captain Sy stated in his own sworn discovery responses that he disputes a warrant was ever required for these inspections. (Sy SROG 12.)

41.     Counter Defendant Inspector Francis confirmed that the San Francisco Police Department was present at a pre-entry briefing before the inspections. (Francis SROG 7.)

**No Exigency, No Consent**

42.     Counter Defendant Inspector Francis admitted in sworn responses that no exigent circumstances existed at the time of entry (RFA 43), and that the question of immediate threat to life or safety was "not applicable" (SROG 13).

9

43.     All responding Counter Defendants admitted no active fire, no structural collapse or explosion, and no 911 emergency call preceded any entry. (All Counter Defendant RFA 13–15.)

44.     Counter Defendant Inspector Francis simultaneously claimed consent as the legal basis for entry but admitted: no signed consent form exists (RFA 10), no verbal consent was recorded (RFA 11), and occupants were never informed of their right to refuse (RFA 12). The purported consenting individual at 1742 Yosemite is identified only as "unknown." (Francis and Liu SROG 14.)

10

**FIRST CAUSE OF ACTION VIOLATION OF THE FOURTH AMENDMENT —**

**42 U.S.C. § 1983 (Against All Individual Defendants in Their Official Capacities)**

45.    Counter-Claimant realleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

46.    The Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. The Fourth Amendment applies to administrative inspections of commercial property. Camara v. Municipal Court, 387 U.S. 523 (1967); See v. City of Seattle, 387 U.S. 541 (1967).

47.    A warrantless inspection of private property is presumptively unconstitutional absent valid consent, exigent circumstances, or a recognized exception. Marshall v. Barlow's, Inc., 436 U.S. 307 (1978). The burden of establishing an exception rest with the government.

48.    Each of the five entries described herein was conducted without a judicial warrant, without exigent circumstances, and without lawfully documented, and certainly no "voluntary consent." The individual Counter Defendants' own sworn admissions establish each of these elements.

49.    Each of the five entries constituted a separate violation of Counter-Claimant's Fourth Amendment rights.

50.    The individual Counter Defendants acted under color of state law at all relevant times as officials of the Counter Defendant City and County of San Francisco.

51.    As a direct and proximate result of the Counter Defendants' unconstitutional conduct, Counter-Claimant suffered the damages set forth in the Prayer for Relief below.

11

**SECOND CAUSE OF ACTION MUNICIPAL LIABILITY UNDER MONELL —**

**42 U.S.C. § 1983 (Against the City and County of San Francisco)**

52. Counter-Claimant realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. Counter-Defendant, The City and County of San Francisco, is a "person" subject to suit under 42 U.S.C. § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Official capacity suits against City employees are suits against the City entity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

54. The City is liable under Monell because the constitutional violations suffered by Counter-Claimant were caused by the City's official policies, widespread customs and practices, failures to train, failure to supervise, and supervisory ratification of unconstitutional conduct. Counter-Claimant pleads the following four independent theories of municipal liability, each sufficient to establish the Counter Defendant City's liability:

**<u>Theory One — Failure to Train (City of Canton v. Harris)</u>**

55. The Counter Defendant City failed to adequately train SFFD, DBI, and OOC personnel on Fourth Amendment warrant requirements applicable to administrative inspections of commercial property, amounting to deliberate indifference to the constitutional rights of persons with whom those employees come into contact. City of Canton v. Harris, 489 U.S. 378, 388 (1989).

56. The Counter Defendant City's failure to train is established by the following facts, each individually and collectively sufficient:

• The SFFD formally admitted through a California Public Records Act response that zero Fourth Amendment training materials exist anywhere in the department.

12

• Counter Defendant Inspector Clifton's last Fourth Amendment training was approximately 14 years before the inspections at issue.

• Counter Defendant Captain Sy's last Fourth Amendment training was over five years before the inspections.

• All five responding Counter Defendants describe training content limited exclusively to departmental inspection procedures, with no Fourth Amendment, no warrant requirements, no Camara doctrine.

• None of the five responding Counter Defendants authored more than two to three warrant affidavits in their entire careers.

57. The need for Fourth Amendment training for City officials conducting inspections of private commercial property is, under City of Canton, "so obvious" that the failure to provide it constitutes deliberate indifference as a matter of law. 489 U.S. at 390 n.10.

58. The Ninth Circuit sitting en banc has held that a government agency's complete failure to train its employees on when warrants are required eliminates the need for a pattern of prior violations to establish deliberate indifference. Kirkpatrick v. Washoe County, 843 F.3d 784 (9th Cir. 2016) (en banc). The SFFD's CPRA admission of zero training materials is exactly such a complete failure.

