DAVID CHIU, SBN 189542
City Attorney
YVONNE R. MERÉ, SBN 173594
Chief Deputy City Attorney
WADE CHOW, SBN 168527
Chief Attorney
Code Enforcement Team
SABRINA M. BERDUX, SBN 248927
Deputy City Attorney
Fox Plaza
1390 Market Street, Seventh Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3929
Facsimile: (415) 437-4644
E-Mail: sabrina.m.berdux@sfcityatty.org

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO and
PEOPLE OF THE STATE OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA and CITY AND COUNTY OF SAN FRANCISCO, by and through David Chiu, City Attorney for the City and County of San Francisco,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW J. GOVAN-SMITH REVOCABLE TRUST, a California Trust; ANDREW GOVAN-SMITH, an individual; and DOE 1 through DOE 5,<br><br>Defendants. | Case No. 25-CV-04942-SK<br><br>**JOINT DISCOVERY LETTER RE: DEPOSITION OF EAN VIZZI**<br><br>Date Action Filed: March 27, 2025<br>Trial Date: June 29, 2027<br><br>Discovery Deadline: November 13, 2026 |

The parties to this joint letter, Plaintiffs CCSF and counsel for non-party Ean Vizzi, have met and conferred telephonically and in writing and have been unable to come to an agreement regarding conducting the deposition of attorney Ean Vizzi which Defendant Govan-Smith and counsel for Ean

Vizzi oppose in its entirety. Counsel for Vizzi had indicated that a Motion for Protective Order would be forthcoming but elected to proceed via discovery letter in advance thereof.

**Plaintiff CCSF'S Position:**

Plaintiff City and County of San Francisco noticed the deposition of Ean Vizzi as a percipient witness to the code enforcement inspection that was conducted on May 1, 2024, at Defendant's property at 1742 Yosemite Avenue. Plaintiff's Fire Department, Office of Cannabis, and Department of Building and Inspection sought inspections of Defendant's property at 1742-1750 Yosemite Avenue upon receiving an anonymous complaint of unpermitted cannabis activity. Following a number of inspections, each department issued notices of violation of various municipal codes. The City Attorney's Office filed a code enforcement case in Superior Court. Defendant Govan-Smith cross-complained alleging Fourth Amendment violations and claimed that the inspections were unlawful searches. In support of its defense, the City seeks to investigate whether permission was granted for the inspection. City employees have testified that permission was granted whereas Defendant Govan-Smith has testified that he did not give consent. Of note, Mr. Vizzi is not opposing counsel in this litigation.

Although Defendant Govan-Smith testified in deposition that Mr. Vizzi was his friend, the City understands that Govan-Smith asserts an attorney-client relationship. The City does not intend to ask Mr. Vizzi any questions regarding his communications with Defendant that took place outside the presence of third parties, nor does the City intend to question Mr. Vizzi regarding his legal opinions or other protected work product. No documents have been sought as part of the deposition notice.

The City has informed counsel that it intends to ask questions regarding what Mr. Vizzi told City employees at the inspection, what conversations he had with City employees before the inspection took place, and what City employees told Mr. Vizzi regarding the requested inspection, and what Mr. Govan-Smith did or did not say to City employees at the May 1, 2024, inspection.

Mr. Vizzi and Defendant Govan-Smith have asserted that (1) the attorney-client privilege applies as to all observations made by Mr. Vizzi in the course of giving his client advice; and (2) Vizzi's deposition is impermissible where there are other available witnesses who can provide the same information. Both of these assertions fail.

There has been no legal authority raised by counsel that precludes the deposition of an attorney. There are no Federal Rules that prohibit taking the deposition of opposing counsel. Rather, courts have recognized that where an attorney is an "actor or a viewer," the deposition may be appropriate. *American Cas. Co. of Reading, Pa v. Kreiger,* 160 F.R.D 582, 588 (S.D.Cal1995) (internal citations omitted). And here, because Mr. Vizzi is not involved in the present litigation, his deposition will not otherwise be overly disruptive or burdensome. *Id.*

