UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

Plaintiffs,

v.

ANDREW GOVAN-SMITH REVOCABLE TRUST, et al.,

Defendants.

Case No. 25-cv-04942-SK

**ORDER REGARDING DISCOVERY DISPUTE**

Regarding Docket No. 79

Defendants bring this motion to compel the deposition of Ean Vizzi. Vizzi, a lawyer, opposes this motion on the grounds that he is a lawyer to Andrew Govan-Smith, a party in this litigation. The City and County of San Francisco ("San Francisco")[1] argues that it does not seek attorney-client privileged communications or attorney work product but seeks to depose Vizzi only "to investigate whether permission was granted for the inspection" that forms the basis of Govan-Smith's claim under 42 U.S.C. §1983 for violation of his Fourth Amendment rights. (Dkt. No. 79.) San Francisco claims that its "employees have testified that permission [to inspect] was granted," but Govan-Smith "has testified that he did not give consent." (Dkt. No. 79.) San Francisco claims that Vizzi was present for the inspections at issue and made comments to San Francisco's employees both before and during the inspection, that Vizzi made statements to Govan-Smith in the presence of third parties, and that Vizzi was a witness to statements made by the San Francisco's employees and Govan-Smith. (Dkt. No. 79.)

A party asserting the attorney-client privilege bears the burden of showing the existence of the attorney-client privilege. *U.S. v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002.) Here, Vizzi

[1] There are also cross-defendants in this action, also represented by counsel to San Francisco.

United States District Court
Northern District of California

fails to meet that burden. Vizzi is not counsel of record in this action, and Defendants assert that Govan-Smith identified Vizzi only as a "friend" in Govan-Smith's deposition. (Dkt. No. 79.) Vizzi has provided no evidence that he was Govan-Smith's lawyer, acting in that capacity at the time of the disputed inspections to dispute the testimony that Vizzi was Govan-Smith's friend. The failure to meet this burden is an independent reason to grant this motion to compel Vizzi's deposition, but the Court also analyzes the issue as if Vizzi has met his burden to establish the attorney-client relationship.

Under *Shelton v. American Motors Corp*., 805 F.2d 1323 (8th Cir. 1986), there is a three-part test to determine whether a party may take discovery from an attorney for the opponent. First, the party must show that there is no other way to obtain the information other than by deposing the lawyer for the opposing party. *Id*. at 1327. Second, the information must be relevant and nonprivileged. *Id*. Third, the information must be crucial to the preparation of the case. *Id*.

Here, San Francisco argues that there is no other way to obtain the information about Vizzi's statements to its employees both before and during the inspection. Vizzi argues that the hearsay exception overcomes any concern about the admissibility of his statements and thus that the employees can testify about his statements to them. However, Vizzi is not in a position to concede the hearsay issue on behalf of Govan-Smith, and Govan-Smith has not conceded that any statements by Vizzi to San Francisco's employees are covered by a hearsay exception. More importantly, Govan-Smith has not conceded that the testimony about Vizzi's statements is accurate. Thus, San Francisco cannot obtain this information from other sources, and the first prong is met.

Second, the information is relevant, as it goes to the heart of San Francisco's argument that it received permission for the inspections. Also, San Francisco seeks non-privileged information, i.e., Vizzi's statements made to San Francisco's employees or made to his own client in the presence of third parties at the inspection. Third, the information is critical to the preparation for the case, as noted above, because it goes to the heart of San Francisco's argument that it had permission for the inspections.

/ / /

/ / /

United States District Court
Northern District of California

The Court thus GRANTS San Francisco's motion to compel the deposition of Ean Vizzi about his statements to San Francisco's employees both before and during the inspections, Vizzi's statements made to Govan-Smith if made during the presence of third parties, and the statements and actions of any person during the inspections.

**IT IS SO ORDERED**.

Dated: November 10, 2026

SALLIE KIM
United States Magistrate Judge