59. The City's failure to train was the moving force behind the constitutional violations suffered by Counter-Claimant. Had the individual Counter Defendants received contemporary Fourth Amendment training, they would have known that any one of and all of the five unannounced, warrantless entries of private commercial property without exigency, without documented consent, and without a judicial warrant were unconstitutional. But for the Counter

13

Defendant City's complete failure to provide that training, those five entries would not have occurred. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

**Theory Two — Established Custom or Practice**

60.    The Counter Defendant City maintained an established custom, practice, and usage of conducting warrantless entries of commercial properties without obtaining judicial warrants, so persistent and widespread as to have the practical force of law. Connick v. Thompson, 563 U.S. 51, 61 (2011).

61.    This custom is established by: Murray's sworn admission of "countless" warrantless entries throughout his career; zero warrant affidavits authored career-total by Murray, Clifton, Liu, and Sy; five coordinated warrantless entries over eleven months by the same personnel and agencies; and Francis's and Murray's statements asserting City-authorized entry authority over Counter-Claimant's explicit objection.

62.    The OOC's dispatch of Counter Defendant Investigator Liu to properties that were unpermitted — entirely outside OOC's lawful inspection jurisdiction — further demonstrates a custom of acting without regard to the constitutional and jurisdictional limits on entry authority.

**Theory Three — Supervisory Ratification**

63.    The Counter Defendant City is liable because final policymakers with supervisory authority knowingly ratified the unconstitutional entries and their constitutional basis. Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986).

64.    Counter Defendant Captain Sy, a supervisory SFFD captain, received advance notice of the inspections from Investigator Liu and approved them without requiring a warrant. In

14

his own sworn discovery responses, Sy disputes that a warrant was ever required. A supervisor who pre-approves unconstitutional entries and believes them to be lawful is ratifying those entries as official City policy.

65.    SFPD's presence at the pre-entry briefing confirms that these were planned, multi-agency, supervisory-level operations — not spontaneous field decisions.

66.    The City Attorney's continued prosecution of enforcement action premised on the fruits of the warrantless entries, after Counter-Claimant raised constitutional objections, constitutes post-hoc ratification by the City's highest legal authority.

**Theory Four — Deliberate Indifference**

67.    The Counter Defendant City acted with deliberate indifference to the obvious risk that its officials would violate Fourth Amendment rights in the absence of constitutional training, supervision, and accountability. Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 409 (1997).

68.    Counter Defendants Murray and Liu admitted in sworn responses that they knowingly entered without warrants. Knowing, intentional constitutional violations by City employees, unaccompanied by any supervisory correction, establish the City's deliberate indifference.

69.    Counter Defendant Captain Sy used a smell test to detect cannabis despite holding no cannabis certification, no law enforcement credentials, and no specialized drug-detection training or testing for accuracy — demonstrating Counter Defendant City's indifference to the constitutional limits on its officials' authority.  There is no prior history of accuracy by his olfactory senses, and no demonstrated error ratio for incorrect conclusions.

15

70. No body cameras were used, no field notes were taken, no consent forms were signed, and no verbal consent was recorded across five individual Counter Defendants and three departments of Counter Defendant City.

71. As demonstrated here, the complete absence of accountability documentation across all agencies and all entries is evidence of an institutional culture of deliberate indifference and lack of accountability.

72. As a direct and proximate result of the Counter Defendants' unconstitutional conduct, Counter-Claimant suffered the damages set forth in the Prayer for Relief below.

**THIRD CAUSE OF ACTION RETALIATION FOR ASSERTING RIGHTS**
**(Against the City and County of San Francisco and Individual Cross Defendants)**
**42 U.S.C. § 1983**

73. Counter-Claimant realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. Throughout all times relevant, Defendant and Cross-Complainant complained, challenged and disputed the conduct of the agents and officials of the Plaintiff and Cross Defendants. On numerous occasions Defendant and Cross Complainant Asserted his First Amendment rights to free speech and petition the government for redress of grievances, as well as complaining about entry without lawful authority in violation of the Fourth Amendment.