Defendant asserts that a three-part balancing test is not met as set forth in *Shelton v. American Motoros Corp.,* 805 F.2d 1323 (8th Cir. 1986). The City contends that it meets the *Shelton* factors. However, because Mr. Vizzi is not involved in the subject litigation, the regular, less heightened standard of Rule 26 applies as determined by the *Pimeda* court. *Pamida, Inc. v. E.S. Originals, Inc.* 281 F.3d 726, 728 (8th Cir. 2002). The *Shelton* factors apply to cases in which opposing counsel in the subject litigation is being deposed. The 8th Circuit revisited *Shelton* in *Pamida* and held that it did not apply where a party seeks to depose opposing counsel about a prior closed case, rather than the pending case. In this litigation, Govan-Smith is represented by Lawrence Murray, a civil lawyer. Ean Vizzi has not made an appearance in this litigation and is a criminal defense attorney. There are no criminal charges at issue in this litigation. This district has applied *Pamida* and evaluated an attorney's deposition under Rule 26 where opposing counsel to be deposed is not involved in the pending case. *ATS Products, Inc. v. Champion Fiberglass, Inc.,* 2015 WL 3561611. Mr. Vizzi's deposition meets the Rule 26 criteria for the same reasons that the City's deposition of Mr. Vizzi meets the *Shelton* test as discussed more fully below.

The City meets the heightened *Shelton* factors. The first *Shelton* prong requires that there is no other means to obtain the information than by deposing opposing counsel. Here, Vizzi is the only non-party witness to the inspection on May 1, 2024. The second prong requires that the information sought is relevant and non privileged. Here, whether consent for the inspection was given or not is dispositive of the 4th Amendment claim alleged by Defendant, so it is directly relevant. For the same reason, the third prong is met, which requires that the information is crucial to the preparation of the case. The information is not privileged because the City has repeatedly identified the limited scope of its questions; that is, to communications to and from City employees, none of whom carry an attorney-client privilege with Vizzi. The City has confirmed that it will not seek to ask any questions regarding the communications between Vizzi and Govan-Smith outside the presence of the City employees, nor any opinions, legal conclusions, mental impressions or legal theories.

Additionally, statements made or not made by Mr. Vizzi at the inspection are subject to hearsay objections. Any attempt by City witnesses to testify at trial regarding what Mr. Vizzi said are subject to exclusion. Mr. Vizzi's testimony is the only means to overcome this objection. Similarly, he is the only witness who can overcome a hearsay objection regarding statements he made during a telephone call that he had with Fire Department Inspector Wong, agreeing to a same day inspection.

Mr. Vizzi was the only non-party individual present at that inspection. All others present on May 1, 2024, are named parties in this litigation in which either side disputes consent. The City employees who have been named as defendants in their official capacity assert that consent for the inspection was given and Govan-Smith testified that it was not. All parties have already been deposed in this litigation and have raised conflicting factual statements. There are no other non-interested or non-party witnesses to question regarding consent for the inspection. The City took the depositions of all other available witnesses disclosed by Defendant who worked at or were tenants at 1742 Yosemite Avenue, all of whom confirmed they were not present for the May 1, 2024, inspection. Accordingly,

the City has taken a reasonable, diligent effort to obtain the information from alternative sources before seeking to depose Mr. Vizzi. *Boughton v. Cotter Corp.,* 65 F.3d 823, 830-831 (10th Cir. 1995).

Defendant has not provided authority to substantiate the claim that the limited questions will call for attorney-client privileged communications. By refusing to appear for deposition at all, Vizzi essentially asserts that there is no question that can be asked that would not constitute attorney-client privilege or work product. This is nonsensical; he was present and had communications with City employees who are not his clients.

The City requests the Court order Mr. Vizzi's deposition to proceed.

**Vizzi's Position:**

The City's position is based upon misapprehension of Mr. Vizzi's role as a lawyer in this case (asserting generic labels such as "criminal defense" lawyer) and the law they rely on. The disruption and threat deposing Mr. Vizzi would have on the attorney client relationship cannot be understated; they city seeks to depose him about what he saw while undertaking observations at on behalf of his client (the Plaintiff) discouraging lawyers from being present on behalf of their client. Moreover, the illogical nature of asserting Mr. Vizzi's role as counsel in this case is not at issue is evident; the City seeks to depose him about his role in this very case and no other.

And this is all buttressed by the City with a misarticulation of the law; As Magistrate Judge Ryu has stated in a published Federal Rules Decision, "concerns [regarding deposing a party's attorney] are less pronounced when…the subject matter of the deposition of opposing counsel is not his conduct in the pending case *but his percipient knowledge of the events surrounding a prior concluded litigation*." *ATS Prods. v. Champion Fiberglass, Inc.*(Cal N. Dist., 2015) 309 F.R.D. 527, 532.