75. As a result of and in response to such assertion of his First Amendment rights to free speech and petition the government for redress of grievances, as well as complaining about entry without lawful authority in violation of the Fourth Amendment, Plaintiff and Cross

16

Defendants did treat Defendant less favorably and did punish him for such assertion in numerous ways, including, but not limited to:

    a.   Citing him through the Notice of Violation process for, and charging him for growing Cannabis knowing that in fact he was not a party to any such action;

    b.   Forcing him to remove and destroy property left behind by his tenants which was perfectly legal to own and possess;

    c.   The City Attorney declaring openly and publicly in various publications that Defendant was unlawfully growing Cannabis;

    d.   Charging fines and inspection fees for such illegal inspections that arose from the poisonous first appearances at the property;

    e.   Threatening and abusing Cross-Complainant's tenants to cause economic harm to him;

    f.   Once the City and its officials determined that Defendant was not involved in the process of cultivating Cannabis, was not aiding or abetting in the process, and once they resolved all such claims against him for such conduct, they then sued him for growing and aiding in the process of growing Cannabis knowing that he had nothing to do with such conduct.

76.    As a direct and proximate result of the Counter Defendants' unconstitutional conduct, Counter-Claimant suffered the damages set forth in the Prayer for Relief below.

## FOURTH CAUSE OF ACTION INJUNCTIVE RELIEF
### (Against the City and County of San Francisco)

77.     Counter-Claimant realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78.     Unless enjoined, the Counter Defendant City will continue to conduct warrantless inspections of commercial property without adequate Fourth Amendment safeguards, including training, supervision, or accountability, causing ongoing irreparable harm to Counter-Claimant and similarly situated property owners.

79.     Counter-Claimant has no adequate remedy at law to prevent ongoing and future violations and to ensure adequate adherence to his First Amendment rights to complain and speak without retaliation and Fourth Amendment requirements for himself and those similarly situated.

80.     Counter-Claimant requests that this Court issue injunctive relief requiring the City to: (a) implement mandatory, current First Amendment Training and Fourth Amendment training, testing and certification for all SFFD, DBI, and OOC personnel authorized to conduct commercial property inspections; (b) establish written policies requiring warrant applications or lawfully documented consent before any warrantless entry; and (c) implement body camera and documentation protocols for all commercial property inspections.

81.     As a direct and proximate result of the Counter Defendants' unconstitutional conduct, Counter-Claimant suffered the damages set forth in the Prayer for Relief below.

////

////

18

**DAMAGES**

1.    As a direct and proximate result of the conduct alleged herein, Counter-Claimant suffered the following damages:

- Compensatory damages for Violation of his Fourth Amendment rights across five separate warrantless entries, entitling him to at least nominal damages per violation;

- Compensatory damages for emotional distress, fear, and mental anguish caused by the warrantless intrusions, including Counter Defendant Officer Murray's explicit threat of "serious consequences" and Counter Defendant Inspector Francis's statement that "resistance is futile;"

- Compensatory damages for Lost rental income and business disruption resulting from the inspections and their aftermath, including tenant disruption and property interference;

- Costs incurred under coercion, including costs demanded by City officials during inspections;

- Reputational harm resulting from Counter Defendant City-initiated press coverage and enforcement proceedings premised on the fruits of unconstitutional searches;

- Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

- Such other compensatory and consequential damages as proven at trial.

2.    Counter-Claimant further seeks punitive damages against the individual defendants in their individual capacities based on their knowing, willful, and reckless disregard of clearly established constitutional rights. The Fourth Amendment has applied to administrative inspections since Camara v. Municipal Court in 1967. Murray's admission of "countless"

19

warrantless entries and his direct threat of "serious consequences" for exercising constitutional rights are paradigmatic bases for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Claimant respectfully requests that this Court:

1. Enter a money judgment in an amount to be proven at trial, in favor of Counter-Claimant against all Counter-Defendants on the First Cause of Action for violation of the Fourth Amendment;

2. Enter a money judgment in an amount to be proven at trial, in favor of Counter-Claimant against the Counter Defendant City and County of San Francisco on the Second Cause of Action for Monell municipal liability and the Third Cause of Action for Retaliation;

3. Award compensatory damages against all Counter Defendants in an amount to be proven at trial, including but not limited to damages for emotional distress, lost income, business disruption, reputational harm, and costs incurred under coercion;

4. Award compensatory damages against all Counter Defendant for each constitutional violation;

5. Award punitive damages against the individual Counter Defendants in their individual capacities for their knowing and willful disregard of clearly established constitutional rights;

6. Issue injunctive relief as set forth in the Third Cause of Action, requiring the City to implement adequate First Amendment and Fourth Amendment training, testing, certifications and retraining, warrant procedures, and documentation protocols;

20

7.  Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

8.  Award such other and further relief as the Court deems just, proper, and equitable.

**DEMAND FOR JURY TRIAL**

Counter-Claimant hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

Date:  May 8, 2026                              Respectfully submitted,

                                                MURRAY & ASSOCIATES


                                                _____
                                                Lawrence D Murray
                                                Attorney for Defendant & Cross Claimant

21