In the *ATS* case Magistrate Judge Ryu found an attorney a party sought to depose could be deposed because he "is former counsel, not current opposing counsel, and Plaintiff ***seeks to depose***

***him regarding matters pertaining to Ghiorso, a prior matter***. Therefore, [the attorney who's deposition is sought] is simply a percipient witness, and the court's order regarding Marc Shea [a lawyer the court did NOT permit the deposition of] is distinguishable." Id.

Here, Mr. Vizzi was hired by the client to advise on the very set of facts that are at issue here. An attorney merely present to observe for his client is now made a witness under the incorrect assumption that he is the only non-interested party.

Mr. Vizzi is not disinterested, he has every interest in defending Plaintiff's position. Moreover, the city readily admits there are a handful of other government witnesses that can testify to whatever they claim Mr. Vizzi heard.

A land of ice would cover the attorney client relationship if an attorney's presence were all that is necessary to force him to testify about what he heard and observed.

The city also attempts to justify drawing Mr. Vizzi into a deposition relying on the incorrect legal statement that the city fire inspector Wong's testimony about what he heard from Mr. Vizzi regarding consent is hearsay and thus making Mr. Vizzi's testimony necessary; but what a witness heard regarding consent is not hearsay because expressions of consent to show that consent was expressed are not hearsay. See, *United States v. Aikins*, 946 F2d 608, 614 (9th Cir 1990) (holding that expression of "consent was not hearsay but a verbal act."), *Parvin v. CNA Fin. Corp***.** (Oregon Dist, 2013) 2013 U.S. Dist. LEXIS 143654, *10, *United States v. Mena*, 863 F2d 1522, 1531 (11th Cir. 1989) ("The portion of the document explicitly granting consent to board the [ship] is not hearsay at all; but rather a verbal act...").

Under federal discovery law, it is generally impermissible to depose an opposing attorney when there are other available witnesses who can provide the same information *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, *Smith-Bunge v. Wis. Cent.*, Ltd., 946 F.3d 420. Under Ninth Circuit federal discovery law, it is also generally impermissible to depose

opposing counsel when there are other available witnesses who can provide the same information *DiLorenzo v. Costco Wholesale Corp.*, 243 F.R.D. 413, *Massachusetts Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472. There is no rule as the city asserts that if the attorney is not an interested person, he can be deposed; Mr. Vizzi continues to be the Plaintiff's counsel concerning this very matter, the subject to be covered is that at issue in this case and there are city employees that can readily testify to whatever the city seeks to introduce. Buttressing their witnesses by embarrassing an attorney and compelling him to testify against his client to the same facts the city's witnesses can testify to is not an exception.

Although the Federal Rules of Civil Procedure do not explicitly prohibit deposing an attorney and technically allow the deposition of "any person" *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, *Rainbow Investors Group v. Fuji Trucolor*, 168 F.R.D. 34, *Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, federal courts strongly disfavor the practice because it disrupts the adversarial system, threatens the attorney-client relationship, and increases litigation costs *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, *Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman* (In re Subpoena Issued to Dennis Friedman), 350 F.3d 65.

To protect against this practice, courts will routinely block attorney depositions under USCS Fed Rules Civ Proc R 26(c) if the seeking party has failed to exhaust other available avenues of discovery *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, *Boughton v. Cotter Corp.*, 65 F.3d 823.

The Ninth Circuit uniformly follow the three-part test established by the Eighth Circuit in *Shelton v. American Motors Corp. DiLorenzo v. Costco Wholesale Corp.*, 243 F.R.D. 413, *Massachusetts Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472. Under the widely followed *Shelton* test, a party is permitted to depose opposing counsel only if they can demonstrate that:

1. No other means exist to obtain the information than to depose opposing counsel;

2. The information sought is relevant and nonprivileged; and
3. The information is crucial to the preparation of the case *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, *Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340.

If other witnesses are available to provide the same information, the first prong of the *Shelton* test is not met, and the deposition will not be allowed *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, *Smith-Bunge v. Wis. Cent., Ltd.*, 946 F.3d 420. For example, a party cannot depose opposing counsel to discover the substance of conversations with employees or to explore motives behind an employment action if the party could simply depose the employees themselves *Smith-Bunge v. Wis. Cent., Ltd.*, 946 F.3d 420; *Smith-Bunge* is particularly instructive as the same justification offered here (Mr. Vizzi would confirm the testimony of those that are available to testify) was rejected by the court. Similarly, a party may not depose opposing counsel to identify or discover the existence of corporate documents when other non-attorney corporate officials are available to testify on the matter *Shelton v. Am. Motors Corp.*, 805 F.2d 1323.

The *Shelton* test is the primary framework followed by multiple federal circuits. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, *Alcon Labs., Inc. v. Pharmacia Corp.*, 225 F. Supp. 2d 340, Boughton v. Cotter Corp., 65 F.3d 823. In circuits adhering to the strict *Shelton* rule, the three-part test operates as a strict prerequisite. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, *Boughton v. Cotter Corp.*, 65 F.3d 823. A court has the discretion to issue a protective order under Rule 26(c) to block a deposition if any one of the three criteria is not met. *Boughton v. Cotter Corp.*, 65 F.3d 823. In these jurisdictions, a party must make a reasonable, diligent effort to obtain the information from alternative sources before seeking to depose an attorney *Boughton v. Cotter Corp.*, 65 F.3d 823 and this includes deposing its city employees that are witnesses to the very facts the city seeks to prove.

Regardless of the specific framework applied, federal courts uniformly regard attorney depositions with skepticism and will protect the adversarial process by restricting such discovery when the information can be secured through other witnesses *Smith-Bunge v. Wis. Cent.*, Ltd., 946 F.3d 420; *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Friedman* (*In re Subpoena Issued to Dennis Friedman*), 350 F.3d 65.

And independent of the attorney's status, Federal Rule of Civil Procedure 26(b)(2)(C) directs courts to limit discovery if it is obtainable from another source that is more convenient, less burdensome, or less expensive *Nidec Corp. v. Victor Co.*, 249 F.R.D. 575. In alignment with this rule, Ninth Circuit discovery principles dictate that a party is only entitled to opinion work product or materials prepared in anticipation of litigation upon a heightened showing of necessity and unavailability of the information by other means *McKenzie v. McCormick*, 27 F.3d 1415, *Navajo Nation v. Norris*, 331 F.3d 1041.

Lastly, on the issue of the privilege. The city simplifies the issue by asserting they only seek to ask Mr. Vizzi what he heard but that necessarily will call for him to express his mental impressions or will give them away. And the import of what he saw and how he came about to see it or hear it may necessitate he discuss attorney client privilege information to provide contextually accurate answer.

/ / /

/ / /

/ / /

Dated: November 6, 2026

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
WADE CHOW
Chief Attorney
Code Enforcement Team
SABRINA M. BERDUX
Deputy City Attorney

By: */S/ Sabrina M. Berdux*
SABRINA M. BERDUX

Attorneys for Plaintiffs
CITY AND COUNTY OF SAN FRANCISCO and
PEOPLE OF THE STATE OF CALIFORNIA

Dated: November 6, 2026

LAW OFFICES OF J. DAVID NICK, APLC

By: ** */S/ J. David Nick*

J. DAVID NICK

Attorneys for Defendant
EAN VIZZI

***Pursuant to L.R. 5-1(h)(3), the electronic signatory attests that each of the other Signatories have concurred in the filing of this document.*

Dated: November 6, 2026

MURRAY & ASSOCIATES

By: ** *Lawrence Murray*
LAWRENCE MURRAY

Attorneys for Defendant
ANDREW GOVAN-SMITH

***Pursuant to L.R. 5-1(h)(3), the electronic signatory attests that each of the other Signatories have concurred in the filing of this document.*

**PROOF OF SERVICE**

I, CARMEN GUO, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Seventh Floor, San Francisco, CA 94102.

On November 6, 2026, I served the following document(s):

**JOINT DISCOVERY LETTER RE: DEPOSITION OF EAN VIZZI**

on the following person(s) at the locations specified:

J. David Nick, Esq.
345 Franklin Street
San Francisco, CA 94102
jdavidnick@jdnlawaplc.com
*(Attorney for Ean Vizzi)*

in the manner indicated below:

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed above. Such document(s) were transmitted *via* electronic mail from the electronic address: carmen.guo@sfcityatty.org ☒ in portable document format ("PDF") Adobe Acrobat or ☐ in Word document format. OR

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed November 6, 2026, at San Francisco, California.

*/s/ Carmen Guo*
CARMEN GUO

4904-4956-8222, v. 2